SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130
E mail ghurley@sheppardmullin.com

Attorneys for Defendant
TICKETMASTER L.L.C. (erroneously sued as TICKETMASTER ENTERTAINMENT, INC.)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ, <br><br> Plaintiff, <br><br> v. <br><br> FORTY NINERS FOOTBALL COMPANY, LLC, a Delaware limited liability company; FORTY NINERS SC STADIUM COMPANY, LLC, a Delaware limited liability company; NATIONAL FOOTBALL LEAGUE; CITY OF SANTA CLARA; SANTA CLARA STADIUM AUTHORITY; TICKETMASTER ENTERTAINMENT, INC.; FORTY NINERS STADIUM MANAGEMENT COMPANY LLC; and DOES 1-10, Inclusive,, <br><br> Defendants. | Case No. 5:16-cv-07013-LHK <br> The Hon. Hon. Lucy H. Koh <br><br> **DEFENDANT TICKETMASTER L.L.C.'S (erroneously sued as TICKETMASTER ENTERTAINMENT, INC.) ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** <br><br><br> Action Filed: December 30, 2016 <br> Trial Date: None Set |

# ANSWER TO COMPLAINT

Defendant Ticketmaster L.L.C. (erroneously sued as Ticketmaster Entertainment, Inc.), ("Defendant"), in answer to Plaintiffs Abdul Neverez and Priscilla Neverez' (hereinafter "Plaintiffs") Complaint, admits, denies and alleges as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant denies each and every allegation.

2. Answering Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

3. Answering Paragraph 3 of the Complaint, Defendant denies each and every allegation.

## JURISDICTION AND VENUE

4. Answering Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5. Answering Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6. Answering Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## PARTIES

7. Answering Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

8. Answering Paragraph 8 of the Complaint, Defendant admits only that

tickets to the stadium are available through Ticketmaster. As to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

9. Answering Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10. Answering Paragraph 10 of the Complaint, Defendant denies each and every allegation.

## FACTUAL ALLEGATIONS

11. Answering Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12. Answering Paragraph 12 of the Complaint, Defendant denies each and every allegation.

13. Answering Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

14. Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

15. Answering Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

16. Answering Paragraph 16 of the Complaint, Defendant admits only that Plaintiffs bought tickets online through Ticketmaster for the April 18, 2015 Supercross event. As to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

17. Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

18. Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

19. Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

20. Answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

21. Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

22. Answering Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

23. Answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

24. Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

25. Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

26. Answering Paragraph 26 of the Complaint, Defendant is without

sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

27. Answering Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

28. Answering Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

29. Answering Paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

30. Answering Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

31. Answering Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

32. Answering Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

33. Answering Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

34. Answering Paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

35. Answering Paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the

allegations, and on that basis, denies each and every allegation.

36. Answering Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37. Answering Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38. Answering Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39. Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation.

40. Answering Paragraph 40 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

41. Answering Paragraph 41 of the Complaint, Defendant denies each and every allegation.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE ADA, TITLE III**
**[42 U.S.C. §§ 12101 *et seq.*]**
**(As to Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ against all Defendants)**

42. Answering Paragraph 42 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 41 of this Answer as set forth above.

43. Answering Paragraph 43 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

44. Answering Paragraph 44 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

45. Answering Paragraph 45 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

46. Answering Paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

47. Answering Paragraph 47 of the Complaint, Defendant denies each and every allegation.

48. Answering Paragraph 48 of the Complaint, Defendant denies each and every allegation.

49. Answering Paragraph 49 of the Complaint, Defendant denies each and every allegation.

50. Answering Paragraph 50 of the Complaint, Defendant denies each and every allegation.

51. Answering Paragraph 51 of the Complaint, Defendant denies each and every allegation.

52. Answering Paragraph 52 of the Complaint, Defendant denies each and every allegation.

53. Answering Paragraph 53 of the Complaint, Defendant denies each and every allegation.

54. Answering Paragraph 54 of the Complaint, Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION:
### VIOLATION OF THE ADA, TITLE II [42 USC §§ 12201 *et seq.*]
(As to Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ against defendants CITY and STADIUM AUTHORITY only)

