1  MATTHEW S. CONANT, SBN 94920
   msc@llcllp.com
2  MARIA M. LAMPASONA, SBN 259675
   mlampasona@llcllp.com
3  ALEXEI N. OFFILL-KLEIN, SBN 288448
   aoffillklein@llcllp.com
4  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
5  1999 Harrison Street, Suite 2600
   Oakland, CA  94612-3541
6  Telephone:     (510) 433-2600
   Facsimile:     (510) 433-2699
7
   Attorneys for Defendants FORTY NINERS
8  FOOTBALL COMPANY LLC, FORTY NINERS
   SC STADIUM COMPANY LLC, FORTY
9  NINERS STADIUM MANAGEMENT
   COMPANY LLC, CITY OF SANTA CLARA,
10 SANTA CLARA STADIUM AUTHORITY

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14

15  ABDUL NEVAREZ, PRISCILLA            Case No.  5:16-cv-07013-LHK
    NEVAREZ, and SEBASTIAN
16  DEFRANCESCO, on behalf of themselves  **DEFENDANTS FORTY NINERS FOOTBALL
    and all others similarly situated,   COMPANY LLC, FORTY NINERS SC
17                                        STADIUM COMPANY LLC, FORTY NINERS
                    Plaintiffs,           STADIUM MANAGEMENT COMPANY LLC,
18                                        CITY OF SANTA CLARA, AND SANTA
        v.                                CLARA STADIUM AUTHORITY'S ANSWER
19                                        TO PLAINTIFFS' THIRD AMENDED
    FORTY NINERS FOOTBALL                 COMPLAINT**
20  COMPANY, LLC, et al.,

21                    Defendants.

22        Defendants FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC

23  STADIUM COMPANY LLC, FORTY NINERS STADIUM MANAGEMENT COMPANY

24  LLC, CITY OF SANTA CLARA, and SANTA CLARA STADIUM AUTHORITY

25  ("defendants") answer the Third Amended Complaint of Plaintiffs ABDUL NEVAREZ,

26  PRISCILLA NEVAREZ, and SEBASTIAN DEFRANCESCO ("plaintiffs") as follows:

27  / / /

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

## I.    INTRODUCTION

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one and on that basis deny them.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two and on that basis deny them.

3.     Defendants deny the allegations contained in paragraph three.

## II.    JURISDICTION AND VENUE

4.     Defendants admit that federal question jurisdiction is proper based on the allegations of the Complaint.

5.     Defendants admit that venue is proper based on the allegations of the Complaint.

6.     Defendants admit that venue is proper based on the allegations of the Complaint.

## III.    PARTIES

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven and on that basis deny them.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight and on that basis deny them.

9.     Defendants deny all of the allegations in paragraph nine except as expressly admitted herein.  Defendants admit that Santa Clara Stadium Authority owns Levi's Stadium, located at 4900 Marie P. DeBartolo Way in Santa Clara, California, and admit that City of Santa Clara owns the real property on which the Stadium is located.  Defendants contend that Forty Niners Stadium Management Company LLC manages and operates the stadium on behalf of Santa Clara Stadium Authority.  Defendants contend that the City of Santa Clara leases the real property, not the Stadium, to the Santa Clara Stadium Authority.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten and on that basis deny them.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven and on that basis deny them.

12.     Defendants deny the allegations contained in paragraph twelve.

ANSWER TO PLAINTIFFS' THIRD
AMENDED COMPLAINT
CASE NO. 5:16-CV-07013-LHK

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

# IV.     FACTUAL ALLEGATIONS

13.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph thirteen, and on that basis deny them, except that defendants admit that the Stadium is a "public accommodation" as that term is defined in 42 U.S.C. 12181(7), and a "business establishment" as that term is defined in the Unruh Civil Rights Act.

14.     Defendants admit that the Stadium was constructed after March 15, 2012, but are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph fourteen, and on that basis deny them.

15.     Defendants deny all of the allegations contained in paragraph fifteen, except that defendants admit that multiple parking lots are offered in the City of Santa Clara.

16.     Defendants deny the allegations contained in paragraph sixteen.

17.     Defendants deny the allegations contained in paragraph seventeen.

18.     Defendants deny the allegations contained in paragraph eighteen.

19.     Defendants deny the allegations contained in paragraph nineteen.

20.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty beginning with "Plaintiff" and ending with "two years," and on that basis deny them. Defendants deny the remaining allegations in paragraph twenty.

21.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-one beginning with "Plaintiff" and ending with "her husband Mr. Nevarez," and on that basis deny them. Defendants deny the remaining allegations in paragraph twenty-one.

