December 14, 2017

The Honorable Susan van Keulen
U.S. District Court, Northern District of California
Robert F. Peckham Federal Building
280 South 1st Street
San Jose, CA 95113

   RE: *Abdul Nevarez, et al. v. Niners Football Company LLC, et al.*
      Case No. 5:16-cv-07013-LHK (SVK)

Dear Judge van Keulen:

The above-captioned matter is a putative class action brought on behalf of persons with
mobility disabilities and their companions regarding Levi's Stadium ("Stadium") and its
related parking facilities alleging violations of the Americans with Disabilities Act of
1990 ("ADA") and the Unruh Civil Rights Act.   Plaintiffs allege numerous access
barriers and problems with purchasing accessible and companion seating.  Plaintiffs have
proposed the following three classes:

1) All persons with mobility disabilities who use wheelchairs, scooters or other
   mobility aids who have purchased, attempted to purchase, or for whom third
   parties purchased accessible seating and who have been denied equal access to the
   Stadium's facilities, services, accessible seating, parking, amenities, and
   privileges since July 17, 2014;
2) All persons with mobility disabilities who use wheelchairs, scooters or other
   mobility aids who will attempt to purchase accessible seating for a public event at
   Levi's Stadium and who will be denied equal access to the Stadium's facilities,
   services, accessible seating, parking, amenities, and privileges, including
   ticketing, during the three years prior to the filing of the Complaint herein through
   the conclusion of this action;
3) All persons who are companions of persons with mobility disabilities who use
   wheelchairs, scooters or other mobility aids and who have used or will use
   companion seating for public events located at Levi's Stadium since July 17,
   2014.

**Discovery at Issue**

In an interrogatory, Plaintiffs requested the "name, address, telephone number, and email
address [of] all persons who purchased accessible seating tickets from defendants for any
event held at Levi's Stadium on or after July 17, 2014."  **Exhibit A, Interrogatory No.
1.**  In a request for production of documents, Plaintiffs requested "all documents stating
the identity of any and all persons who purchased accessible seating tickets from
defendants for any event held at Levi's Stadium on or after July 17, 2014, including but
not limited to, their name, address, telephone number, and/or email."  **Exhibit B,
Request for Production No. 1.**  Defendants served timely objections.  **Exhibits C, D**.

The parties have tentatively agreed, in general terms, that Plaintiffs may have a third party administrator send a notice to these individuals regarding the pending lawsuit and the possible release of certain of their contact information to Plaintiffs.  However, the parties disagree regarding the form of notice that should be sent. Plaintiffs have proposed an "opt-out" notice.  **Exhibit E**.  Defendants contend that these persons should not be contacted by Plaintiffs without first providing their affirmative consent.  The parties therefore request guidance on the form of notice to be utilized.  Under the present case schedule, the last day for Plaintiffs to file a Motion for Class Certification is April 6, 2018.  Fact discovery closes on October 4, 2018.

## December 8, 2017 Telephonic Meet and Confer

The parties met and conferred extensively via email, and conferred telephonically on December 8.  They discussed their positions at length, but have not arrived at a resolution.

## Plaintiffs' Statement

Disclosure of the names of putative class members and their contact information is commonplace in class actions. *Artis v. Deere & Co.*, 276 F.R.D. 348, 351–52 (N. D. Cal., 2011) (collecting cases).  Although courts recognize the privacy interests involved, they have repeatedly found that the type of information sought here does not implicate *serious* privacy concerns.  *Id.* at 352-53.  "[T]he privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories.  While the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy the information sought by Plaintiff is not particularly sensitive." *Id.* (internal citations omitted). This is particularly true if those individuals are given notice and the opportunity to opt out of such disclosure.  *Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 371–72 (2007).

Defendants here argue that members of the proposed class have a privacy right in their status as persons with mobility disabilities.  They claim the disclosure of their names and contact information constitutes a disclosure of one's medical condition.  That is incorrect.  Plaintiffs seek a list of the names and contact information of persons who have purchased or attempted to purchase accessible and/or companion seating at Levi's Stadium.  Nothing about the information sought would disclose the "medical condition" of the persons listed, merely that they are persons with mobility disabilities who requested accessible seating.  Plaintiffs do not seek and are not interested in the reasons for a proposed class member's disability, and the contact information would not disclose that.

