# EXHIBIT B

1   Guy B. Wallace (SBN 176151)
    gwallace@schneiderwallace.com
2   Sarah Colby (SBN 194475)
    scolby@schneiderwallace.com
3   Jennifer A. Uhrowczik (SBN 302212)
    juhrowczik@schneiderwallace.com
4   SCHNEIDER WALLACE COTTRELL KONECKY
        WOTKYNS LLP
5   2000 Powell Street, Suite 1400
    Emeryville, CA 94608
6   Tel:  (415) 421-7100
    Fax:  (415) 421-7105
7
    Linda M. Dardarian (SBN 131001)
8   ldardarian@gbdhlegal.com
    Andrew P. Lee (SBN 245903)
9   alee@gbdhlegal.com
    GOLDSTEIN, BORGEN, DARDARIAN & HO
10  300 Lakeside Drive, Suite 1000
    Oakland, CA 94612
11  Tel:  (510) 763-9800
    Fax:  (510) 835-1417
12
    Attorneys for Plaintiffs and the Proposed Classes
13  (*Additional Counsel for Plaintiffs listed on following page*)

14

15                  **UNITED STATES DISTRICT COURT**

16               **NORTHERN DISTRICT OF CALIFORNIA**

17                       **SAN JOSE DIVISION**

18  ABDUL NEVAREZ, PRISCILLA NEVAREZ, and    Case No.: 5:16-cv-07013-LHK
    SEBASTIAN DEFRANCESCO, on behalf of
19  themselves and all others similarly situated,    **PLAINTIFF ABDUL NEVAREZ'S**
                                                     **REQUESTS FOR PRODUCTION OF**
20          Plaintiffs,                              **DOCUMENTS PROPOUNDED ON**
                                                     **DEFENDANTS FORTY NINERS**
21  vs.                                             **FOOTBALL COMPANY LLC, FORTY**
                                                     **NINERS SC STADIUM COMPANY LLC &**
22  FORTY NINERS FOOTBALL COMPANY, LLC,             **FORTY NINERS STADIUM**
    a Delaware limited liability company, et al.,    **MANAGEMENT COMPANY LLC**
23
24          Defendants.                             **(SET TWO)**

25                                                  Before: Hon. Lucy H. Koh
                                                    Complaint Filed: December 7, 2016
26                                                  Trial Date: April 22, 2019

27

28

1  Adam B. Wolf (SBN 215914)
   awolf@prwlegal.com
2  Catherine Cabalo (SBN 248198)
   ccabalo@prwlegeal.com
3  PEIFFER ROSCA WOLF ABDULLAH CARR & KANE
   4 Embarcadero Center, 14th Floor
4  San Francisco, CA 94104
   Tel:  (415) 766-3592
5  Fax:  (415) 402-0058

6  Attorneys for Plaintiffs and the Proposed Classes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOUNDING PARTY:** Plaintiff Abdul Nevarez

**RESPONDING PARTY:**     Defendants FORTY NINERS FOOTBALL COMPANY LLC;
                          FORTY NINERS SC STADIUM COMPANY LLC; FORTY NINERS
                          STADIUM MANAGEMENT COMPANY LLC

**SET NO.:**              TWO (2)

    Plaintiff Abdul Nevarez hereby requests that Defendants FORTY NINERS FOOTBALL

COMPANY LLC; FORTY NINERS SC STADIUM COMPANY LLC; FORTY NINERS STADIUM

MANAGEMENT COMPANY LLC ("Defendants") produce and permit inspection and copying of the

following documents or categories of documents in accordance with the Instructions and Definitions

below.  The production, inspection, and copying shall take place within thirty (30) days after service of

this demand and continue so long as reasonably required at the offices of Goldstein, Borgen, Dardarian

& Ho, 300 Lakeside Drive, Suite 1000, Oakland, CA 94612, unless otherwise agreed by the parties.

Defendants shall also submit a written response, subscribed under oath, within thirty (30) days after

service of this demand.

**INSTRUCTIONS AND DEFINITIONS**

    The following instructions and definitions apply to each of the requests set forth below and are

deemed to be incorporated therein:

    1.     These document requests are continuing in nature, up to and during the course of trial.

Documents sought by these requests that you obtain after you serve your responses must be produced

to counsel for Plaintiffs by supplementary response.

