# EXHIBIT C

MATTHEW S. CONANT, SBN 94920
msc@llcllp.com
MARIA M. LAMPASONA, SBN 259675
mlampasona@llcllp.com
ALEXEI N. OFFILL-KLEIN, SBN 288448
aoffillklein@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone:    (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendants FORTY NINERS
FOOTBALL COMPANY LLC, FORTY NINERS
SC STADIUM COMPANY LLC, FORTY
NINERS STADIUM MANAGEMENT
COMPANY LLC, CITY OF SANTA CLARA,
SANTA CLARA STADIUM AUTHORITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDUL NEVAREZ, PRISCILLA NEVAREZ, and SEBASTIAN DEFRANCESCO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, et al.,<br><br>Defendants. | Case No. 5:16-cv-07013-LHK<br><br>**DEFENDANTS FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, AND FORTY NINERS STADIUM MANAGEMENT COMPANY LLC'S RESPONSE TO PLAINTIFF ABDUL NEVAREZ'S INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:    Plaintiff ABDUL NEVAREZ

RESPONDING PARTY:    Defendants FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, and FORTY NINERS STADIUM MANAGEMENT COMPANY LLC

SET NUMBER:    ONE

Pursuant to Federal Rule of Civil Procedure 33, defendants FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, and FORTY NINERS STADIUM MANAGEMENT COMPANY LLC ("defendants" or "responding parties") answer the interrogatories of plaintiff ABDUL NEVAREZ ("plaintiff") as follows.

## PRELIMINARY STATEMENT

It should be noted that the responding parties has not fully completed their investigation of the facts relating to this case, have not completed their discovery in this action, and have not completed preparation for trial. All of the responses contained herein are based only upon such information and documents, which are presently available to, and specifically known to responding parties. Responding parties disclose only those contentions and information which are presently known.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to responding parties' right to produce evidence at trial to any subsequently discovered fact or facts which responding parties may later recall. Responding parties accordingly reserve their right to change any and all responses herein as additional facts are ascertained, analyses and contentions are made, and when legal research is completed. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of responding parties in relation to further discovery, research and analysis.

This preliminary statement is incorporated into each and every response set forth below.

## GENERAL OBJECTIONS

Responding parties object to the form of the requests on the following grounds:

(a) Responding parties object to the disclosure of any information which is privileged by the attorney-client privilege, the work product doctrine, or any other privileges or immunities;

(b) Responding parties object to the disclosure of any information which is not

relevant to any party's claim or defense and/or not proportional to the needs of the case; and

(c) Responding parties object to the disclosure of any information which is readily available to propounding party on the ground that such disclosure would result in undue burden, harassment and oppression.

These general objections are incorporated into each and every response to these requests and any response made does not constitute a waiver thereof.

**RESPONSES**

**INTERROGATORY NO. 1:**

Identify by name, ADDRESS, telephone number, and email address all persons who purchased accessible seating tickets from DEFENDANTS for any event held at Levi's Stadium on or after July 17, 2014. This interrogatory seeks only information within the possession, custody, and/or control of DEFENDANT.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object that this request is oppressive and burdensome, overbroad, and violative of these third parties' right to privacy. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352-353 (N.D. Cal. 2011). The Courts have distinguished between the privacy interests at stake in the names, addresses, and phone numbers of third parties, and the "compelled disclosure of medical records and personal histories." *Id.* Here, defendants are concerned that revealing the identities of these third persons effectively reveals an aspect of their medical histories; i.e., that they are disabled or purchasing the tickets for disabled individuals.

Nonetheless, defendants are aware that plaintiffs in class-action suits are generally entitled to obtain the names, addresses, and telephone numbers of putative class members. Defendants are willing to work with plaintiffs to craft reasonable limits on these requests. As preliminarily discussed in telephone conversations with plaintiffs' counsel, the parties will need to provide notice to these third parties prior to the disclosure of any information.

**INTERROGATORY NO. 2:**

Identify by name, ADDRESS, telephone number, and email address all persons who purchased accessible parking passes from DEFENDANTS for any event held at Levi's Stadium

on or after July 17, 2014. This interrogatory seeks only information within the possession, custody, and/or control of DEFENDANT.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object that this request is oppressive and burdensome, overbroad, and violative of these third parties' right to privacy. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352-353 (N.D. Cal. 2011). The Courts have distinguished between the privacy interests at stake in the names, addresses, and phone numbers of third parties, and the "compelled disclosure of medical records and personal histories." *Id.* Here, defendants are concerned that revealing the identities of these third persons effectively reveals an aspect of their medical histories; i.e., that they are disabled or purchasing the parking passes for disabled individuals.

Nonetheless, defendants are aware that plaintiffs in class-action suits are generally entitled to obtain the names, addresses, and telephone numbers of putative class members. Defendants are willing to work with plaintiffs to craft reasonable limits on these requests. As preliminarily discussed in telephone conversations with plaintiffs' counsel, the parties will need to provide notice to these third parties prior to the disclosure of any information.

Dated: November 14, 2017                         LOMBARDI, LOPER & CONANT, LLP

By: _____
ALEXEI N. OFFILL-KLEIN

**PROOF OF SERVICE**
*ABDUL NEVAREZ, et al. v. FORTY NINERS FOOTBALL COMPANY, LLC, et al.,*
U.S. District Court-Northern District of California Case No. 5:16-cv-07013-LHK

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is: 1999 Harrison Street, Suite 2600, Oakland, CA 94612. On November 14, 2017, I served the within:

**DEFENDANTS FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, AND FORTY NINERS STADIUM MANAGEMENT COMPANY LLC'S RESPONSE TO PLAINTIFF ABDUL NEVAREZ'S INTERROGATORIES, SET ONE**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Adam B. Wolf, Esq.<br>Catherine Cabalo, Esq.<br>PEIFFER ROSCA WOLF ABDULLAH CARR & KANE<br>4 Embarcadero Center, 14th Floor<br>San Francisco, CA 94111 | 415-766-3592 Phone<br>415-402-0058 Fax<br>awolf@prwlegal.com<br>ccabalo@prwlegal.com<br><br>*Attorneys for Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ* |
| Guy B. Wallace, Esq.<br>Sarah Colby, Esq.<br>Jennifer A. Uhrowczik, Esq.<br>SCHNEIDER WALLACE COTTRELL KONECHY WOTKYNS LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608 | 415-421-7100 Phone<br>415-421-7105 Fax<br>gwallace@schneiderwallace.com<br>scolby@schneiderwallace.com<br><br>*Attorneys for Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ* |
| Linda M. Dardarian, Esq.<br>Andrew P. Lee, Esq.<br>Raymond A. Wendell, Esq.<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>300 Lakeside Drive, Ste. 1000<br>Oakland, CA 94612 | 510-763-9800 Phone<br>510-835-1417 Fax<br>ldardarian@gbdhlegal.com<br>alee@gbdhlegal.com<br><br>*Attorneys for Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ* |
| Gregory F. Hurley, Esq.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, CA 92626-1993 | 714-513-5100 Phone<br>714-513-5130 Fax<br>ghurley@sheppardmullin.com<br><br>*Attorneys for Defendant TICKETMASTER ENTERTAINMENT, INC.* |

☒ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

31208-45806 MML 684991.1

5

DEFENDANTS' RESPONSE TO INTERROGATORIES, SET ONE
CASE NO. 5:16-CV-07013-LHK

the date of deposit for mailing an affidavit. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☐ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on November 14, 2017, at Oakland, California.

_____
ALEXINE BRAUN