# EXHIBIT D

MATTHEW S. CONANT, SBN 94920
msc@llcllp.com
MARIA M. LAMPASONA, SBN 259675
mlampasona@llcllp.com
ALEXEI N. OFFILL-KLEIN, SBN 288448
aoffillklein@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:    (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendants FORTY NINERS
FOOTBALL COMPANY LLC, FORTY NINERS
SC STADIUM COMPANY LLC, FORTY
NINERS STADIUM MANAGEMENT
COMPANY LLC, CITY OF SANTA CLARA,
SANTA CLARA STADIUM AUTHORITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDUL NEVAREZ, PRISCILLA NEVAREZ, and SEBASTIAN DEFRANCESCO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, et al.,<br><br>Defendants. | Case No.  5:16-cv-07013-LHK<br><br>**DEFENDANTS FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, AND FORTY NINERS STADIUM MANAGEMENT COMPANY LLC'S RESPONSE TO PLAINTIFF ABDUL NEVAREZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO** |

PROPOUNDING PARTY:    Plaintiff ABDUL NEVAREZ

RESPONDING PARTY:    Defendants FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC and FORTY NINERS STADIUM MANAGEMENT COMPANY LLC

SET NUMBER:    TWO

/ / /

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1    Pursuant to Federal Rule of Civil Procedure 34, defendants FORTY NINERS

2    FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, and

3    FORTY NINERS STADIUM MANAGEMENT COMPANY LLC ("defendants" or "responding

4    parties") answer the request for production of documents of plaintiff ABDUL NEVAREZ

5    ("plaintiff") as follows.

6                                    **PRELIMINARY STATEMENT**

7            1.      Defendants have made a diligent search and reasonable inquiry for documents

8    responsive to these requests.  All of the responses contained herein are based only upon such

9    search and inquiry, and are documents presently available to defendants.  The following responses

10   and documents produced are without prejudice to defendants' right to produce additional or different

11   responses and documents pursuant to Federal Rule of Civil Procedure 26(e).

12           2.      The fact that defendants have produced a document shall in no way constitute an

13   agreement or stipulation that such document is admissible at trial.  All objections regarding the

14   admissibility of any document produced are expressly reserved until the time of hearing or trial,

15   including objections based upon lack of relevance, lack of probative value, foundation, hearsay, or

16   otherwise.  The following responses and documents produced shall not be admissible in any other

17   action or for any other purpose.

18           3.      To the extent a request seeks documents which are protected by the attorney-client

19   privilege or work product doctrine, defendants object and will not produce such documents, but will

20   provide a privilege log identifying the documents withheld.

21           4.      To the extent that plaintiff's document request, including instructions and definitions,

22   imposes or seeks to impose any obligation on defendant not required by Federal Rule or statute,

23   defendant objects.

24                                    **GENERAL OBJECTIONS**

25   Defendants object to the form of the requests on the following grounds:

26   (a)     Defendants object to the disclosure of any information which is privileged by the

27   attorney-client privilege, the work product doctrine, or any other privileges or immunities;

28   (b)     Defendants object to the disclosure of any information which is not relevant to any

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

31208-45806 MML 684985.1                               2                    RESPONSE TO REQUEST FOR
                                                                           PRODUCTION, SET TWO
                                                                           CASE NO. 5:16-CV-07013-LHK

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1   party's claim or defense and/or not proportional to the needs of the case.

2        (c)     Defendants object to the disclosure of any information which is readily available to

3   propounding party on the ground that such disclosure would result in undue burden, harassment

4   and oppression.

5        These general objections are incorporated into each and every response to these requests

6   and any response made does not constitute a waiver thereof.

7   **REQUEST FOR PRODUCTION OF DOCUMENTS**

8   **REQUEST FOR PRODUCTION NO. 1:**

9        Produce all DOCUMENTS stating the identity of any and all PERSONS who purchased

10   accessible seating tickets from DEFENDANTS for any event held at Levi's Stadium on or after

11   July 17, 2014, including but not limited to, their name, ADDRESS, telephone number, and/or

12   email.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14        Defendants object that this request is oppressive and burdensome, overbroad, and

15   violative of these third parties' right to privacy.  The Courts have distinguished between the

16   privacy interests at stake in the names, addresses, and phone numbers of third parties, and the

17   "compelled disclosure of medical records and personal histories." *See Artis v. Deere & Co.*, 276

18   F.R.D. 348, 352-353 (N.D. Cal. 2011).  Here, defendants are concerned that producing documents

19   revealing the identities of these third persons effectively reveals an aspect of their medical

20   histories; i.e., that they are disabled or purchasing the tickets for disabled individuals.  Further,

21   certain responsive documents may be in the possession, custody, or control of third-parties, and

22   not in the possession, custody, or control of defendant.

