# EXHIBIT F

1  Hon. James Larson (Ret.)
   JAMS
2  Two Embarcadero Center, Suite 1500
   San Francisco, CA 94111
3  Telephone (415) 982-5267
   Facsimile (415) 982-5287
4
   Special Master
5

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLITS, JUDY GRIFFIN, BRENT PILGREEN, and CALIF, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendants. | JAMS Ref. No.: 1100069881<br><br>**ORDER RE: CLASS MEMBER CONTACT INFORMATION**<br><br>Special Master Hon. James Larson (Ret.) |

1

# I. INTRODUCTION

On November 6, 2012, a discovery conference before the Special Master was held to consider various discovery disputes and issues presented by the parties, including Plaintiffs' Motion to Compel Class Member Contact Information and Documents. Guy B. Wallace, Mark T. Johnson, Jason H. Tarricone, and William C. McNeill appeared for Plaintiffs. Kim Colwell and Kevin McLaughlin appeared for Defendant.

Having read and considered the parties' briefs and their arguments at the discovery conference, the Special Master hereby GRANTS Plaintiffs' Motion to Compel Class Member Contact Information, as set forth below.

# II. ANALYSIS

Plaintiffs have moved to compel Defendant to respond to various discovery requests seeking the names, home addresses, email addresses, and telephone numbers of members of the certified class, which is composed of persons with mobility disabilities who have been denied access to pedestrian rights of way, such as sidewalks, in the City of Los Angeles. Defendant argues that class member contact information is not discoverable because there is no need to issue formal notice to the class certified for injunctive relief under Federal Rule of Civil Procedure 23(b)(2). Defendant relies on *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352-53 (1978), for the proposition that discovery in order to issue class notice is not legitimate discovery. Plaintiffs argue that class member contact information is routinely produced not for purposes of issuing class notice but to enable plaintiffs to contact potential witnesses to assist in prosecuting the case.

The Special Master rejects Defendant's argument that the only reason class member contact information is discoverable is to enable formal class notice. "[T]he need for disclosure of names and addresses of potential class members to enable a representative plaintiff to prosecute his case is well-established." *Tomassi v. City of Los Angeles*, 2008 WL 4722393, No. CV 08-1851, at *4 (C.D. Cal. Oct. 24, 2008); *see also Pioneer Elecs.(USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 373 (2007) ("Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case.").

As Plaintiffs correctly argue, class member contact information is discoverable and routinely ordered produced to enable plaintiffs' counsel to conduct discovery from percipient witnesses, prepare for class certification, and prepare for a class action trial with additional witnesses beyond the class representatives. *Tomassi*, 2008 WL 4722393 at *4; *In re Deloitte & Touche, LLP Overtime Litig.*, 2012 WL 340114, No. 11 Civ. 2461, at *1 (S.D.N.Y. Jan. 17, 2012) ("It is now commonplace in this Circuit to require the provision of personal contact information to class counsel for the purposes of notifying a class of a collective action and enabling class counsel to obtain relevant discovery."); *see also Kane v. Nat'l Action Fin. Servs.*, 2012 WL 1658643, Civil Action No. 11-11505, at *7 (E.D. Mich. May 11, 2012); *Algee v. Nordstrom, Inc.*, 2012 WL 1575314, No. C 11-301, at *4 (N.D. Cal. May 3, 2012); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 813-14 (C.D. Cal. 2007). Indeed, *Oppenheimer Fund* itself recognizes that class member contact information may be discoverable for reasons other than sending formal class notice, which was the only purpose at issue there. The Supreme Court specifically noted that "[w]e do not hold that class members' names and addresses never can be obtained under the discovery rules. There may be instances where this information could be relevant to issues that arise under Rule 23 . . . or where a party has reason to believe that communication with some members of the class could yield information bearing on these or other issues." *Oppenheimer Fund*, 437 U.S. at 354 n.20.

The need for class counsel to contact potential witnesses and class members is just as relevant in cases certified under Rule 23(b)(2) as those certified under Rule 23(b)(3). In both types of class actions, plaintiffs may need to conduct discovery with percipient witnesses and class members in order to identify witnesses for trial who can present representative testimony or testimony on particular issues that are important in the case. The Ninth Circuit has held that testimony from such a group of class member witnesses is an important form of common proof in class actions challenging systemic policies or practices. *See, e.g., Armstrong v. Davis*, 275 F.3d 849, 871 (9th Cir. 2001), *abrogated on other grounds*, 543 U.S. 499, 504-05 (2005) (noting the district court's findings of fact regarding the treatment of 17 prisoners and parolees with disabilities, which was "symptomatic of [the] treatment of a broad class of inmates with disabilities"); *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1073 (9th Cir. 2010) (reversing injunction because of lack of sufficient evidence showing specific instances in

3

which class members were not being accommodated). Indeed, Defendant has proffered no specific reason why the contact information of potential witnesses and class members should not be produced in a disability civil rights class action in the same manner as in other types of class action cases, and the Special Master has been unable to identify any reason why such information would not be properly discoverable herein.

