Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Sarah Colby (SBN 194475)
scolby@schneiderwallace.com
Jennifer A. Uhrowczik (SBN 302212)
juhrowczik@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105

Adam B. Wolf (SBN 215914)
awolf@prwlegal.com
Catherine Cabalo (SBN 248198)
ccabalo@prwlegeal.com
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE
4 Embarcadero Center, 14th Floor
San Francisco, CA 94104
Telephone: (415) 766-3592
Facsimile:  (415) 402-0058

Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
GOLDSTEIN BORGEN
DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, California 94612
Telephone: (510) 763-9800
Facsimile:  (510) 835-1417

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.:  5:16-cv-07013-LHK (SVK)<br><br>**[proposed] ORDER RE NOTICE TO PROPOSED CLASS MEMBERS** |

Pending before the Court is the parties' Joint Discovery Letter, filed December 14, 2017, regarding Plaintiffs' discovery requests seeking the names and contact information of the members of the proposed class in order to prepare their motion for class certification due on April 6, 2018. ECF __. The parties have agreed that a notice may be sent by a third party administrator to members of the proposed class informing them of Plaintiffs' request, but cannot agree on whether that notice should provide those individuals the ability to opt out of disclosure or require that they opt in. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court finds that a notice permitting members of the proposed class to opt out of disclosure of their names and contact information sufficiently protects their privacy interests, particularly given the protective order already in place.

I. BACKGROUND

Plaintiffs filed this putative class action on behalf of persons with mobility disabilities and their companions regarding Levi's Stadium and its related parking facilities, alleging violations of the Americans with Disabilities Act of 1990 and California's Unruh Civil Rights Act. ECF 1. Plaintiffs allege numerous access barriers and problems with purchasing accessible and companion seating. Plaintiffs have proposed the following three classes:

1) All persons with mobility disabilities who use wheelchairs, scooters or other mobility aids who have purchased, attempted to purchase, or for whom third parties purchased accessible seating and who have been denied equal access to the Stadium's facilities, services, accessible seating, parking, amenities, and privileges since July 17, 2014;

2) All persons with mobility disabilities who use wheelchairs, scooters or other mobility aids who will attempt to purchase accessible seating for a public event at Levi's Stadium and who will be denied equal access to the Stadium's facilities, services, accessible seating, parking, amenities, and privileges, including ticketing, during the three years prior to the filing of the Complaint herein through the conclusion of this action.

3) All persons who are companions of persons with mobility disabilities who use wheelchairs, scooters or other mobility aids and who have used or will use companion seating for public events located at Levi's Stadium since July 17, 2014.

ECF 78. The last day for Plaintiffs to file a motion for class certification is April 6, 2018.

On October 6, 2017, Plaintiffs served an interrogatory requesting the "name, address, telephone number, and email address [of] all persons who purchased accessible seating tickets from defendants for any event held at Levi's Stadium on or after July 17, 2014." They additionally served a request for production of documents seeking "all documents stating the identity of any and all persons who purchased accessible seating tickets from defendants for any event held at Levi's Stadium on or after July 17, 2014, including but not limited to, their name, address, telephone number, and/or email." Defendants served timely objections citing privacy concerns. The parties have agreed, in general terms, that a third party administrator could send a notice to these individuals regarding the pending lawsuit and the possible release of certain of their contact information to Plaintiffs. However, the parties disagree regarding the form of notice that should be sent. Plaintiffs have proposed an "opt-out" notice. Defendants contend that these persons should not be contacted by Plaintiffs without first providing their affirmative consent. The parties were unable to resolve the issue despite meet-and-confer efforts. They filed this dispute on December 14, 2017. ECF __.

## II. LEGAL STANDARD

Disclosure of the names of putative class members and their contact information is commonplace in class actions. *Artis v. Deere & Co.*, 276 F.R.D. 348, 351–52 (N. D. Cal., 2011) (collecting cases). Although courts recognize the privacy interests involved, they have repeatedly found that the type of information sought here does not implicate *serious* privacy concerns. *Id.* at 352-53. "[T]he privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories. While the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy the information sought by Plaintiff is not particularly sensitive." *Id.* (internal citations omitted). This is particularly true if those individuals are given notice and the opportunity to opt out of such disclosure. *Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 371–72 (2007).

\\

III. ANALYSIS

Defendants argue that the privacy concerns are heightened in this case because the information to be disclosed would allegedly constitute a disclosure of those individuals' medical conditions. That is incorrect. Plaintiffs seek a list of the names and contact information of persons who have purchased or attempted to purchase accessible and/or companion seating at Levi's Stadium. Nothing about the information sought would disclose the "medical condition" of the persons listed, merely that they are persons who requested accessible seating.

In order to claim a privacy interest, one must demonstrate a "reasonable expectation of privacy." "[C]ustoms, practices, and physical settings surrounding particular activities may create or inhibit reasonable expectations of privacy. . . . A 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms. *Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1, 36-37 (1994) (internal citations omitted).

The class members, as defined, are persons with mobility disabilities *who use a mobility aid, such as a wheelchair, scooter, or walker.* Their status as persons with mobility disabilities is therefore readily apparent to the public. It is also clear from their behavior that they do not wish to hide their disabilities. Accessible seating is clearly marked, and by requesting tickets for such seating, these individuals have manifested their desire to sit in a public space that will identify them as persons with disabilities. These individuals have no expectation of privacy in the fact that they have a mobility disability.

Plaintiffs seek this information to obtain evidence of typicality and commonality to prepare their motion for class certification. A requirement that the individuals who receive notice must then take an affirmative step to consent to the disclosure of their contact information ensures that the response rate will be low and will therefore hinder Plaintiffs' efforts. *See, e.g.*, *Aldapa v. Fowler Packing Inc.*, 310 F.R.D. 583, 588 (E. D. Cal. 2015).

Defendants cite two cases in support of their argument, neither of which are applicable here. In *Los Angeles Gay and Lesbian Center v. Superior Court*, 194 Cal.App.4th 288 (2011), the proposed class included "*patients* of the [Los Angeles Gay and Lesbian] Center who mistakenly received from the Center the wrong *medication for syphilis*." *Id.* at 292 (emphasis added). The

Center provided medical services. Defendants here do not, and this case has nothing to do with the provision of medical services. Moreover, syphilis is an invisible, sexually transmitted disease. Similarly, many individuals choose to keep their sexual orientation private. As such, individuals with such a condition have a high expectation of privacy in that information. That is not the case with mobility disabilities, particularly those which necessitate the use of a mobility device.

In *Cabral v. Supple, LLC*, No. EDCV 12-85-MWF (OPx), 2012 WL 12895825 (C.D. Cal., Oct. 3, 2012), the presence of one's name on a class list was effectively a disclosure of the individual's medical condition, arthritis. Arthritis is not obvious to the public as is a mobility disability that requires the use of a mobility aid. Moreover, purchasing medication to treat a medical condition privately in a pharmacy or by mail order is not inconsistent with an expectation of privacy. That is not true of sitting in designated accessible seating. Nor did the *Cabral* plaintiffs need a class list in order to file their motion for certification, which is not the situation here.

The Court finds that the privacy concerns implicated here are addressed by (1) the protective order, (2) the ability to opt out of disclosure, and (3) a requirement that Plaintiffs inform any individuals contacted from the list that they are under no obligation to speak with them. The Court therefore Orders the parties to use the opt-out notice provided by Plaintiffs as **Exhibit E** to the Joint Discovery Letter.

**SO ORDERED.**

Dated: _____

_____
SUSAN VAN KEULEN
United States Magistrate Judge