MATTHEW S. CONANT, SBN 94920
msc@llcllp.com
MARIA M. LAMPASONA, SBN 259675
mlampasona@llcllp.com
ALEXEI N. OFFILL-KLEIN, SBN 288448
aoffillklein@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:      (510) 433-2600
Facsimile:       (510) 433-2699

Attorneys for Defendants FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, FORTY NINERS STADIUM MANAGEMENT COMPANY LLC, CITY OF SANTA CLARA and SANTA CLARA STADIUM AUTHORITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, a Delaware limited liability company; FORTY NINERS SC STADIUM COMPANY, LLC, a Delaware limited liability company; NATIONAL FOOTBALL LEAGUE; CITY OF SANTA CLARA; SANTA CLARA STADIUM AUTHORITY; TICKETMASTER ENTERTAINMENT, INC.; FORTY NINERS STADIUM MANAGEMENT COMPANY LLC; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.  5:16-cv-07013-LHK<br><br>**[PROPOSED] ORDER RE: DISCLOSURE OF CUSTOMER CONTACT INFORMATION**<br><br>Hon. Susan van Keulen<br><br>Ctrm:     6<br><br>Trial:     April 22, 2019 |

/ / /

/ / /

# ORDER

At issue is a discovery dispute between the parties regarding the form of notice to be provided to defendants' customers regarding the present lawsuit. This a putative class action brought on behalf of persons with mobility disabilities and their companions regarding Levi's Stadium ("Stadium") and its related parking facilities alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and the Unruh Civil Rights Act. Plaintiffs contend that an "opt-out" notice provides these individuals with sufficient protections against any intrusion on these persons' right to privacy. Defendants contend that, in light of the fact that the customer list in question is a list of all individuals who have purchased accessible seating since the Stadium opened in 2014, disclosing this list of individuals effectively discloses their medical condition/status as individuals with disabilities, which courts have long held implicates serious privacy concerns. Further, because the list is not limited to individuals with mobility disabilities, defendants contend that providing notice to these individuals will entail questioning them about their respective disabilities.

While the disclosure contemplated is, on the surface, limited to contact information, the effect of this disclosure, under these circumstances, implicates more serious privacy interests than the disclosure of the contact information of individuals who had already complained about faulty DVD players (as in *Pioneer Electronics*), or who were defendant's employees (as in *Belaire-West*). In addition, this is pre-class certification discovery, and plaintiffs have not sufficiently demonstrated how obtaining this discovery is necessary to prepare for their class certification motion.

Accordingly, the Court finds that the most appropriate way to balance the competing interests is to require that these individuals provide their affirmative consent before their contact information will be released to plaintiffs' counsel. Because plaintiffs claim this discovery is necessary to prepare for class certification, and because it would be unjust to force defendants to contribute toward the disclosure of defendants' customers' contact information and the cost of sending notice to these individuals where the primary purpose of the discovery is to increase attorney's fees, the Court orders plaintiffs to bear the cost of sending notices to these individuals.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

*See generally Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978); *Boeynaems v. LA Fitness Int'l, LLC,* 285 F.R.D. 331, 334-41 (E.D. Pa. 2012).  The Court further orders the parties to meet and confer on the substance of the notice, in accordance with the rulings set forth in this order.  Notice is to be sent by a neutral administrator of the parties' choice.

Dated:

_____
The Hon. Susan van Keulen

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

31208-45806 AOFFILLKLEIN 686010.1   3   [PROP.] ORDER RE: DISCLOSURE OF CUSTOMER CONTACT INFORMATION
CASE NO. 5:16-CV-07013-LHK