United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDUL NEVAREZ, et al.,

          Plaintiffs,

    v.

FORTY NINERS FOOTBALL COMPANY, LLC, et al.,

          Defendants.

Case No.16-cv-07013-LHK   (SVK)

**ORDER REGARDING DECEMBER 14, 2017 JOINT DISCOVERY STATEMENT**

Re: Dkt. No. 108

## I.    RELEVANT BACKGROUND

On December 7, 2016, Plaintiffs filed this putative class action on behalf of persons with mobility disabilities and their companions regarding Levi's Stadium and its related parking facilities, alleging violations of the Americans with Disabilities Act of 1990 and California's Unruh Civil Rights Act. ECF 1. Now before the Court is the parties' dispute regarding the appropriate notice to be given to putative class members prior to release of their contact information in response to Plaintiffs' precertification discovery requests. ECF 108. Having reviewed the parties' submission, the Court grants Plaintiffs' request to obtain discovery prior to certification of the class using the opt-out procedure outlined by Plaintiffs.

On October 6, 2017, Plaintiffs Abdul Nevarez, et. al. ("Plaintiffs") served an interrogatory requesting Defendants Forty Niners Football Company LLC, Forty Niners SC Stadium Company LLC, and Forty Niners Stadium Management Company LLC ("Defendants") to "identify by name, address, telephone number, and email address all persons who purchased accessible seating tickets from Defendants for any event held at Levi's Stadium on or after July 17, 2014." ECF 108-3 at 4. Similarly, Plaintiffs served a request for production seeking all documents stating the "identity of any and all persons who purchased accessible seating tickets from Defendants for any

event held at Levi's Stadium on or after July 17, 2014, including but not limited to, their name, address, telephone number, and/or email."  ECF 108-4 at 4.

Defendants objected, *inter alia*, on the basis that releasing such information would infringe on the privacy interests of the putative class members.  ECF 108-3 at 4; ECF 106-4 at 4.  Through the meet and confer process the parties have agreed that Plaintiffs may have a third party administrator send a notice to individuals regarding the pending lawsuit and the possible release of certain of their contact information to Plaintiffs.  ECF 108 at 2.  However, the parties disagree regarding the form of notice that should be sent.  Plaintiffs have proposed an "opt-out" notice. Defendants contend that these persons should not be contacted by Plaintiffs without first providing their affirmative consent, or "opting in."

## II.    LEGAL STANDARD AND ANALYSIS

Prior to class certification under Rule 23, whether and to what extent  discovery will be permitted lies within the sound discretion of the trial court.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).  In seeking pre-certification discovery, the plaintiff bears the burden to either make a prima facie showing that the Rule 23 class action requirements are satisfied, or to show "that discovery is likely to produce substantiation of the class allegations." *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  Courts generally recognize the need for pre-certification discovery relating to class issues.  *See Vinole*, 571 F.3d at 942; *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006).

When a party makes a privacy objection to requested discovery on behalf of those whose information will be disclosed, a court "must balance the party's need for the information against the individual's privacy right . . ." *Tierno v. Rite Aid Corp., No.* C 05–02520 THE, 2008 WL *3287035, at *3* (N.D.Cal. July 31, 2008). The factors to be considered in evaluating such an objection were outlined by the California Supreme Court in *Pioneer Electronics, Inc. v. Superior Court*, 40 Cal.4th 360, 370–73 (2007), and summarized in *Tierno v. Rite Aid Corp.*, No. C 05–02520 THE, 2008 WL 3287035, at *3 (N.D.Cal. July 31, 2008):

> [F]irst, the claimant must have a "legally protected privacy interest," such as an interest in precluding dissemination of sensitive information or in making intimate personal decisions without

outside intrusion; second, the claimant must have a "reasonable expectation of privacy" founded on broadly based community norms; third, the invasion of privacy must be "serious"; and fourth, the privacy interest must outweigh the countervailing interests, such as discovery rights.

Defendants do not object to allowing the discovery sought by Plaintiffs at this precertification stage. ECF 108 at 4. Defendants, instead, seek an order that requires affirmative consent from the putative class members before their contact information may be disclosed by a third party administrator. Defendants argue that by disclosing the requested contact information, the disclosure will simultaneously reveal that the customer either has a mobility disability requiring the use of accessible seating, or purchased tickets on behalf of such individuals. Defendants equate such a disclosure with disclosing the existence of a medical condition that would result in an invasion of privacy.

Here, Defendants' customers may have a privacy interest in keeping their contact information and the fact that they have a mobility disability private. However, under the facts presented in this case, the Court does not find a reasonable expectation of privacy that would bar discovery of the requested information with proper safeguards in place.

Unlike the cases cited by Defendants, wherein a putative class member sought treatment for a specific illness such as syphilis or arthritis, here, the specific condition of each person will not be revealed. *Cf. L.A. Gay and Lesbian Center v. Superior Court,* 194 Cal.App.4th 288 (2011); *Cabral v. Supple*, No. 12-85-MWF, 2012 WL 12895825 (C.D. Cal. Oct. 3, 2012). Instead, the putative class members belong to a broad category of persons with mobility disabilities. Furthermore, unlike those persons in *Los Angeles Gay and Lesbian Center* and *Cabral*, the putative class members did not reveal their contact information and condition in order to seek medical treatment, a necessarily private endeavor. The customers here purchased tickets to sit in an area visible to the public that makes their mobility issues readily apparent. Accessible seating is clearly marked, and by requesting tickets for such seating, these individuals have manifested their desire to sit in a public space that will identify them as persons with disabilities. Thus, in this context the putative class members do not have a reasonable expectation of privacy in the fact that they have a mobility disability.

To the extent persons who purchased tickets for accessible seating wish to maintain their privacy, the opt-out procedure urged by Plaintiffs will allow them to do so. Not only is there a protective order in place in this case (ECF 97), which is often considered sufficient to protect the privacy interest in contact information, *see, e.g.*, *Salgado v. O'Lakes*, No. 1:13-CV-0798-LJO-SMS, 2014 WL 7272784, at *12 (E.D. Cal. Dec. 18, 2014); *Bell v. Delta Air Lines, Inc.*, No. C 13-01199 YGR (LB), 2014 WL 985829, at *4 (N.D. Cal. Mar. 7, 2014), but the opt-out procedure will allow individuals to refuse to have their contact information disclosed, should he or she be concerned about revealing that he or she has a mobility disability. *See Belaire–W. Landscape, Inc. v. Superior Court*, 149 Cal.App. 4th 554, 557 (2007). Moreover, Plaintiffs must inform each putative class member that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiffs' counsel will terminate the contact and not contact them again. Additionally, any communications must be fair and accurate, and must not be misleading, intimidating, or coercive. *See Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186, at *3 (N.D. Cal. June 25, 2013); *see also Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW MEJ, 2010 WL 1267749, at *4 (N.D. Cal. Apr. 1, 2010).

On balance, the Court finds that the putative class members' privacy interests as presented here will be adequately protected by and through the procedures outlined above. The parties are ordered to meet and confer by January 10, 2018, to finalize all procedures in accordance with this order.

**SO ORDERED.**

Dated: January 5, 2018

SUSAN VAN KEULEN
United States Magistrate Judge