UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL NEVAREZ, et al., <br> Plaintiffs, <br> v. <br> FORTY NINERS FOOTBALL COMPANY, LLC, et al., <br> Defendants. | Case No. 16-cv-07013-LHK (SVK) <br><br> **ORDER REGARDING JULY 11, 2018, JOINT DISCOVERY LETTER BRIEF** <br><br> Re: Dkt. No. 182 |

Before the Court is the Parties' July 11, 2018 Joint Discovery Letter Brief in which Plaintiffs seek further inspections of Levi's Stadium on an expedited basis. ECF 182. Specifically, Plaintiffs seek inspection of (1) entry gates/security checkpoints and (2) "satellite" Team Stores "as these are usually set up for event days" (collectively, "subject areas"). *Id.* For the reasons set forth below, Plaintiffs' request is **GRANTED**.

Although Plaintiffs' motion is prompted by the recent Order Continuing Case Management Conference ("CMC Order") issued on July 6, 2018, ECF 181, which set a July 27, 2018, deadline for Plaintiffs to file an amended complaint that "include[s] identification of all barriers," the Parties have known about the need to conduct inspections of the subject areas for several months.[1] Indeed, Plaintiffs raised the inspection of the two subject areas on January 26, 2018, while the parties were onsite conducting a five-day inspection. ECF 182 at 2. Defendants point out, and Plaintiffs do not deny, that Plaintiffs have not followed up directly since then, and Defendants claim that they offered to make at least one of the areas available during one of the March

---

[1] The Joint Letter, unhelpfully, sets out a long recitation by each Party complaining as to how the other side behaved during the inspections in January of this year. The only issue before the Court is whether additional inspections are currently warranted in a limited time frame.

1 inspections. *Id.* at 5.

2 What Plaintiffs have done in the intervening months is file three lists of barriers, file expert reports in support of class certification identifying additional barriers, and most recently, in preparation for mediation, submit yet another set of lists with yet more barriers. *See* ECF 181. Plaintiffs' preparation and production of these multiple barrier lists, without seeking to complete inspections of the subject areas, is troubling.

However, fact discovery closes in October, and it would not have been unreasonable for Plaintiffs to have been operating under an assumption that they had at least some additional time to address this issue. Plaintiffs correctly point out that the exigency of the situation, conducting these inspections in the next ten days and then filing an amended pleading, has arisen as a result of the CMC Order just issued on July 6, 2018. Plaintiffs promptly contacted Defendants on that date to schedule the inspections, Defendants objected, and the Parties' submitted the dispute to the Court on July 11, 2018. As a practical matter, Plaintiffs have moved quickly, once the deadline was imposed. That action, along with the strong interests of judicial economy to have all of Plaintiffs' viable claims in suit, supports granting Plaintiffs' request to complete the inspections in time to allow Plaintiffs to amend their complaint.

Defendants argue that they cannot accommodate inspections of the subject areas on such short notice, particularly as they are configured in relevant time periods. Defendants also cite an upcoming event, preparations for which further hinder inspections on short notice. The Court acknowledges these concerns and recognizes the burden to meet the July 27, 2018, deadline created by the Court's CMC Order. Nonetheless, the interests of judicial economy in establishing a complete factual foundation upon which to adjudicate the case outweighs these burdens.

Accordingly, Plaintiffs' request for further site inspections is **GRANTED**, with inspections to be completed no later than July 26, 2018.

**SO ORDERED.**

Dated: July 16, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge