UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL NEVAREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORTY NINERS FOOTBALL COMPANY, LLC, et al., <br><br> Defendants. | Case No. 16-cv-07013-LHK (SVK) <br><br> **ORDER REGARDING AUGUST 7, 2018, JOINT DISCOVERY LETTER** <br><br> Re: Dkt. No. 198 |

Before the Court is the Parties' August 7, 2018, joint discovery letter regarding Plaintiffs' Request for Admission No. 4 ("RFA No. 4"). ECF 198. Plaintiffs seek an order compelling Defendants to amend their responses to either admit or deny RFA No. 4, which reads: "Please admit that the construction of LEVI'S STADIUM was subject to the 2010 Standards for Accessible Design adopted by the United States Department of Justice." *Id.* at 1. Each of the Defendants served identical written responses, which provide in pertinent part that:

> Responding parties also object to this request as overbroad as to the definition of LEVI'S STADIUM, and because it is vague and ambiguous. The project commenced during a period of time (September 15, 2010 through March 15, 2012) that the designer could opt to use the 1991 ADA Standards, the Uniform Federal Accessibility Standards, or 2010 ADA Standards.

*Id.*

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Having considered the Parties' positions set forth in the August 7, 2018, joint discovery letter, the Court **DENIES** Plaintiffs' motion to compel Defendants to amend their responses to RFA No. 4.

Defendants' primary objection is that RFA No. 4 is vague and ambiguous. *Id.* at 4–5. Defendants base this objection on (1) the request's use of "subject to," and (2) Defendants'

position that both the 1991 Standards and the 2010 Standards potentially apply to Levi's Stadium. *Id.* at 4. Plaintiffs contend that this objection, and Defendants' other arguments that RFA No. 4 seeks a pure question of law, and Defendants lack sufficient information to admit or deny RFA No. 4, all lack merit. ECF 198 at 2. Plaintiffs argue that the potential applicably of multiple standards means that Defendants should have denied RFA No. 4 because "construction was not subject to any particular set of standards, including the 2010 standards." *Id.* at 2. But as currently stated, Plaintiffs' RFA No. 4 does not clarify that Defendants must make such a distinction. As a result, RFA No. 4 is vague and ambiguous in light of the fact that multiple standards may apply to Levi's Stadium.

Defendants' responses to RFA No. 4 reflect Defendants' position that the 2010 Standards may apply to Levi's Stadium, but not to the exclusion of the other standards. *Id.* at 4. Accordingly, Defendants' responses to RFA No. 4 are sufficient. Plaintiffs, however, remain free to serve another request that seeks an admission that the 2010 Standards were the only standards that apply to Levi's Stadium.

**SO ORDERED.**

Dated: August 17, 2018

SUSAN VAN KEULEN
United States Magistrate Judge