UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL NEVAREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, et al.,<br><br>Defendants. | Case No. 16-cv-07013-LHK (SVK)<br><br>**ORDER REGARDING DISCOVERY SUBMISSIONS ECF 244, ECF 245 AND ECF 246**<br><br>Re: Dkt. Nos. 244, 245, 246 |

On Thursday, October 11, 2018, Plaintiffs filed three motions to compel additional discovery in the subject action. ECF 244; ECF 245; ECF 246. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument. The Court responds to each request below.

## I. ECF 244: PLAINTIFFS' REQUEST FOR ADDITIONAL DEPOSITION TIME WITH THIRD PARTY HTNB.

Plaintiffs request an additional three and a half (3.5) hours of a Rule 30(b)(6) deposition of Howard, Needles, Tammen & Bergendofff ("HNTB"), the architectural firm for Levi's Stadium. ECF 244. Plaintiffs urge that there is good cause for the additional deposition time due to a variety of factors, including voluminous documents produced the day before the deposition and three Parties (Plaintiffs, Defendants and Third Party Defendant Turner/Devcon) sharing the deposition time. *Id.* at 2–3. Plaintiffs also complain that the 30(b)6 witness was unable to answer certain questions, but they do not seek an order directing the witness to respond to certain questions or categories of questions. ECF 244, 3. Plaintiffs represent that Defendants do not object to further deposition of this witness, provided that the deposition takes place in the Bay Area. *Id.* at 1. Plaintiffs further represent that Turner/Devcon received a draft of the Plaintiffs'

submission and have not responded. *Id.* Third Party HTNB objects on the grounds of burden as HTNB is a non-party and a non-resident of California. *Id.* at 3, 5.

The Court has considered the arguments on both sides including the role of HTNB in the matters at issue in the litigation, the discovery conducted thus far and the burden on a third party. In light of these considerations, the Court **ORDERS** as follows:

- Plaintiffs' request for additional deposition time is **GRANTED** on the following conditions:
    - Plaintiffs may have an additional two (2.0) hours for the HTNB Rule 30(b)(6) deposition.
    - The deposition is to take place no later than Friday, October 26, 2018, at a date, time and location of HTNB's choosing, provided the location allows for the deposition to proceed by video if necessary as noted below. If the deposition takes place in the Bay Area, Plaintiffs are to pay the reasonable travel costs for both the HTNB witness and one counsel. If the deposition takes place outside of the Bay Area, Plaintiffs are to pay the costs associated with allowing Defendants to participate by video if Defendants so choose.
- The Court notes that although Plaintiffs initially requested that HTNB also be ordered to produce additional documents (ECF 244 at 1), there was no argument presented regarding documents and no specific documents were identified. Therefore, Plaintiffs' request for the additional production of documents is **DENIED**.

**II. ECF 245: PLAINTIFFS' REQUEST FOR ADDITIONAL DEPOSITION OF THIRD PARTY DEFENDANT TURNER-DEVCON.**

This motion is **MOOT** in light of ECF 250 (granting the Parties' stipulation).

## III. ECF 246: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION OF THIRD PARTIES TICKETMASTER AND LIVE NATION.

Plaintiffs move to compel production of documents and depositions of Third Parties Ticketmaster and Live Nation. Plaintiffs timely served subpoenas on Ticketmaster and Live Nation for documents and depositions, engaged in meet and confer efforts, and now bring this timely motion to compel. ECF 246 at 1–2. Ticketmaster and Live Nation were originally defendants in the instant suit but were dismissed pursuant to a motion to compel arbitration. *Id*. at 1. Plaintiffs and Ticketmaster and Live are currently engaged in formal arbitration proceedings before JAMs. *Id*. Ticketmaster and Live Nation argue that the subpoenas served in this action are an end-run around the discovery restrictions in the arbitration proceedings. *Id.* at 5. Defendants object to the two additional depositions, noting that Plaintiffs have already taken twelve depositions in this matter, two in excess of the ten-deposition limit in the Federal Rules of Civil Procedure. *Id.* at 4–5.

The Court has considered the arguments of all three sides, including the role of Ticketmaster and Live Nation in the matters at issue in the litigation, the discovery conducted thus far and the current arbitration proceedings. Regarding Plaintiffs' request for depositions in excess of the ten-deposition limit, Ticketmaster and Live Nation are third parties with information directly relevant to Plaintiffs' claims in this action, more specifically information that that Defendants' sole witness on this subject did not appear able to provide. *Id*. at 3. The Court is mindful of the depositions taken to date and regards the requisite "good cause" to exceed the ten-deposition limit as a high standard that continues to rise with each request for additional depositions. The Court also notes that Plaintiffs have indicated that they may not need two full additional depositions in this instance. *Id*. at 5.

Regarding the arbitration proceedings between Plaintiffs and Ticketmaster and Live Nation, that proceeding by itself does not excuse Ticketmaster and Live Nation from complying with properly served subpoenas in this federal action. Regardless of the arbitration proceedings, Ticketmaster and Live Nation are third parties with relevant information to the action before this

3

Court.  Importantly, Plaintiffs have constructively and satisfactorily addressed the Third Parties' concerns with a stipulation not to use any of the documents or depositions produced in this action in the arbitration.

Accordingly, the Court **ORDERS** five (5) additional hours total of deposition on the subject matter set forth in ECF 246, to be directed at no more than two (2) witnesses.  Said deposition(s) to take place no later than October 30, 2018, and at a date, time and location of the Third Parties' choosing.  Plaintiffs and Third Parties Ticketmaster and Live Nation are ordered to meet and confer immediately regarding the production of documents, with such production to be completed no later than forty-eight (48) hours in advance of the deposition.

**SO ORDERED.**

Dated: October 16, 2018

SUSAN VAN KEULEN
United States Magistrate Judge