UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDUL NEVAREZ, et al.,

        Plaintiffs,

    v.

FORTY NINERS FOOTBALL
COMPANY, LLC, et al.,

        Defendants.

Case No. 16-cv-07013-LHK  (SVK)

**FURTHER ORDER REGARDING THE PARTIES' OCTOBER 8, 2018 JOINT DISCOVERY LETTER**

Re: Dkt. Nos. 238, 241

Pursuant to the Court's October 10, 2018 Order granting Plaintiffs' motion to compel a date certain for Defendants' ESI production (ECF 241), on October 15, 2018, the Parties appeared before the Court for a status conference on Defendants' ESI production efforts.

First, the Court was pleased to note that the Parties have engaged in robust meet and confer efforts to enable Defendants to meet the ESI production deadlines of October 19, 2018.  As noted at the hearing, efforts to facilitate the productive of responsive documents, while always a challenge with ESI, promote litigation and judicial efficiency and therefore benefits all parties. The Court expects the Parties to continue these efforts until the production is complete.

Second, Defendants expressed concerns regarding the approximately 297,000 documents currently identified by search terms but as yet unreviewed, particularly with certain search terms continuing to return some percentage of non-responsive documents.  Defendants expressed particular concern for non-responsive documents that may contain privileged information or raise third-party privacy concerns that may be produced absent review of the documents in advance of production.   This dilemma is not uncommon in ESI productions.  Defendants have, constructively, adopted the use of predictive artificial intelligence programs to assist in the identification of non-responsive documents en masse within the unreviewed documents.

However, Defendants do not have sufficient data from those programs to argue for a supportable "cut-off" point among the unreviewed documents to avoid producing, and thus reviewing, some portion of the 297,000 documents. Given that the Parties are already well past the close of discovery, there is not time to develop such an argument, and the Court will not permit Defendants to adopt such a cut-off point arbitrarily. Fortunately, the Parties have other safeguards in place to prevent the mis-use of produced documents that contain the agreed upon search terms but are either unresponsive, privileged or otherwise protected, such as the Protective Order (ECF 97) and Federal Rule of Evidence 502(b) protections against inadvertent disclosures, which the Parties have agreed will apply under these circumstances.

The Parties may, at Defendants discretion, continue to meet and confer regarding the use of predictive coding as a means of identifying documents that are unlikely to be responsive and thus do not need to be produced in this action. However, absent any agreement on such identification, Defendants' entire ESI production, whether or not Defendants have been able to review all of the documents in advance of production, must be turned over to Plaintiffs by 5:00 p.m. on Friday, October 19, 2018, as previously ordered by the Court. *See* ECF 241.

The Court further **ORDERS** that Defendants submit an affidavit on October 19, 2018, executed by counsel under penalty of perjury, that the ESI production has been completed. If the affidavit is not provided, counsel for Plaintiffs and Defendants are **ORDERED** to appear before this Court on Monday, October 22, 2018 at 1:30 p.m. for assessment of sanctions pursuant to this Court's October 10, 2018 Order.

**SO ORDERED.**

Dated: October 16, 2018

SUSAN VAN KEULEN
United States Magistrate Judge