UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDUL NEVAREZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, et al.,<br><br>    Defendants. | Case No. 16-CV-07013-LHK<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND STAYING CASE FOR CASE NARROWING AT NEXT CASE MANAGEMENT CONFERENCE**<br><br>ECF Nos. 282, 288 and 299-1 |

Plaintiffs allege that over 2,500 physical access barriers at Levi's Stadium and its related parking and pedestrian right of way facilities violate the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). ECF No. 288 at 2-3; *see also* ECF No. 195-1 (attachment to the fourth amended complaint listing alleged physical access barriers).

Plaintiffs filed the complaint in this action on December 7, 2016. ECF No. 1. Throughout this case, Plaintiffs' identification of alleged physical access barriers has been a moving target. As a result, the Court ordered Plaintiffs to file lists of alleged physical access barriers on March 9 and 14, 2018, and on April 4, 2018. ECF No. 123. However, even after those filings, Plaintiffs' lists of alleged physical access barriers continued to change. On April 6, 2018, Plaintiffs filed their expert

1

reports in support of their motion for class certification; these expert reports identified additional alleged physical access barriers beyond those identified in the lists Plaintiffs filed with the Court. ECF No. 181 at 1. Plaintiffs subsequently produced to Defendants lists of alleged physical access barriers that identified even more barriers than what was identified in Plaintiffs' expert reports. *Id.* at 2. As a result, on July 6, 2018, the Court required Plaintiffs to amend their complaint by July 27, 2018 to identify all alleged physical access barriers.[1] *Id.*

Plaintiffs allege that there are over 2,500 physical access barriers at Levi's Stadium. ECF No. 288. Litigating this quantity of alleged physical access barriers is simply unmanageable for the Court and for any jury.

Not surprisingly, Plaintiffs' motion for partial summary judgment is unwieldy. ECF No. 288. Plaintiffs' motion includes a proposed order totaling 200 pages. ECF No. 288-6. Plaintiffs' declarations and exhibits in support of its motion and reply total 1,458 pages. ECF Nos. 288-1, 316-1. In addition, Plaintiffs filed over 700 pages of additional supporting exhibits. ECF Nos. 289-296. Plaintiffs' motion is so unwieldy that the notice of motion itself is 5 pages and violates Civil Local Rule 7-2(b)(3), which states that the notice of motion shall contain a "concise statement of what relief or Court action the movant seeks."

Moreover, since the initial case management conference on August 16, 2017, the deadline for filing motions for summary judgment has been December 20, 2018. ECF Nos. 87, 103, and 123. Plaintiffs filed their motion for partial summary judgment on December 20, 2018. ECF No. 288. A week later, on December 27, 2018, Plaintiffs filed a revised motion for partial summary judgment. ECF No. 299-1. This revised motion is untimely.

Adding to the complexity of Plaintiffs' motion for partial summary judgment is the fact that each alleged physical access barrier at issue must be analyzed under 3 separate building code

---

[1] Plaintiffs have not sought to expedite resolving the alleged physical access barriers at Levi's Stadium. In fact, Plaintiffs filed on August 13, 2018, a motion for a temporary restraining order to enjoin the first filed case against Levi's Stadium, which was filed on October 12, 2015, from engaging in a mediation and resolving some of the alleged physical access barriers at Levi's Stadium. ECF No. 200-1 at 1. The Court rejected Plaintiffs' motion. ECF No. 209.

standards. According to federal regulations governing Title II of the ADA, "[i]f physical construction or alterations commence on or after September 15, 2010 and before March 15, 2012, then new construction and alterations subject to this section may comply with one of the following: The 2010 Standards . . . or the 1991 Standards . . . ." 28 C.F.R. § 35.151(c)(2). The same applies under Title III of the ADA. 75 Fed. Reg. 56236-01, 56303 ("[P]ublic accommodations that choose to comply with the 2010 Standards in lieu of the 1991 Standards prior to the [March 15, 2012] compliance date described in this rule must choose one or the other standard, and may not rely on some of the requirements contained in one standard and some of the requirements contained in the other standard."). In their summary judgment motions, the parties do not provide the date when physical construction of Levi's Stadium began.

Moreover, the ADA provides that where state law "provides greater or equal protection for the rights of individuals with disabilities than are afforded by [the ADA]," state law applies. 42 U.S.C. § 12201(b). "Since 1981, Title 24 of the California Code of Regulations, also known as the California Building Code, has set forth accessibility requirements for public accommodations." *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1074 (N.D. Cal. 2014). Thus, in addition to the 2010 ADA Standard or the 1991 ADA Standard, parts of the stadium may have to comply with the California Building Code instead. So, there are 3 relevant standards: the 2010 ADA Standard, the 1991 ADA Standard, and the California Building Code.

