Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark T. Johnson (SBN 76904)
mjohnson@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
  KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100; (415) 421-7105 (Fax)

Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
Katharine L. Fisher (SBN 305413)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Adam B. Wolf (SBN 215914)
awolf@pwcklegal.com
Catherine Cabalo (SBN 248198)
ccabalo@pwcklegeal.com
PEIFFER WOLF CARR & KANE
4 Embarcadero Center, 14th Floor
San Francisco, CA 94104
(415) 766-3592; (415) 402-0058 (Fax)

*Attorneys for Plaintiffs and the Certified Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ, on behalf of themselves and all others similarly situated, and SEBASTIAN DEFRANCESCO,<br><br>Plaintiffs,<br><br>vs.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.: 5:16-cv-07013-LHK (SVK)<br><br>**STIPULATION REGARDING ALLEGED BARRIERS SELECTED FOR FIRST TRIAL** |

1   WHEREAS, Plaintiffs Abdul Nevarez, Priscilla Nevarez and Sebastian DeFrancesco
2   ("Plaintiffs") are pursuing this certified class action against Defendants Forty Niners Football
3   Company, LLC, Forty Niners SC Stadium Company, LLC, Forty Niners Stadium Management
4   Company LLC, City of Santa Clara, and Santa Clara Stadium Authority ("Defendants"), alleging that
5   Levi's® Stadium ("the Stadium"), the Stadium's parking lots, and the pedestrian right of way
6   connecting the Stadium to its parking lots are inaccessible to persons with mobility disabilities;

7   WHEREAS, pursuant to the Court's case management order (ECF No. 87), the Parties filed
8   cross-motions for partial summary judgment on December 20, 2018; oppositions thereto on January 3,
9   2019; and replies on January 10, 2019;

10   WHEREAS, the Court's February 5, 2019 order (ECF No. 328) denied both motions without
11   prejudice and ordered Plaintiffs and Defendants to select six "alleged physical access barriers" each to
12   litigate through summary judgment, the pretrial conference, and trial, if necessary;

13   WHEREAS, Defendants deny any and all liability, and deny that they have violated any laws,
14   including without limitation, the ADA and the Unruh Civil Rights Act, pertaining to access for persons
15   with mobility disabilities and their companions;

16   WHEREAS, pursuant to the Court's orders (ECF Nos. 328 and 333), on March 27, 2019, the
17   Parties filed a joint case management conference statement (ECF No. 335) identifying six alleged
18   barriers each to be litigated through summary judgment, pretrial and trial:

19   WHEREAS, Plaintiffs selected: (1) the curb ramp located at the Northwest corner of the
20   intersection of Democracy Way and Old Ironsides Drive which has excessive slopes; (2) the
21   designated accessible seating for Section 112-108 Row 1W which has excessive slopes; (3) the drink
22   rail at Levi's 501 Club South that exceeds accessible height limits and does not provide an accessible
23   section; (4) the dining counter/drink rail in the Bourbon Pub that exceeds accessible height limits and
24   does not provide accessible spaces; (5) the handrail extensions at the ramp serving the designated
25   seating at Sections 112-108 Row 1W that are too short; and (6) the failure to provide the required
26   number of accessible car and van parking spaces for Levi's Stadium (*See* ECF No. 335 at 3);

27   WHEREAS, Defendants selected: (1) Accessible seating in the outdoor portion of Levi's
28   Stadium adjacent to suite 517, (2) Stadium ticket sales procedures, (3) Height of countertops in Main

1
STIPULATION RE ALLEGED BARRIERS SELECTED FOR FIRST TRIAL - CASE NO. 5:16-CV-07013-LHK (SVK)

733612.19

1  Team Store at Gate A, (4) Signage on women's restroom 3.43.02 and men's restroom 03.44.02, (5)

2  Dimensions of accessible seating areas on one single accessible seating platform (Blackseth Report

3  page 27), and (6) Relevance of pedestrian rights-of-way to access of Levi's Stadium (legal issue).

4        WHEREAS, the Court's April 3, 2019 case management order (ECF No. 336) instructs the

5  parties to "stipulate to the extent possible to the following: (1) whether the selected alleged barriers are

6  representative of any other alleged barriers in the instant case; (2) which building code is applicable to

7  each selected alleged barrier; and (3) regardless of the applicable building code, what the requirements

8  are for each selected alleged barrier;"

9        WHEREAS, Plaintiffs and Defendants have met and conferred and have identified, for each of

10  the selected alleged barriers, those facts to which they could stipulate falling within the three categories

11  identified by the Court, as specified below;

12        THEREFORE, pursuant to the Court's case management order (ECF No. 336) Plaintiffs and

13  Defendants hereby stipulate to the following:

**A.**   **Plaintiffs' Selected Alleged Barriers**

    **1.**   **Plaintiffs' First Selected Alleged Barrier – challenging the excessive running, counter, and side-flare slopes of the curb ramp located at the northwest corner of the intersection of Democracy Way and Old Ironsides Drive.**

        **a.**   **Plaintiffs' First Selected Alleged Barrier is governed by the following building code(s):**

The 1991 ADAAG, based on the Parties' agreement that the selected curb ramp "was constructed or altered after July 26, 1992" in their October 8, 2018 Stipulation of Facts Regarding PROW Construction or Alteration Dates (No. 36).

        **b.**   **Under any potentially applicable building code, whether it be the 1991 ADAAG, the 2010 ADAS, or the 2010 CBC, Plaintiffs' First Selected Condition (along with the slopes of the other curb ramps listed above) is subject to the following requirements:**

- The running slope of the curb ramp may not exceed 1:12 (or 8.33%) plus conventional industry tolerances;

- The counter slope of the curb ramp may not exceed 1:20 (or 5%) plus conventional industry tolerances; and
- The slope of the side flares shall not be steeper than 1:10 (or 10%) plus generally accepted construction tolerances, or where there is no top landing, shall not be steeper than 1:12 (or 8.33%) plus conventional industry tolerances.

