EXHIBIT 1



ADA CONSULTANT SERVICES
6207 South Walnut Street, Suite 800
Loomis, CA 95650
(916) 660-1916
(916) 660-9378 FAX

# Rebuttal Expert Report
LOMBARDI LOPER & CONANT, LLP

| | |
|---|---|
| Case Name: | Nevarez, et al. v. Forty Niners Football Company, LLC, et al. |
| Case No.: | 5:16-cv-07013 |
| Prepared for: | Defendants Forty Niners Football Company, LLC; Forty Niners SC Stadium Company, LLC; and Forty Niners Stadium Management Company, LLC. |
| | Maria M. Lampasona, Esq.<br>Lombardi Loper & Conant, LLP<br>Lake Merritt Plaza<br>1999 Harrison St., Ste. 2600<br>Oakland, CA 94612-3541 |

## Table of Contents

Designation as Expert ....……………………………………………………………...3

Documents Reviewed…………………………………………………………………3

Qualifications and Experience……..…………………………………………………3

Expert Testimony……………………………………………………………………..4

Compensation…………………………………………………………………………5

Opinions..……………………………………………….……………………………..5

Facts or Data Considered……………………………………………………………..6

Exhibits………………………………………………………………………………6

## I. DESIGNATION *AS AN ACCESSIBILITY EXPERT*

1.  Defendants Forty Niners Football Company, LLC; Forty Niners SC Stadium Company, LLC; and Forty Niners Stadium Management Company, LLC ("the Forty Niners") have retained me as a rebuttal expert witness in this lawsuit.

## II. DOCUMENTS REVIEWED

2.  In the preparation of this Report I have reviewed and considered the documents, information and sources listed in the attached Exhibit A. I have also reviewed and considered both the Americans with Disabilities Act, the Americans with Disabilities Act Title III Regulations and the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), the 2010 ADA Standards (ADAS), as well as the Technical Assistance Manual published by the United States Department of Justice (USDOJ) which interprets and applies the Americans with Disabilities Act and Guidance documents issued by USDOJ.

## III.  QUALIFICATIONS AND EXPERIENCE

3.  I am a specialist in disabled access for persons with physical disabilities.

4.  I am and have continuously been a Certified Access Specialist (CASp), certified by the State of California since 2009. I have been designated as a Subject Matter Expert by the California Division of State Architects (DSA) since 2014. In my capacity as a Subject Matter Expert, I have participated in the development and review of the materials used by DSA as part of the examination given to person testing to become a Certified Access Specialist in the State of California.

5.  Since 2012, I have taught courses on the disabled access requirements

under the Americans with Disabilities Act (ADA) and the California Building Code (CBC). These courses have included instruction on the disabled access requirements under ADAAG, ADAS, as well as the disabled access requirements under each edition of the CBC, sometimes referred to as Title 24 of the California Code of Regulations.

6.     I own and operate ADA Consultant Services and I have performed more than 500 accessibility evaluations of both private and public entity facilities. These evaluations have included evaluation of ticketing facilities and practices.

7.     I received a Bachelor's of Arts degree from Western Oregon University in 1977 and a Juris Doctorate degree from the University of the Pacific, McGeorge School of Law in 1981. I have been a licensed attorney in the State of California since 1981 and have been a licensed attorney in the State of Nevada since 1985.

8.     I am knowledgeable about the Americans with Disabilities Act, the implementing regulations and ADAAG, ADAS, as well as the Title III Technical Assistance Manual and Guidance documents published by the United States Department of Justice.

### IV.  EXPERT TESTIMONY

9.     During the past four years I have testified as an expert witness in deposition in the following cases:

*Zaldivar v. City of San Diego*
Unites States District Court for the Southern District of California
Case No. 15cv0067-GPC-RBB

*Minson, et al., v. Oakmont Senior Living, LLC*
Sonoma County Superior Court
Case No. SCV-261552

## V. COMPENSATION

10. I am being compensated for my work as an expert witness in this case at the rate of $395 per hour for review of documents and information, analysis and preparation of opinions and at a rate of $495 per hour for deposition and/or trial testimony. Travel time is compensated at the rate of $125 per hour portal to portal with mileage compensation at the current IRS reimbursement rate together with reimbursement of actual costs incurred.