55. Answering Paragraph 55 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 54 of this Answer as set forth above.

56. Answering Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57. Answering Paragraph 57 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

58. Answering Paragraph 58 of the Complaint, Defendant denies each and every allegation.

59. Answering Paragraph 59 of the Complaint, Defendant denies each and every allegation.

60. Answering Paragraph 60 of the Complaint, Defendant denies each and every allegation.

61. Answering Paragraph 61 of the Complaint, Defendant denies each and every allegation.

## THIRD CAUSE OF ACTION:
## VIOLATION OF THE REHABILITATION ACT OF 1973
## [29 U.S.C. § 794]
## (As to Plaintiff ABDUL NEVAREZ only against
## defendants CITY and STADIUM AUTHORITY only)

62. Answering Paragraph 62 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 61 of this Answer as set forth above..

63. Answering Paragraph 63 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

64. Answering Paragraph 64 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

65. Answering Paragraph 65 of the Complaint, Defendant denies each and

every allegation.

66. Answering Paragraph 66 of the Complaint, Defendant denies each and every allegation.

67. Answering Paragraph 67 of the Complaint, Defendant denies each and every allegation.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135**
**(As to Plaintiff ABDUL NEVAREZ only against**
**defendants CITY and STADIUM AUTHORITY only)**

68. Answering Paragraph 68 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 67 of this Answer as set forth above.

69. Answering Paragraph 69 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

70. Answering Paragraph 70 of the Complaint, Defendant denies each and every allegation.

71. Answering Paragraph 71 of the Complaint, Defendant denies each and every allegation.

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA DISABLED PERSONS ACT**
**[Cal. Civil Code §§ 54 *et seq.* and**
**California Health and Safety Code §§ 19955 *et seq.*]**
**(As to Plaintiff ABDUL NEVAREZ and PRISCILLA NEVAREZ against all**
**Defendants but as to ABDUL NEVAREZ only**
**as to Health & Safety Code §§ 19955 *et seq.*)**

72. Answering Paragraph 72 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 71 of this Answer as set forth above.

73. Answering Paragraph 73 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

74. Answering Paragraph 74 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

75. Answering Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

76. Answering Paragraph 76 of the Complaint, Defendant denies each and every allegation.

77. Answering Paragraph 77 of the Complaint, Defendant denies each and every allegation.

78. Answering Paragraph 78 of the Complaint, Defendant denies each and every allegation.

79. Answering Paragraph 79 of the Complaint, Defendant denies each and every allegation.

80. Answering Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81. Answering Paragraph 81 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

82. Answering Paragraph 82 of the Complaint, Defendant denies each and every allegation.

83. Answering Paragraph 83 of the Complaint, Defendant denies each and every allegation.

84. Answering Paragraph 84 of the Complaint, Defendant denies each and every allegation.

/ / /

/ / /

# SIXTH CAUSE OF ACTION:
# VIOLATION OF UNRUH CIVIL RIGHTS ACT
# [Cal. Civil Code §§ 51 *et seq.*]
# (As to both Plaintiffs ABDUL NEVAREZ and
# PRISCILLA NEVAREZ against all Defendants)