22.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-two, and on that basis deny them.

23.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-three, and on that basis deny them.

24.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-four, and on that basis deny them.

25.     Defendants deny the allegations in paragraph twenty-five beginning with "The

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Stadium had" and ending with "are located." Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph twenty-five, and on that basis deny them.

26. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-six, and on that basis deny them.

27. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-seven, and on that basis deny them.

28. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-eight, and on that basis deny them.

29. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-nine, and on that basis deny them.

30. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph thirty, and on that basis deny them.

31. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph thirty-one, and on that basis deny them.

32. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph thirty-two, and on that basis deny them.

33. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph thirty-three, and on that basis deny them.

34. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph thirty-four beginning with "On or about" and ended with "Ticketmaster.com website for the event," and on that basis deny them. Defendants deny the remaining allegations in paragraph thirty-four.

35. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph thirty-five, and on that basis deny them.

36. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph thirty-six, and on that basis deny them.

37. Defendants are without sufficient information to form a belief as to the truth of the

allegations in paragraph thirty-seven, and on that basis deny them.

38.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph thirty-eight, and on that basis deny them.

39.     Defendants deny that the allegations in paragraph thirty-nine beginning with "Gate entries" and ending with "for a wheelchair." Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph thirty-nine, and on that basis deny them,

40.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph forty, and on that basis deny them.

41.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph forty-one, and on that basis deny them.

42.     Defendants deny the allegations in paragraph forty-two that "the elevator" was "still not marked/signed appropriately." Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph forty-two, and on that basis deny them.

43.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph forty-three, and on that basis deny them.

44.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph forty-four, and on that basis deny them.

45.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph forty-five, and on that basis deny them.

46.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph forty-six, and on that basis deny them.

47.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph forty-seven, and on that basis deny them.

48.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph forty-eight, and on that basis deny them.

49.     Defendants are without sufficient information to form a belief as to the truth of the

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    allegations in paragraph forty-nine, and on that basis deny them.

2        50.    Defendants are without sufficient information to form a belief as to the truth of the

3    allegations in paragraph fifty, and on that basis deny them.

4        51.    Defendants deny the allegations in paragraph fifty-one.

5        52.    Defendants deny the allegations in paragraph fifty-two.

6        53.    Defendants deny the allegations in paragraph fifty-three beginning with "Plaintiff"

7    and ending with "through Stadium doorways."  Defendants are without sufficient information to

8    form a belief as to the truth of the remaining allegations in paragraph fifty-three, and on that basis

9    deny them.

10       54.    Defendants deny the allegations in paragraph fifty-four.

11       55.    Defendants deny the allegations in paragraph fifty-five.

12       56.    Defendants deny the allegations in paragraph fifty-six.

13       57.    Defendants are without sufficient information to form a belief as to the truth of the

14   allegations in paragraph fifty-seven, and on that basis deny them.

15       58.    Defendants deny the allegations in paragraph fifty-eight.

16       59.    Defendants are without sufficient information to form a belief as to the truth of the

17   allegations in paragraph fifty-nine, and on that basis deny them.

18       60.    Defendants are without sufficient information to form a belief as to the truth of the

19   allegations in paragraph sixty, and on that basis deny them.

20       61.    Defendants are without sufficient information to form a belief as to the truth of the

21   allegations in paragraph sixty-one, and on that basis deny them.

22                              V.    **CLASS ALLEGATIONS**

23       62.    Defendants deny the allegations in paragraph sixty-two, and deny that plaintiffs

24   are entitled to class certification.

25       63.    Defendants deny the allegations in paragraph sixty-three, and deny that plaintiffs

26   are entitled to class certification.

27       64.    Defendants deny the allegations in paragraph sixty-four, and deny that plaintiffs

28   are entitled to class certification.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

65.     Defendants deny the allegations in paragraph sixty-five, and deny that plaintiffs are entitled to class certification.

66.     Defendants deny the allegations in paragraph sixty-six, and deny that plaintiffs are entitled to class certification.

67.     Defendants deny the allegations in paragraph sixty-seven, and deny that plaintiffs are entitled to class certification.

68.     Defendants deny the allegations in paragraph sixty-eight, and deny that plaintiffs are entitled to class certification.

69.     Defendants deny the allegations in paragraph sixty-nine, and deny that plaintiffs are entitled to class certification.

70.     Defendants deny the allegations in paragraph seventy, and deny that plaintiffs are entitled to class certification.