Although they contend that there are "significant" privacy interests involved, Defendants cannot explain what is private about the fact that these individuals have a mobility disability.  In order to claim a privacy interest, one must demonstrate a "reasonable expectation of privacy." "[C]ustoms, practices, and physical settings surrounding particular activities may create or inhibit reasonable expectations of privacy. . . . A 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely

accepted community norms. *Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1, 36-37 (1994) (internal citations omitted).

The class members, as defined, are persons with mobility disabilities *who use a mobility aid, such as a wheelchair, scooter, or walker.* Their status as persons with mobility disabilities is therefore readily apparent to others. Defendants' suggestion that mobility disabilities are something people would want to keep private is offensive. Nonetheless, the fact that these individuals have a disability is public; they could not hide their disabilities even if they wanted to do so. It is also clear from their behavior that they do not wish to hide their disabilities. Accessible seating is clearly marked, and by requesting tickets for such seating, these individuals have manifested their desire to sit in a public space that will identify them as persons with disabilities. The members of the proposed class have **no** expectation of privacy in the fact that they have a mobility disability.

As Defendants are undoubtedly aware, requiring persons to take an affirmative step to consent to the disclosure of their contact information ("opt-in") ensures that the response rate will be low and will therefore hinder Plaintiffs' ability to prepare their motion for class certification. *See, e.g.*, *Aldapa v. Fowler Packing Inc.*, 310 F.R.D. 583, 588 (E. D. Cal. 2015). The very limited privacy concerns implicated here are addressed by (1) the protective order, (2) the ability to opt out of disclosure and (3) that Plaintiffs will agree to inform any individuals contacted from the list that they are under no obligation to speak with them. Plaintiffs' counsel already do so in other cases. Contrary to Defendants' contention, Plaintiffs' counsel will not be asking class members about the *nature* of their disabilities. Rather, counsel will ask whether they use a mobility device and encountered any barriers at the Stadium, and the nature of those barriers. This information is relevant to commonality and typicality.

Defendants cite two cases in support of their argument. *Los Angeles Gay and Lesbian Center v. Superior Court*, 194 Cal.App.4th 288 (2011), has *no* application here. The proposed class in that case included "*patients* of the [Los Angeles Gay and Lesbian] Center who mistakenly received from the Center the wrong *medication for syphilis.*" *Id.* at 292 (emphasis added). The Center provided medical services. Defendants here do not, and this case has nothing to do with the provision of medical services. Moreover, syphilis is an invisible, sexually transmitted disease. Similarly, many individuals choose to keep their sexual orientation private. As such, individuals with such a condition have a high expectation of privacy in that information. That is not the case with mobility disabilities, particularly those which necessitate the use of a mobility device. Defendants' attempt to analogize this case is specious.

Nor is this case analogous to *Cabral v. Supple, LLC*, No. EDCV 12-85-MWF (OPx), 2012 WL 12895825 (C.D. Cal., Oct. 3, 2012). In that case, the presence of one's name on a class list was effectively a disclosure of the individual's medical condition, arthritis. Arthritis is not obvious to the public, as is a mobility disability that requires the use of a mobility aid. Moreover, purchasing medication to treat a medical condition privately in a pharmacy or by mail order is not inconsistent with an expectation of privacy. That is not true of sitting in designated accessible seating. Nor did the *Cabral* plaintiffs need a class list in order to file their motion for certification, which had already been submitted. Here, Plaintiffs need this information to prepare their motion for class certification.