    2.     With respect to any document or thing that Defendants refuse to produce or object to

under a claim of privilege, please provide a privilege log setting forth as to each such document or

thing:

        a.     The type of document or thing, its general subject matter and the place and
               approximate date it was prepared or created;

        b.     The name and address of each person who prepared and created the document or
               thing and the name and address of each other person who has received or
               examined the document or thing or a copy thereof;

1

691858.3

c.   The name and address of the person who presently has possession or custody of the document or thing;

d.   The type of privilege claimed;

e.   A statement of the circumstances bearing on whether the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just part of the document or thing;

f.   The name of each specific document request to which the withheld document is responsive; and

g.   Whether the document has been produced or provided to any person in connection with other litigation.

3.   All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive, or shall be produced as they are kept in the ordinary course of business.

4.   If you object to any part of a document request, set forth the basis for your objection and respond to all parts of the document request to which you do not object.

5.   "COMMUNICATION" shall mean any and all transfers or exchanges of information, whether verbal, written, telephonic, or through the use of any MEDIUM without limitation, including but not restricted to correspondence through the United States Postal Service, correspondence through any private courier (including but not limited to FEDEX, DHL, UPS), correspondence through facsimile transmission, writings attached to any electronic message, email through any internet service provider, instant messaging, messages transmitted on any personal digital device including smartphones, text messages, online social media, notes, videotapes, compact discs, CD-ROMS, DVDs, Blu-Ray discs, audio-cassettes, recordings of telephonic conversations, message pads, diaries, journal entries, memoranda chronicling any conversation, post-its, index cards, printouts of any and all online commentary, annotations on business cards, pictures, photographs (film or digital), and any and all other forms of tangible expression.

6.   "DEFENDANT" shall mean and refer to the defendants FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, FORTY NINERS STADIUM

2

MANAGEMENT COMPANY LLC, or any subsidiary, division, related company, officer, director, partner, employee, agent, board of directors, board member, and representative of those entities.

7.     "DOCUMENT" shall mean and refer to all written, graphic, recorded or illustrative matter, computer memory, tapes, or any other tangible thing by which information is contained, stored, or displayed by every kind of description, however produced or reproduced, whether draft or final, original or reproduction, partial or complete, and regardless of whether approved, signed, sent, received, redrafted, or executed, and containing all attachments.  Document includes, but is not limited to: written communications, letters, correspondence, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, emails, tape or disk recordings, papers and forms filed with any court  or governmental body, notes, transportation and expense logs, work papers, contracts, formal or informal memoranda of meetings, studies, analyses, statistical and financial statements, charts, graphs, reports, or materials similar to any of the foregoing, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

8.     "MEDIUM" or "MEDIA" shall mean and refer to any and all modes of COMMUNICATION regardless of mode of publication, transmission or broadcast; channels or systems of COMMUNICATION or information; and objects in which information may be stored and retrievable, including but not limited to books, magazines, newspapers, newsletters, other periodicals, e-books, i-pods, i-pads, computers, cell phones, photocopies, Photostats, photocopies, and faxed sheets.

9.     "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

10.     "RELATING TO" shall mean and refer to constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, and/or in any way pertaining to.

691858.3

11.     "YOU" shall mean and refer to you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

12.     The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the term "including" means "including without limitation."

13.     These requests call for all information that is known to YOU or is available to YOU, including all information in the possession, custody, or control of YOUR employees, attorneys, auditors, agents, investigators, and any other person or entity acting on YOUR behalf or under YOUR direction or control.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all DOCUMENTS stating the identity of any and all PERSONS who purchased accessible seating tickets from DEFENDANTS for any event held at Levi's Stadium on or after July 17, 2014, including but not limited to, their name, ADDRESS, telephone number, and/or email.

### REQUEST FOR PRODUCTION NO. 2:

Produce all DOCUMENTS stating the identity of any and all PERSONS who purchased accessible parking passes from DEFENDANTS for any event held at Levi's Stadium on or after July 17, 2014, including but not limited to, their name, ADDRESS, telephone number, and/or email.

### REQUEST FOR PRODUCTION NO. 3:

Produce all COMMUNICATIONS received at or sent from the following email address since July 17, 2014: mobilityservices@LevisStadium.com.

### REQUEST FOR PRODUCTION NO. 4:

Produce all COMMUNICATIONS RELATING TO requests for mobility assistance made via the following phone number since July 17, 2014: 408-579-4610.

4

691858.3

1   Dated:  October 6, 2017                Respectfully submitted,

2                                          GOLDSTEIN, BORGEN, DARDARIAN & HO

3

4                                          Andrew P. Lee
                                           Attorneys for Plaintiffs and the Proposed Classes
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

691858.3