23        Nonetheless, defendants are aware that plaintiffs in class-action suits are generally entitled

24   to obtain the names, addresses, and telephone numbers of putative class members.  Defendants

25   are willing to work with plaintiffs to craft reasonable limits on these requests.  As the parties have

26   already discussed, the parties will need to provide notice to these third parties prior to the

27   disclosure of any information.  Defendants anticipate producing responsive documents after

28   providing the requisite notice to the third parties, and subject to a protective order.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS stating the identity of any and all PERSONS who purchased accessible parking passes from DEFENDANTS for any event held at Levi's Stadium on or after July 17, 2014, including but not limited to, their name, ADDRESS, telephone number, and/or email.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object that this request is oppressive and burdensome, overbroad, and violative of these third parties' right to privacy. The Courts have distinguished between the privacy interests at stake in the names, addresses, and phone numbers of third parties, and the "compelled disclosure of medical records and personal histories." *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352-353 (N.D. Cal. 2011). Here, defendants are concerned that producing documents revealing the identities of these third persons effectively reveals an aspect of their medical histories; i.e., that they are disabled or purchasing the parking passes for disabled individuals. In addition, because most or all of the accessible parking spaces are located in general parking lots containing both accessible and non-accessible spaces, it may not be possible to identify individuals purchasing "accessible parking passes." Finally, certain responsive documents may be in the possession, custody, or control of third-parties, and not in the possession, custody, or control of defendant.

Nonetheless, defendants are aware that plaintiffs in class-action suits are generally entitled to obtain the names, addresses, and telephone numbers of putative class members. Defendants are willing to work with plaintiffs to craft reasonable limits on these requests, and anticipate producing any responsive documents after providing the requisite notice to the third parties, and subject to a protective order.

**REQUEST FOR PRODUCTION No. 3:**

Produce all COMMUNICATIONS received at or sent from the following email address since July 17, 2014: mobilityservices@LevisStadium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object that this request is oppressive and burdensome, overbroad, and

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1   violative of these third parties' right to privacy. The Courts have distinguished between the

2   privacy interests at stake in the names, addresses, and phone numbers of third parties, and the

3   "compelled disclosure of medical records and personal histories." *See Artis v. Deere & Co.*, 276

4   F.R.D. 348, 352-353 (N.D. Cal. 2011). Here, defendants are concerned that producing documents

5   revealing the identities of these third persons effectively reveals an aspect of their medical

6   histories; i.e., that they are disabled or purchasing the tickets for disabled individuals. In addition,

7   the term "COMMUNICATIONS," as specially defined, is vague and overbroad.

8          Nonetheless, defendants are aware that plaintiffs in class-action suits are generally entitled

9   to obtain the names, addresses, and telephone numbers of putative class members. Defendants

10  are willing to work with plaintiffs to craft reasonable limits on these requests. As the parties have

11  already discussed, the parties will need to provide notice to these third parties prior to the

12  disclosure of any information. Defendants anticipate producing responsive documents after

13  providing the requisite notice to the third parties, and subject to a protective order.

14  **REQUEST FOR PRODUCTION No. 4:**

15         Produce all COMMUNICATIONS RELATING TO requests for mobility assistance made

16  via the following phone number since July 17, 2014: 408-579-4610.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18         Defendants object that this request is oppressive and burdensome, overbroad, vague,

19  beyond the scope of permissible discovery, and ambiguous and violative of these third parties'

20  right to privacy. The Courts have distinguished between the privacy interests at stake in the

21  names, addresses, and phone numbers of third parties, and the "compelled disclosure of medical

22  records and personal histories." *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352-353 (N.D. Cal.

23  2011). Here, defendants are concerned that producing documents revealing the identities of these

24  third persons effectively reveals an aspect of their medical histories; i.e., that they are disabled or

25  purchasing the tickets for disabled individuals. In addition, the term "COMMUNICATIONS," as

26  specially defined, is vague and overbroad.