Defendant also argues that class member contact information should not be produced because doing so will infringe on the privacy interests of class members. In California, discovery can be limited on privacy grounds only if there "is a reasonable expectation of privacy," "the invasion of privacy is serious," and the court finds that the privacy interest outweighs the interest in producing the information. *Puerto v. Superior Court*, 158 Cal. App. 4th 1242, 1250-51 (2008). Where "there is no serious invasion of privacy no balance of opposing interests is required." *Id.* at 1256. **As the California Court of Appeal held in *Puerto*, the production of names and contact information is not a serious invasion of class member privacy.** *Id.* at 1253-54 (witness and class member contact information "is neither unduly personal nor overly intrusive"); *see also Tomassi*, 2008 WL 4722393 at *3 ("The disclosure of mere contact information, such as names and addresses, does not unduly interfere with one's right to privacy."). This is particularly true where the contact information is subject to a protective order requiring plaintiffs to keep the contact information of class members confidential and limiting the use of the information to the prosecution of the action in question. The Special Master finds that the production Plaintiffs seek would not seriously invade the privacy of class members and, in any event, Plaintiffs' need for the information in order to prosecute this class action outweighs the asserted privacy rights of class members.

Defendant argues that the Health Insurance Portability and Accountability Act ("HIPAA") forbids it from disclosing the identity and contact information of class members. Defendant, however, has not shown that it is a covered entity that must comply with HIPAA privacy disclosures. *See* 45 C.F.R. § 160.102 (privacy rules are applicable to health plans, health care clearinghouses, and health care providers who transmit health records electronically). Moreover, Plaintiffs do not seek medical or health information about class members, only their names and contact information. And even if the City of Los Angeles were covered by HIPAA, HIPAA's implementing regulations allow disclosure of

4

1 health information where ordered by a court. 45 C.F.R. § 164.512(e)(1)(i). The Special Master finds
2 that HIPPA does not prohibit the disclosure of the class member contact information at issue here.

3       Defendant also argues that when class members have contacted the City of Los Angeles, for
4 example when they have called the City's Department on Disability to make a complaint or request
5 assistance, the City has provided assurances that the information the class member provide would be
6 kept confidential. The evidence suggests that the Department on Disability does not have a policy or
7 practice of always informing constituents that their information would be kept confidential. The
8 evidence also shows that where Defendant does have a written policy of not disclosing constituent
9 information, the policy provides that information will be disclosed when required by law. This Order,
10 including the protective order described below, therefore permits Defendant to disclose the names and
11 contact information of constituents who may have contacted the City of Los Angeles or its various
12 departments. In addition, the Special Master finds that many of the constituents who contacted the
13 City of Los Angeles about access issues probably would have wanted their contact information
14 disclosed to Class Counsel because it is in their interest to facilitate greater access to Defendant's
15 pedestrian rights of way. *See Crab Addison v. Superior Court*, 169 Cal. App. 4th 958, 973 (2008)
16 ("While [the employees] clearly do not want their contact information broadly disseminated to third
17 parties, this does not mean they would want it withheld from plaintiffs seeking relief for violations of
18 employment laws in the workplace that they shared.") (internal quotation marks omitted).

19       The Special Master also finds that providing class members with an opportunity to opt out of
20 the disclosure of their names and contact information is not necessary. Unlike *Pioneer Electronics*,
21 where the California Supreme Court approved the use of an opt-out procedure, *see* 40 Cal. 4th at 365,
22 the Court has granted class certification and Class Counsel represent the class members whose
23 information will be produced, *Staton v. Boeing, Co.*, 327 F.3d 938, 960 (9th Cir. 2003) ("[C]lass
24 counsel ultimately owe their fiduciary responsibility to the class as a whole."); *Kleiner v. First Nat'l*
25 *Bank of Atlanta*, 751 F.2d 1193, 1207 n.28 (11th Cir. 1985) ("At a minimum, class counsel represents
26 all class members as soon as a class is certified."). "[M]ost courts have held that, '[o]nce a class has
27 been certified, the rules governing communications [with class members] apply as though each class
28 member is a client of the class counsel.'" *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847

1  (N.D. Cal. 2010) (quoting Manual of Complex Litig. § 21.33, at 300 (4th ed. 2004)) (second and third alterations in original).

### III.  SCOPE OF RELIEF

Plaintiffs seek to compel further responses to the following document requests:

111.  Any and all DOCUMENTS that describe, discuss, set forth, refer to, and/or relate to any incidents in which persons with MOBILITY IMPAIRMENTS have been injured while traveling in, around, or along the CITY'S PEDESTRIAN RIGHTS OF WAY.