Although Plaintiffs' motion for partial summary judgment asked the Court to determine which building code standard applies, ECF No. 299-1 at 9-12, the parties provided scant evidence to enable the Court to rule on the matter and did not provide the date when physical construction of Levi's Stadium began. Plaintiffs claimed that which building code standard applies is a legal issue easily resolved on summary judgment because the Stadium designer allegedly selected the 2010 ADA Standard. *Id.* However, Defendants contend that the Stadium designer was an independent contractor on the Stadium project, and was not Defendants' employee, agent, or representative. ECF No. 302 at 8. Plaintiffs' reply argued that the Stadium designer, in allegedly

3

selecting the 2010 ADA Standard to follow, was acting as the Defendants' agent. ECF No. 316 at 4. Nevertheless, the law is clear that "[t]he existence of an agency relationship is a factual question." *Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*, 148 Cal. App. 4th 937, 965 (2007); *see also Viera v. Chehaiber*, 2008 WL 11340063, at *5 (C.D. Cal. Aug. 11, 2008) ("[W]hether there was an agency relationship . . . is a factually driven question . . . ."). Clearly, the agency issue is not a legal issue easily resolved on summary judgment. Moreover, had there been more evidence regarding the agency relationship between the Stadium designer and the Defendants, the Court believes that there still would have been a material factual dispute over which building code standard applies to each alleged physical access barrier. Thus, as each alleged barrier must be analyzed under 3 separate building code standards, the motion for partial summary judgment becomes further unwieldy. Plaintiffs attempt to litigate around 30 different access barriers in their motion for partial summary judgment, meaning that the Court must conduct around 90 different analyses. Moreover, at trial, a jury would have to analyze each barrier under 3 different building code standards.

    The Court and the jury cannot conduct an 8-day jury trial of over 2,500 alleged access barriers analyzed under 3 separate building code standards for potentially 7,500 separate analyses. Only a manageable number of claims will be the subject of summary judgment motions and at issue in the pretrial conference and trial. Therefore, Plaintiffs' motion for partial summary judgment, ECF No. 288, is DENIED without prejudice. Defendants' motion for partial summary judgment, ECF No. 282, is also DENIED without prejudice. The Court hereby VACATES the final pretrial conference and jury trial dates. Moreover, the Court STAYS the case until the already scheduled March 6, 2019 case management conference, so that the parties shall have time to meet and confer regarding a plan to narrow the number of alleged physical access barriers to be litigated through trial. The clerk shall administratively close the case file during the stay. This is a purely internal administrative procedure that does not affect the rights of the parties. The parties are encouraged to consider participating in alternative dispute resolution during the stay.

4

Case No. 16-CV-07013-LHK
ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND STAYING CASE FOR CASE NARROWING AT NEXT CASE MANAGEMENT CONFERENCE

1   The Court's inherent authority to vacate the current trial date and stay the case is grounded
2   in well-established United States Supreme Court and Ninth Circuit authority. Specifically, the
3   United States Supreme Court has "held that district courts have the inherent authority to manage
4   their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."
5   *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892–93 (2016). *See also , e.g.*, *Landis v. North American Co.*,
6   299 U.S. 248, 254 (1936) (district court has inherent power to stay proceedings pending resolution
7   of parallel actions in other courts); *Link v. Wabash R. Co.*, 370 U.S. 626, 631–632 (1962) (district
8   court has inherent power to dismiss case sua sponte for failure to prosecute); *Chambers v. NASCO, Inc.*,
9   501 U.S. 32, 44 (1991) (district court has inherent power to vacate judgment procured by
10  fraud); *United States v. Morgan*, 307 U.S. 183, 197–198 (1939) (district court has inherent power
11  to stay disbursement of funds until revised payments are finally adjudicated). "It is well
12  established that '[d]istrict courts have inherent power to control their docket.'" *Ready Transp., Inc.
13  v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v.
14  Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)).

    Each side shall select up to 6 alleged physical access barriers to litigate through summary judgment, the pretrial conference, and trial. On March 1, 2019, the parties shall file a joint case management conference statement identifying their 6 alleged physical access barriers and proposing a new case schedule through trial. At the March 6, 2019 case management conference, the Court will set a new case schedule through trial on the parties' selected alleged physical access barriers and will try to adopt an expedited schedule. After the trial, the Court will request that the parties engage in alternative dispute resolution before discussing whether a subsequent trial of a limited number of additional alleged physical access barriers is appropriate.

**IT IS SO ORDERED.**

Dated: February 5, 2019

_____
LUCY H. KOH
United States District Judge

Case No. 16-CV-07013-LHK
ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND STAYING CASE FOR CASE NARROWING AT NEXT CASE MANAGEMENT CONFERENCE