These requirements are the same as those set forth in the 2010 ADAS and all versions of the CBC issued since 1982.

**2. Plaintiffs' Second Selected Alleged Barrier – challenging the excessive slopes of the designated accessible seating for Section 112-108 Row 1W:**

    **a. Under any potentially applicable building code, whether it be the 1991 ADAAG, the 2010 ADAS, or the 2010 CBC, Plaintiffs' First Selected Barrier (along with the slopes of the other seating areas listed above) is subject to the following requirements:**

The 2010 CBC and 1991 ADAAG require that accessible seating spaces "be level."

**3. Plaintiffs' Third and Fourth Selected Alleged Barriers – challenging drink rails at Levi's 501 Club South and Bourbon Pub, respectively, as exceeding accessible height limits and failing to provide accessible sections:**

    **a. Plaintiffs' Third and Fourth Selected Alleged Barriers are governed by the following building code(s):**

The 2010 CBC. The parties do not agree on the applicable federal standards, but the requirements regarding this alleged barrier are the same across the 2010 CBC, 1991 ADAAG, and 2010 ADAS (see below).

    **b. Under any potentially applicable building code, whether it be the 1991 ADAAG, the 2010 ADAS, or the 2010 CBC, Plaintiffs' Third and Fourth Selected Alleged Barriers (along with the other barriers listed above) are subject to the following requirements:**

- The height of the accessible section of the dining surface must measure between 28 inches minimum and 34 inches maximum from the floor.

- The accessible section of the dining surface must allow for forward approach, including knee clearance at least 27 inches high, 30 inches wide, and 19 inches deep.

4. **Plaintiffs' Fifth Selected Alleged Barrier – challenging the handrail extensions at the ramp serving the designated seating at Sections 112-108 Row 1W as being too short:**

    a. **Plaintiffs' Fifth Selected Alleged Barrier is governed by the following building codes:**

The 2010 CBC. The parties do not agree on the applicable federal standards, but the requirements regarding this barrier are the same across the 2010 CBC, 1991 ADAAG, and 2010 ADAS (see below).

    b. **Under any potentially applicable building code, whether it be the 1991 ADAAG, the 2010 ADAS, or the 2010 CBC, Plaintiffs' Fifth Selected Alleged Barrier is subject to the following requirements:**

Handrails must extend 12 inches beyond the top and bottom of ramps and the top of stairs. Bottom handrails on stairs must extend 12 inches plus one tread width beyond the bottom nosing of the stairs.

5. **Plaintiffs' Sixth Selected Alleged Barrier – challenging the failure to provide the required number of accessible car and van parking spaces for Levi's Stadium:**

    a. **Plaintiffs' Sixth Selected Alleged Barrier is a stand-alone alleged barrier, and is based on the Parties' Stipulation that all of the accessible parking spaces they are required to provide are clustered in the Main Lot.**

    b. **Plaintiffs' Sixth Selected Alleged Barrier is governed by the following building codes:**

The 2010 CBC. The parties do not agree on the applicable federal standards, but the requirements regarding this alleged barrier are the same across the 2010 CBC, 1991 ADAAG, and 2010 ADAS (see below).

    c. **Under any potentially applicable building code, whether it be the 1991**

**ADAAG, the 2010 ADAS, or the 2010 CBC, Plaintiffs' Sixth selected issue is subject to the following requirements:**

The required number of accessible spaces, when clustered in a single lot, is calculated based on the number of spaces required for each parking facility that serves the site, according to the following formula:

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100, or fraction thereof, over 1000 |

B.  **Defendants' Selected Alleged Barriers**

1.  **Defendants' Fourth Selected Alleged Barrier – Signage on Women's Restroom 3.43.02 and Men's Restroom 3.44.02:**

    a.  **Defendants' Fourth Selected Barrier is governed by the following building codes:**

The Parties disagree on the applicable Code provisions, but agree the signage requirements for restrooms are the same under the 1991 ADAAG, 2010 ADAS, and 2010 CBC.

**IT IS SO STIPULATED.**

DATED:  April 24, 2019

              LOMBARDI, LOPER & CONANT, LLP

              By:  */s/ Maria M. Lampasona*
                   MARIA M. LAMPASONA
                   Attorneys for Defendants

DATED:  April 24, 2019

              GORDON REES SCULLY MANSUKHANI, LLP

            By:  */s/ Brian P. Maschler*
                   BRIAN P. MASCHLER
                   Attorneys for Defendants

DATED:  April 24, 2019

              JEFFER MANGELS BUTLER & MITCHELL LLP

            By:  */s/ Stuart K. Tubis*
                   STUART K. TUBIS
                   Attorneys for Santa Clara Defendants

DATED:  April 24, 2019

              GOLDSTEIN, BORGEN, DARDARIAN & HO

            By:  */s/ Andrew P. Lee*
                   ANDREW P. LEE
                   Attorneys for Plaintiffs and Certified Classes

DATED:  April 24, 2019

              O'HARA ♦ CREECH

            By:  */s/ Randy Creech*
                   RANDY CREECH
                   Attorneys for Third-Party Defendant Turner / Devcon

**ATTESTATION OF FILER**

I, Andrew P. Lee, attest that concurrence in the filing of this document has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document. Signed this 24th day of April, 2019.

*/s/ Andrew P. Lee*
Andrew P. Lee