## VI. OPINION & BASIS

11. The ticketing practices and policies analyzed by Plaintiffs' experts and employed by Defendants (Forty Niners Football Company, LLC; Forty Niners SC Stadium Company, LLC; City of Santa Clara; Santa Clara Stadium Authority; and Forty Niners Stadium Management Company LLC) comply with the ticketing requirements of the ADA. The basis for this opinion is that all single event ticket holders are permitted to change the location or type of their seating in the same manner on first come-first served basis on the day of the event. No single event ticket holder, whether disabled or otherwise is able to change the location or type of their seating via telephone or online.

12. The alternative ticketing process and/or procedures described in the Expert Report of Matthew Grasser are not required to comply with the ticketing requirements of the ADA. The basis for this opinion is that the ADA prohibits discrimination based on disability, but does not require use of any particular technology so long as person with disabilities are not treated any differently than persons without disabilities. I have found no evidence that disabled single event ticket holders are treated any differently than single event ticket holders who do not have a disability.

13. The alternative ticketing process and/or procedures described in the

5

Expert Report of William Michael Rafael are not required to comply with the ticketing requirements of the ADA. The basis for this opinion is that the ADA prohibits discrimination based on disability, but does not require use of any particular technology so long as person with disabilities are not treated any differently than persons without disabilities. I have found no evidence that disabled single event ticket holders are treated any differently than single event ticket holders who do not have a disability.

## VII. FACTS OR DATA CONSIDERED

14. The facts and/or data considered are contained in the documents, transcripts, and exhibits listed in Exhibit A.

## VIII. EXHIBITS

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of November 2018 in Loomis, California.

_____
Cris C. Vaughan

**EXHIBIT A**

## *DOCUMENTS REVIEWED*

1. Plaintiffs' Abdul Nevarez, Priscilla Nevares, and Sebastian Defrancesco ("Plaintiffs") Fourth Amended Complaint (Docket No. 195).

2. Exhibit A to the Fourth Amended Complaint, barrier list for the subject facility (Docket No. 195-1).

3. Exhibit B to the Fourth Amended Complaint Parts 1 and 2.

   Including the following: Declaration of Plaintiffs' expert Gary Waters ("Waters") in Support of Plaintiffs' Motion for Class Certification; Exhibit A (Waters' Curriculum Vitae); Exhibit B (Administrative Bulletin AB-014, 2007 San Francisco Building Code); Exhibit C (Waters' Access Compliance Evaluation Survey Barrier Report "Waters' Expert Report"); and Exhibit D (Barrier Chart) (Docket No. 195-2,3).

4. Exhibit C to the Fourth Amended Complaint.

   Including the following: Declaration of Plaintiffs' expert Jeffrey Scott Mastin ("Mastin") in Support of Plaintiffs' Motion for Class Certification; Exhibit A (Mastin's Curriculum Vitae); Exhibit B (San Francisco 49ers Transportation Management and Operations Plan for Levis Stadium in Santa Clara); Exhibit C (Mastin's Facility Access Compliance Survey Report "Mastin's Expert Report"); Exhibit D (Administrative Bulleting AB-014. 2007 San Francisco Building Code); Exhibit E (Accessible Parking Chart); Exhibit F (Parking Lot Chart); Exhibit G (Parking Lots Detailed Findings Report with Photographs); Exhibit H (Public Right of Way Detailed Findings Report with Photographs); Exhibit I (Documents from City of Santa Clara); Exhibit J (*Long et al, v. Coast Resorts, Inc.*, et al., 267 F.3d 918 (9th Cir. 2001); Exhibit K (Photographs from Mastin's Expert Report); Exhibit L (Restroom Barriers Matrix); Exhibit M (*Fortyune v. City of Lomita* 766

F.3d 1098 (9th Cir. 2014)); Exhibit N (*US v. Ellerbe Becket, Inc*. 976 F. Supp 1262 (D. Minn. 1997); and Exhibits O-R (Photographs from Mastin's Expert Report).