85. Answering Paragraph 85 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 84 of this Answer as set forth above.

86. Answering Paragraph 86 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

87. Answering Paragraph 87 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

88. Answering Paragraph 88 of the Complaint, Defendant denies each and every allegation.

89. Answering Paragraph 89 of the Complaint, Defendant denies each and every allegation.

90. Answering Paragraph 90 of the Complaint, Defendant denies each and every allegation.

In addition, Defendants assert the following affirmative defenses with respect to all of Plaintiffs' claims and causes of action.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. Plaintiffs lack standing to pursue their alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy the "injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question. *Wilson v. Kayo Oil Company*, 535 F.Supp.2d 1063, 1070 (S.D. Cal. 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that he intends to return to the facility."). Here, Plaintiffs lack standing to pursue their alleged claims because, among other reasons, they are not bona fide patrons, they allege barriers not related to their disability, they are not disabled, and/or they do not intend to return to the subject property and/or utilize Defendant's services or goods.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3. Plaintiffs' claims are barred to the extent that they are based on visits to the subject facility and/or utilization of Defendant's services or goods more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. § 335.1; *see*, *e.g.*, *Californians for Disability Rights, Inc. v. California Dept. of Transp.*, 2009 WL 2982840, *1 (N.D. Cal. 2009) (California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California).

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4. The purported barriers provide effective access to Plaintiffs. Even if the features alleged in the Complaint did not comply with applicable access

standards, the features nonetheless provided effective access to Plaintiffs because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiffs were able to use and access the features.

### FIFTH AFFIRMATIVE DEFENSE
(Removal of Architectural Barriers Was Not Readily Achievable)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

### SIXTH AFFIRMATIVE DEFENSE
(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

6. Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations," including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible. 28 C.F.R. § 36.402.

### SEVENTH AFFIRMATIVE DEFENSE
(Defendant Provided Services Via Alternative Methods)

7. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiffs' alleged disability by providing access via "alternative methods" other than the removal of alleged barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiffs

overcome/deal with any of the barriers alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
(Unclean Hands)

8. Plaintiffs' claims are barred under the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
(Technically Infeasible)

9. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## TENTH AFFIRMATIVE DEFENSE
(Undue Burden)

10. Insofar as Defendant has not made alterations to the facilities at issue, which Plaintiffs contend should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

11. Plaintiffs are estopped by their conduct from recovering any relief under the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
(Waiver)

12. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

13. Plaintiffs failed to properly mitigate their alleged damages and therefore are precluded from recovering those alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Indispensable Party)

14. Plaintiffs' alleged claims are barred, in whole or in part, because of their failure to name an indispensable party or parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

15. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

16. The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant because any action taken with respect to Plaintiffs were for legitimate, non-discriminatory business reasons unrelated to Plaintiffs' alleged disability or other asserted protected status.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Damages)

17. Defendant is informed and believed and based thereon allege that Plaintiffs have not suffered any damage as a result of any actions taken by Defendant, and Plaintiffs are thereby barred from asserting any such claim against Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

18. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiffs are barred, in whole or

in part, from any recovery in this action.

### NINETEENTH AFFIRMATIVE DEFENSE

(Mootness)

19. Plaintiffs' claims are barred under the doctrine of mootness.

### TWENTIETH AFFIRMATIVE DEFENSE

(Lack of Notice)

20. Plaintiffs' claims are barred because Plaintiffs failed to provide any notice to Defendant regarding the alleged accessibility issues prior to filing this lawsuit.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

21. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

22. Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant have an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Arbitration)

23. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because this lawsuit and/or all of Plaintiffs' claims against Defendant are subject to mandatory arbitration and Plaintiffs' claims cannot properly be adjudicated in this forum.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

24. Plaintiffs' claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities, but Plaintiffs never sought or requested any such accommodations.

### PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiffs take nothing by way of their Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated: January 19, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ *Gregory F. Hurley*
           GREGORY F. HURLEY

Attorneys for Defendant
TICKETMASTER L.L.C. (erroneously sued as TICKETMASTER ENTERTAINMENT, INC.)

/ / /
/ / /
/ / /
/ / /
/ / /

# **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated: January 19, 2017

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


        By        /s/ *Gregory F. Hurley*
                   GREGORY F. HURLEY

                   Attorneys for Defendant
        TICKETMASTER L.L.C. (erroneously sued as
        TICKETMASTER ENTERTAINMENT, INC.)