71.     Defendants deny the allegations in paragraph seventy-one, and deny that plaintiffs are entitled to class certification.

72.     Defendants deny the allegations in paragraph seventy-two, and deny that plaintiffs are entitled to class certification.

73.     Defendants deny the allegations in paragraph seventy-three, and deny that plaintiffs are entitled to class certification.

74.     Defendants deny the allegations in paragraph seventy-four, and deny that plaintiffs are entitled to class certification.

75.     Defendants deny the allegations in paragraph seventy-five, and deny that plaintiffs are entitled to class certification.

## FIRST CLAIM

## VIOLATION OF THE ADA, TITLE III

**(Against all Defendants except the City of Santa Clara and the Santa Clara Stadium Authority)**

Defendants Santa Clara Stadium Authority and City of Santa Clara state no answer or defense to the first claim in the Complaint, as the first claim does not allege a claim for relief

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    against said defendants.

2        76.    Defendants Forty Niners Football Company LLC, Forty Niners SC Stadium

3    Company LLC, and Forty Niners Stadium Management Company LLC ("Forty Niners

4    Defendants") incorporate their responses to the allegations contained in paragraphs one through

5    seventy-five above in answer to the allegations contained in paragraph seventy-six.

6        77.    Forty Niners Defendants contend that paragraph seventy-seven inaccurately cite

7    the current iteration of the statute, but do not otherwise admit or deny this legal conclusion, to

8    which no response is necessary.

9        78.    Forty Niners Defendants contend that no response to the legal conclusion in

10   paragraph seventy-eight is necessary.

11       79.    Forty Niners Defendants admit that the Stadium constitutes a "public

12   accommodation" for purposes of 42 U.S.C. § 12181(7), but deny the remaining allegations in

13   paragraph seventy-nine.

14       80.    Forty Niners Defendants do not admit or deny the legal conclusion beginning with

15   "The ADA states that" and ending with "if such methods are readily achievable," for which no

16   response is necessary, but deny the allegations in paragraph eighty beginning with "The acts and

17   omissions" and ending with "28 CFR Part 36 *et seq*."

18       81.    Forty Niners Defendants admit that the Stadium was constructed after January 26,

19   1993.  Forty Niners Defendants are without sufficient information to form a belief as to the truth

20   of the remaining allegations in paragraph eighty-one, and on that basis deny them, aside from the

21   allegation beginning with "Here, Defendants violated" and ending with "to do so," which

22   allegation Forty Niners Defendants specifically deny.

23       82.    Forty Niners Defendants do not admit or deny the legal conclusion in paragraph 82

24   beginning with "The ADA" and ending with "alter their nature," to which no response is required.

25   Defendants deny the allegations beginning with "Here, Defendants violated" and ending "with

26   mobility disabilities."

27       83.    Forty Niners Defendants deny the allegations in paragraph eighty-three.

28       84.    Forty Niners Defendants deny the allegations in paragraph eighty-four.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

85.    Forty Niners Defendants deny the allegations in paragraph eighty-five.

86.    Forty Niners Defendants deny the allegations in paragraph eighty-six.

### SECOND CLAIM

### VIOLATION OF THE ADA, TITLE II

### (42 U.S.C. § 12201, et seq.)

### (Against the City of Santa Clara and the Santa Clara Stadium Authority)

Forty Niners Defendants state no answer or defense to the second claim in the Complaint, as it does not allege a claim for relief against said defendants.

87.    Defendants City of Santa Clara and Santa Clara Stadium Authority ("Santa Clara Defendants") incorporate their responses to the allegations contained in paragraphs one through eighty-six above in answer to the allegations contained in paragraph eighty-seven.

88.    The allegations contained in paragraph eighty-eight are conclusions of law to which no response is required.

89.    Santa Clara Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph eighty-nine, and on that basis deny them.

90.    Santa Clara Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph ninety, and on that basis deny them.

91.    Santa Clara Defendants admit that some portions of the premises owned, operated, or administered by said defendants may fall within the purview of the 2010 ADA Accessibility Standards.  Santa Clara Defendants deny the remaining allegations in paragraph ninety-one.

92.    Santa Clara Defendants deny the allegations contained in paragraph ninety-two.

93.    Santa Clara Defendants deny the allegations contained in paragraph ninety-three.

94.    Santa Clara Defendants deny the allegations contained in paragraph ninety-four.

95.    Santa Clara Defendants deny the allegations contained in paragraph ninety-five.

### THIRD CLAIM

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### (Cal. Civil Code § 51, et seq.)