Arguments similar to those of Defendants were made and rejected in *Willits v. City of Los Angeles*, No. 2:10-cv-05782-CBM RZ, C.D. Cal., a case alleging barriers in the pedestrian right of way in the Los Angeles.  In that case, the Special Master ordered the defendant to produce the names and contact information of persons with mobility disabilities who had been denied access to the pedestrian rights of way.  Retired Magistrate Judge James Larson weighed the privacy interests of the class members against Plaintiffs' need for the information to prosecute the case.  He agreed with other courts that "the production of names and contact information is not a serious invasion of privacy."  **Exhibit F,** Order re Class Member Contact Information at 4.  He also dismissed the defendant's argument that a disclosure of one's status as a person with a mobility disability implicated privacy concerns regarding medical conditions or records.  "Plaintiffs do not seek medical or health information about class members, only their names and contact information."  *Id.*  The order occurred after class certification, but the portion of the order addressing the defendant's arguments that production of the class list amounted to disclosure of medical condition is not affected by that procedural status.

## Defendants' Statement

Plaintiffs have demanded the names, addresses, telephone numbers, and email addresses of every customer who bought an accessible ticket to any event at Levi's Stadium since it opened in July 2014.  While defendants recognize that pre-certification disclosure of certain information is appropriate in specific circumstances, the disclosure of the information sought, under these circumstances, reveals the existence of these persons' medical conditions/disabilities without their consent, in violation of their right to privacy.  Defendants estimate that such a list would consist of more than 1,000 and fewer than 5,000 of defendants' customers.  Because this disclosure implicates more serious privacy interests than the contact information of individuals who had already complained about faulty DVD players (as in *Pioneer Electronics*), or who were defendant's employees (as in *Belaire-West*), or who had previously contacted the City of Los Angeles about access issues or participated in paratransit services (as in *Willits v. City of Los Angeles*), defendants request that any order compelling the disclosure of this information contemplate a notice that requires affirmative consent from defendants' customers before their contact information may be disclosed by a third party administrator.

### Discovery in Pre-Certification Rule 23 Class Actions That Infringes Upon Privacy Rights

Pre-certification discovery is not a matter of right.  *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Whether or not [class certification] discovery will be permitted . . . lies within the sound discretion of the trial court.")  When discovery infringes upon third-party privacy rights, courts engage in a balancing test.  *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 370 (2007).

### Strong Invasion-of-Medical-Privacy Concerns Militate Against the Disclosure of Customer Contact Information to Plaintiffs Absent Affirmative Consent

Plaintiffs, relying on *Pioneer Electronic*, *Artis*, and *Willits v. City of Los Angeles*, contend that a "*Pioneer*-style" opt-out notice adequately protects the privacy interests at issue.

These cases are distinguishable.  In *Pioneer*, an individual who purchased a defective DVD player from Pioneer Electronics brought suit on his own behalf and on behalf of a putative class of persons who purchased the same model.  *Pioneer*, *supra*, 194 Cal.App.4th at 364.  In discovery, Pioneer produced redacted complaints it had received from 700 to 800 consumers who had complained about the DVD player.  *Id.* at 364.  Plaintiff moved to compel Pioneer to disclose the names, addresses, and telephone numbers of each complainant.  *Id.*  The California Supreme Court ultimately found that, although the identifying information at issue was entitled to privacy protection, "it seems unlikely that these customers, *having already voluntarily disclosed their identifying information to that company in the hope of obtaining some form of relief*, would have a reasonable expectation that such information would be kept private and withheld from a class action plaintiff who seeks similar relief.  *Id.* (emphasis added).  In effect, these individuals already had affirmatively opted in to the process.

That scenario is factually distinguishable.  Here, plaintiffs seek names, addresses, phone numbers, and email addresses of all individuals who have ever purchased an accessible ticket for any event at Levi's Stadium.  This is not a list of individuals who have complained about accessibility at the Stadium.  Unlike the complainants in *Pioneer*, these individuals provided their contact information to defendants for a purpose unrelated to the dispute at hand.  When they purchased tickets to attend Stadium events, these individuals had no reason to expect that they were effectively disclosing their names and contact information to plaintiffs unless they opt-out.  *See Hill v. Colorado*, 530 U.S. 703, 716 (2000) [noting privacy right to be free in one's home from unwanted communication, particularly when persons are "powerless to avoid it"].  Similarly, the order attached by plaintiffs from *Willits v. City of Los Angeles* is distinguishable because it involved class discovery ordered after a class had already been certified; it did not concern pre-certification contact with possible class members and has no application here.  Further, the order, in part, compelled the disclosure of the identities of individuals who had previously complained about accessibility issues.  Defendants would be willing to provide a list of those individuals, because, like the third-parties in *Pioneer*, those individuals would have already evidenced an interest in the subject matter at hand.