27         Defendants are also concerned that this overbroad request is not tailored to support a

28  claim of a cognizable putative class; the burden is on plaintiffs to demonstrate that discovery

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

RESPONSE TO REQUEST FOR
PRODUCTION, SET TWO
CASE NO. 5:16-CV-07013-LHK

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1   measures are likely to produce persuasive information substantiating the class allegations. *See*

2   *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

3          Nonetheless, defendants are aware that plaintiffs in class-action suits are generally entitled

4   to obtain the names, addresses, and telephone numbers of putative class members.  Defendants

5   are willing to work with plaintiffs to craft reasonable limits on these requests, to the extent

6   feasible.  As the parties have already discussed, the parties will need to provide notice to these

7   third parties prior to the disclosure of any information.  Assuming the parties can reach an

8   agreement on tailored responses, defendants anticipate producing responsive documents after

9   providing the requisite notice to the third parties, and subject to a protective order.

10

11  Dated:     November 14, 2017                    LOMBARDI, LOPER & CONANT, LLP

12

13                                                 By:_____

14                                                 ALEXEI N. OFFILL-KLEIN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO REQUEST FOR
PRODUCTION, SET TWO
CASE NO. 5:16-CV-07013-LHK

**PROOF OF SERVICE**
*ABDUL NEVAREZ, et al. v. FORTY NINERS FOOTBALL COMPANY, LLC, et al.,*
U.S. District Court-Northern District of California Case No.  5:16-cv-07013-LHK

I am a resident of the State of California, over 18 years of age and not a party to the within action.  I am employed in the County of Alameda; my business address is: 1999 Harrison Street, Suite 2600, Oakland, CA 94612.  On November 14, 2017, I served the within:

**DEFENDANTS FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, AND FORTY NINERS STADIUM MANAGEMENT COMPANY LLC'S RESPONSE TO PLAINTIFF ABDUL NEVAREZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Adam B. Wolf, Esq.
Catherine Cabalo, Esq.
PEIFFER ROSCA WOLF ABDULLAH CARR & KANE
4 Embarcadero Center, 14th Floor
San Francisco, CA  94111

415-766-3592  Phone
415-402-0058  Fax
awolf@prwlegal.com
ccabalo@prwlegal.com

*Attorneys for Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ*

Guy B. Wallace, Esq.
Sarah Colby, Esq.
Jennifer A. Uhrowczik, Esq.
SCHNEIDER WALLACE COTTRELL KONECHY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608

415-421-7100  Phone
415-421-7105  Fax
gwallace@schneiderwallace.com
scolby@schneiderwallace.com

*Attorneys for Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ*

Linda M. Dardarian, Esq.
Andrew P. Lee, Esq.
Raymond A. Wendell, Esq.
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Ste. 1000
Oakland, CA  94612

510-763-9800  Phone
510-835-1417  Fax
ldardarian@gbdhlegal.com
alee@gbdhlegal.com

*Attorneys for Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ*

Gregory F. Hurley, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA  92626-1993

714-513-5100  Phone
714-513-5130  Fax
ghurley@sheppardmullin.com

*Attorneys for Defendant TICKETMASTER ENTERTAINMENT, INC.*

☒   **By United States Mail:**  I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing documents for mailing.  On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

31208-45806 MML 684985.1

7

RESPONSE TO REQUEST FOR PRODUCTION, SET TWO
CASE NO. 5:16-CV-07013-LHK

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1   the date of deposit for mailing an affidavit.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Oakland, California.

2

3   ☐   **By Fax Transmission:**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

4

5   ☐   **By Overnight Delivery:**  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

6

7   ☐   **By Personal Service:**  I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

8

9

10

11   ☐   **By Messenger Service:**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

12

13   ☐   **By E-Mail or Electronic Transmission:**  Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14

15

16   ☐   ***(STATE)***  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17   ☒   ***(FEDERAL)***  I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

18

19   Executed on November 14, 2017, at Oakland, California.

20

21   _____
           ALEXINE BRAUN

22

23

24

25

26

27

28

31208-45806 MML 684985.1                8

RESPONSE TO REQUEST FOR
PRODUCTION, SET TWO
CASE NO. 5:16-CV-07013-LHK