112.  Any and all DOCUMENTS that include the names, addresses, phone numbers and/or email addresses of persons with MOBILITY IMPAIRMENTS, including but not limited to, complaints regarding physical access to any CITY facility, service, program, or activity, including the CITY'S PEDESTRIAN RIGHTS OF WAY, and any such DOCUMENTS regarding the use of the "Access" paratransit service.

Plaintiffs also seek to compel further responses to the following interrogatory:

18.  Please identify by name, ADDRESS, telephone number, and email address all persons with MOBILITY IMPAIRMENTS who reside, or have resided, within the City of Los Angeles. This interrogatory seeks only information within the possession, custody, and/or control of the CITY, and applies to the time period from August 4, 2008 to the present.

Plaintiffs have identified multiple possible sources of class member contact information in the possession and control of Defendant. The Special Master finds that all sources identified in the parties' briefs are relevant and discoverable. However, Plaintiffs have volunteered that they may not need class member contact information from every source if the more readily-available sources provide information about a sufficient number of class members to enable Plaintiffs to conduct necessary discovery and prepare for trial. Therefore, within seven (7) days of the date of this Order, Defendant must produce the following:

1.  The names and contact information of everyone to whom Defendant sent notice in the *Carter/Fahmie* litigation; and

///

6

2. The names and contact information of everyone who uses CityRide, Defendant's paratransit service.

In addition, within fourteen (14) days of the date of this Order, Defendant must produce the following:

3. Either: (a) the contact logs or similar records, from January 1, 2005 to the present, maintained by the City's Department on Disability containing the names and contact information of individuals who have contacted the Department seeking assistance or making a complaint; or (b) a list of the names and contact information of individuals who have contacted the City's Department on Disability, from January 1, 2005 to the present, seeking assistance or making a complaint. If Defendant chooses option 3(b), it must exclude from the list the names and contact information of persons who the contact logs describe as not having a mobility disability, for example, persons who are blind or deaf and do not also have a mobility disability; and

4. All entries from Defendant's tort claims database pertaining or relating to sidewalks and curb ramps, from January 1, 2005 to the present. The contact information to be included from each of these sources includes all information reasonably available to Defendant by which an individual might be reached, including, but not limited to, street addresses, city, state, and zip code, post office box, telephone numbers, email addresses, and fax numbers.

This Order requires Defendant to produce the categories of documents identified above without prejudice to Plaintiffs informing the Special Master that additional sources of class member contact information should be produced. Defendant must meet and confer with Plaintiffs at least four days before the production deadlines described above if Defendant is unable to produce any part of the lists or documents ordered to be produced. The parties shall then engage in good faith efforts to identify and implement solutions to the problem without undue delay. Either of the parties may notify the Special Master and request his assistance if the production is not completed by the deadlines described above.

///
///
///

7

## IV. PROTECTIVE ORDER

All of the documents and lists produced pursuant to this Order shall be produced subject to the following Protective Order. Plaintiffs and Class Counsel may use the material produced pursuant to this Order (hereinafter "Protected Material") only for prosecuting, defending, or attempting to settle this litigation. Defendant shall affix the legend "CONFIDENTIAL" to all Protected Material produced pursuant to this Order. The Protected Material may be disclosed only to Class Counsel and their support staff, expert witnesses and consultants hired by Class Counsel, counsel for Defendant, any party to this action, the Court and its personnel, including the Special Master, court reporters and their staff, the author, recipient, or subject of the Protected Material, and, during depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A (hereinafter "Receiving Parties").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized by this Order, the Receiving Party must immediately (a) notify Defendant in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

When the litigation has been terminated, and the Court no longer has jurisdiction of this matter, Receiving Parties must, as soon as practicable consistent with the requirements of their liability carrier(s), return all Protected Material to Defendant or destroy such material, informing Defendant of all steps taken to destroy said material. Protected Material includes all copies, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, but does not include correspondence sent between Class Counsel and class members whose contact information may be found in the Protected Material or the names and contact information of individuals who have consented to the retention of such information. For purposes of this Protective Order, "final disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action,

with or without prejudice; and (2) final judgment herein after the expiration of any period in which the Court has ongoing jurisdiction over the implementation of any settlement or injunction herein, the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law; or (3) such time as agreed to in writing by Plaintiffs and Defendant.

Notwithstanding the foregoing, Class Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. This Protective Order remains in effect until Defendant agrees otherwise in writing or a court order otherwise directs.

Nothing in this Order abridges the right of any person to seek its modification by the Court or Special Master in the future.

## V. CONCLUSION

For all of the foregoing reasons, the Special Master GRANTS Plaintiffs' Motion to Compel Class Member Contact Information, as set forth herein.

**IT IS SO ORDERED.**

Dated: November 26, 2012

Hon. James Larson (Ret.)
Special Master

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by Special Master James Larson on _____ [date] in the case of *Willits v. City of Los Angeles*, Case No. CV 10-05782 CBM, in the United States District Court for the Central District of California. I agree to comply with and be bound by all the terms of this Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

10