5. Exhibit D to the Fourth Amended Complaint.

Including the following: Declaration of Plaintiffs' expert William Scott McBrayer ("McBrayer") in Support of Plaintiffs' Motion for Class Certification; Exhibit A (McBrayer's Curriculum Vitae); Exhibit B (Administrative Bulleting AB-014. 2007 San Francisco Building Code); and Exhibit C (McBrayer's Accessibility Survey "McBrayer's Expert Report").

6. A-Z Guide for Levi's Stadium.

7. Event Day Issues – Gold Card.

8. Levi's Stadium Mobility Services – Best Practices Tips & Mobility Services Training.

9. Levi's Stadium 2014 Playmaker Playbook.

10. Levi's Stadium 2014 Member Playbook.

11. Levi's Stadium Ticket Operations Training Outline 2016 Season.

12. Levi's Stadium Ticket Operations Training Outline 2017 Season.

13. Levi's Stadium Ticket Operations Training Outline 2018 Season.

14. Expert Report of Plaintiffs' expert Mathew Grasser.

15. Expert Report of Plaintiffs' expert William Michael Rafael.

16. Deposition Transcript for Deposition of Jim Mercurio March 16, 2018 and Exhibit 26 to Deposition.

17. Deposition Transcript for Deposition of Jamie Brandt March 26, 2018and Exhibit 84 to Deposition.

18. Deposition Transcript for Deposition of Jim Mercurio July 25, 2018.

19. Deposition Transcript for Deposition of Angie Nix August 10, 2018.

20. Defendant Forty Niners Football Company LLC, Forty Niners SC Stadium LLC, and Forty Niners Stadium Management Company's Second Amended Responses to Plaintiff Priscilla Nevarez's Interrogatories, Set One.

21. Defendant Forty Niners Football Company LLC, Forty Niners SC Stadium LLC, and Forty Niners Stadium Management Company's Third Amended Responses to Plaintiff Abdul Nevarez's Interrogatories, Set Two.

22. Defendant Forty Niners Football Company LLC, Forty Niners SC Stadium LLC, and Forty Niners Stadium Management Company's Responses to Plaintiff Sebastian Defrancesco's Interrogatories, Set One.

23. Plaintiffs' Notice of Motion and Motion for Class Certification (Docket No. 135).

24. Defendant Forty Niners Football Company LLC, Forty Niners SC Stadium LLC, and Forty Niners Stadium Management Company's Opposition to Plaintiffs' Motion for Class Certification (Docket No. 154). Declaration of Jamie Brandt in Opposition to Plaintiffs' Motion for Class Certification (Docket No. 156).

25. Reply Declaration of Plaintiff Abdul Nevarez in Support of Plaintiffs' Motion for Class Certification (Docket No. 168-4).

26. Reply Declaration of Plaintiff Priscilla Nevarez in Support of Plaintiffs' Motion for Class Certification (Docket No. 168-5).

27. Reply Declaration of Plaintiff Sebastian Defrancesco in Support of Plaintiffs' Motion for Class Certification (Docket No. 168-6).

28. Declaration of Karen Maxey in Support of Plaintiffs' Motion for Class Certification (Docket No. 168-7).

29. Order Granting In Part and Denying In part Motion for Class Certification (Docket No. 186).

30. Notice of Errata to Exhibit A of Plaintiffs' Fourth Amended Complaint and Amended Exhibit A to Plaintiffs' Fourth Amended Complaint (Docket No. 196-1).

31. Plaintiffs' Initial Disclosures.

32. Deposition Transcript for Deposition of Jill Brophy August 14, 2018.