### (Against all Defendants)

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

96.     Defendants incorporate their responses to the allegations contained in paragraphs one through ninety-five above in answer to the allegations contained in paragraph ninety-six.

97.     The allegations contained in paragraph ninety-seven are conclusions of law to which no response is required.

98.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph ninety-eight, and on that basis deny them.

99.     Defendants deny the allegations in paragraph ninety-nine.

100.    Defendants deny the allegations in paragraph one hundred.

101.    Defendants deny the allegations contained in paragraph one hundred and one.

102.    Defendants deny the allegations contained in paragraph one hundred and two.

103.    In response to paragraph 103, defendants deny that improvement was legally required. To the extent it was required, defendants deny that the features, policies, and procedures have not improved.

104.    Defendants deny the allegations contained in paragraph one hundred and four.

105.    The allegations contained in paragraph one hundred and five are conclusions of law to which no response is required. To the extent a response is required, defendants deny the allegations.

106.    Defendants deny the allegations contained in paragraph one hundred and six.

107.    Defendants deny the allegations contained in paragraph one hundred and seven.

108.    Defendants deny the allegations contained in paragraph one hundred and eight.

109.    Defendants deny the allegations contained in paragraph one hundred and nine.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' Third Amended Complaint (hereinafter "Complaint"), and each cause of action and discrete claim therein, fails to state facts sufficient to constitute a claim for relief against defendants.

2.     Plaintiffs failed to mitigate their damages.

3.     Plaintiffs failed to exhaust their administrative remedies.

4.     Each cause of action is barred in whole or in part by the applicable statute of

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

limitations.

5.      Plaintiffs' injuries were proximately caused and contributed to, in whole or in part, by his or her acts or omissions.  Accordingly, Plaintiffs' recovery from defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence, legal responsibility, or proportion of fault.

6.      Plaintiffs' injuries, if any, were proximately caused and contributed to, in whole or in part, by an intervening or superseding cause.  The damages, if any, recoverable by Plaintiffs herein must be diminished in proportion to the fault attributable to said intervening or superseding cause.

7.      Plaintiffs' injures, if any, were proximately caused and contributed to, in whole or in part, by other defendants or parties.

8.      Plaintiffs' Complaint is barred in that defendants' actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

9.      The removal of barriers Plaintiffs allege in the Complaint is not "readily achievable" as defined in 42 USC §12181.

10.     The remedies for the barriers of which Plaintiffs complain are unduly burdensome, structurally impracticable, could not have been made without substantial and unreasonable alterations, and the alterations sought would be disproportionate to the cost of the overall alteration.

11.     The complained-of eligibility criteria were necessary for the provision of the goods, services, facilities, privileges, advantages, and accommodations being offered and/or were legitimate safety requirements necessary for purposes of safety based on actual risk.  28 C.F.R. § 36.301.

12.     Plaintiffs' proposed modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations.  28 C.F.R. § 36.302(a).

13.     Defendants adequately provided access to Plaintiffs through readily achievable "alternative methods."

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

14.     Plaintiffs were reasonably accommodated to the extent required by applicable laws and regulations, and the Stadium's specifications provided "substantially equivalent or greater access to and usability of the facility." ADAAG § 2.2.

15.     Plaintiffs' claims are completely or partially barred because all actions and conduct by defendants and their agents or employees were justified and subject to immunities, including but not limited to the immunities arising under the United States Constitution and federal law, immunities arising under the California Constitution and California law, immunities arising under California Civil Code § 47 and immunities arising under California Government Code § 810, et seq., including immunities arising under California Government Code §§ 815, 815.2, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.6 and 822.2.

16.     Plaintiffs' claims fail because plaintiffs have failed to join necessary and indispensable parties and / or because necessary and indispensable parties are not and cannot be parties to this lawsuit following the Court's ruling on the Motion to Compel Arbitration.

17.     Plaintiffs lack standing.

18.     Plaintiffs' claims are time-barred to the extent the alleged conduct took place outside the applicable limitations period.

19.     The claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

20.     The purported class cannot be certified because the purported class, class representatives, and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

Defendants reserve the right to allege additional affirmative defenses as they become known during discovery and to amend their answer accordingly.

WHEREFORE, defendants pray for judgment as follows:

1.     In favor of defendants on all causes of action in the Complaint;

2.     For defendants' cost of suit incurred herein, including attorney's fees;

3.     For such other relief as the Court deems just and proper.

1

2    Dated:    September 1, 2017

LOMBARDI, LOPER & CONANT, LLP

3

By:    /s/ *Maria M. Lampasona*

4                MARIA M. LAMPASONA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541