*Artis v. Deere & Co.*, 276 F.R.D. 348 (N.D. Cal. 2011) is also distinguishable.  There, plaintiff in a putative class action alleging nationwide discriminatory hiring practices on the basis of gender sought the contact information of female job applicants who had been rejected by the employer.  The court noted that "putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy," but ultimately ordered the disclosure, with the caveat that "privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosures of medical records and personal histories."  *Id.* at 353.

In the instant case, the disclosure of the requested contact information of individuals who purchased accessible tickets *necessarily* discloses that these persons either have a disability requiring the use of accessible seating, or are purchasing tickets on behalf of these individuals.  The mere disclosure of these individuals' contact information discloses private, confidential information about the existence of a medical condition   For these reasons, plaintiffs' request constitutes a more serious invasion of privacy than that at

issue in *Pioneer*, *Artis,* or *Belaire-West*.  Plaintiffs contend that the list of individuals who purchase accessibility tickets is limited to those with mobility-impairments, but this is not true; the list encompasses all individuals who require accessible seating, which could include persons who are blind, deaf, or have hypertension, for example.  Thus, plaintiffs' counsel will need to ask them about the nature of their disabilities.

Plaintiffs' assertion that "members of the proposed class have **no** expectation of privacy in the fact that they have a mobility disability" is inaccurate, as is the contention that an individual who has a "visible" mobility disability has forfeited his or her expectation of privacy in the disability.  For example, employers who disclose employee medical information are in violation of the California Confidentiality of Medical Information Act whether or not those employees have chosen to appear in public.  Defendants' customers did not forfeit their right to privacy in perpetuity by attending an event at Levi's Stadium.

A case more pertinent to the instant dispute is *Los Angeles Gay and Lesbian Center v. Superior Court,* 194 Cal.App.4th 288 (2011).  In that case, the reviewing court prohibited the trial court from ordering disclosure of potential class members' names and addresses without their affirmative consent in patients' action against a medical clinic concerning the clinic's administration of incorrect medication for a particular ailment, since disclosure of the patient list would simultaneously disclose the class members' medical condition.  *Id.* at 306-309.  See also *Cabral v. Supple*, No. 12-85-MWF, 2012 WL 12895825 (C.D. Cal. Oct. 3, 2012) [denying plaintiffs' motion to compel disclosure of a list of defendant's customers in a Rule 23 putative class action with respect to the sale of a product meant to treat arthritis, because the disclosure of the identity of purchasers of the product necessarily involved the disclosure of a "medical condition of [d]efendant's customers"].  As in these two cases, the information sought implicates a serious privacy interest, which would be more appropriately protected by requiring these individuals' affirmative consent.

Moreover, plaintiffs seek this information before any consideration has been given to the appropriate scope of the proposed class.  Plaintiffs seek information pertaining to all customers who purchased tickets for all events that have been held at Levi's Stadium, yet the configuration of the stadium differs depending on the particular sport, concert, or other event.  Defendants can provide further briefing on this issue if the Court wishes.

Defendants' Proposed Notice

Defendants request that the notice contain language indicating that the third-parties must provide their affirmative consent before they will be contacted by plaintiffs' counsel.  Defendants also request that the Court's order indicate that the parties are to meet and confer on an appropriate notice that complies with the substance of the Court's order.

Respectfully submitted,


/s/Sarah Colby                                          /s/Alexei N. Offill-Klein
Sarah Colby                                                Alexei N. Offill-Klein
Attorneys for Plaintiffs                              Attorneys for Defendants

## ATTESTATION PER LOCAL RULE 5-1(i)(3)

The e-filing attorney hereby attests that concurrence in the filing of the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-filed document.

Dated:  December 14, 2017

/s/ *Sarah Colby*
Sarah Colby (SBN 194475)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Dated:  December 14, 2017

/s/ *Sarah Colby*
Sarah Colby (SBN 194475)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP