UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ, on behalf of themselves and all others similarly situated, and SEBASTIAN DEFRANCESCO,<br><br>Plaintiffs,<br><br>vs.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.: 5:16-cv-07013-LHK (SVK)<br><br>**ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) MODIFYING DAMAGES CLASS DEFINITION; (3) APPOINTING ADDITIONAL INJUNCTIVE RELIEF CLASS REPRESENTATIVE; (4) DIRECTING NOTICE TO THE CLASSES; AND (5) SETTING DATE FOR FAIRNESS HEARING**<br><br>Date:    January 30, 2020<br>Time:   1:30 p.m.<br>Dept:    Courtroom 8<br>Before:  Hon. Lucy H. Koh |

The Parties have moved the Court for an order preliminarily approving the settlement of this action in accord with the Settlement Agreement ("Agreement"), which sets forth the terms and conditions of a proposed settlement and dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the Agreement throughout its term.  Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court certifies the following three settlement Classes, modifying and clarifying the classes certified in the Court's July 12, 2018 Order granting in part Plaintiffs' Motion for Class Certification:

> **Injunctive Relief Class:** All persons with mobility disabilities who use wheelchairs, scooters, or other mobility aids who will attempt to purchase accessible seating for a public event at Levi's Stadium and who will be denied equal access to the Stadium's facilities, services, accessible seating, parking, amenities, and privileges, including ticketing, from December 7, 2013 through the date of the Court's Order Granting Preliminary Approval of Class Action Settlement.
>
> **Companion Injunctive Relief Class**: All persons who are companions of persons with mobility disabilities who use wheelchairs, scooters or other mobility aids and who have used or will use companion seating for public events located at Levi's Stadium from December 7, 2013 through the date of the Court's Order Granting Preliminary Approval of Class Action Settlement.
>
> **Damages Class**: All persons with mobility disabilities who use wheelchairs, scooters or other mobility aids who have purchased, attempted to purchase, or for whom third parties purchased accessible seating and who have been denied equal access to Levi's Stadium's facilities, services, accessible seating, parking, amenities, and privileges at an event controlled by the Forty Niners Football Company, LLC; Forty Niners SC Stadium Company, LLC; or Forty Niners Stadium Management Company, LLC, from April 13, 2015 through the date of the Court's Order Granting Preliminary Approval of Class Action Settlement.

*See* ECF No. 186.

2. The Court modifies the definitions of the previously-certified Classes so that: (1) the beginning of the Injunctive Relief Class and Companion Injunctive Relief Class periods is the date three years prior to the December 7, 2016 filing of the initial Complaint in this action, which alleged broad injunctive relief claims on behalf of Plaintiff Abdul Nevarez and all other similarly situated

persons with mobility disabilities; (2) the beginning of the Damages Class period is the date two years prior to the April 13, 2017 filing of the Second Amended Complaint, in which the Plaintiffs first raised damages allegations and claims on behalf of a proposed class under the Unruh Civil Rights Act, California Civil Code section 52(a); (3) the end date for Injunctive Relief Class and Companion Injunctive Relief Class member inclusion coincides with the date of this Order, rather than the conclusion of this Action, and is consistent with the Release of Injunctive and Declaratory Relief Claims set forth in Section XIII.A.1 of the Agreement; and (4) the end date for Damages Class member inclusion coincides with the date of this Order, rather than the conclusion of this Action, and is consistent with the Release of Damages Claims set forth in Section XIII.A.2 of the Agreement. Such modification is consistent with Due Process.

3. In addition, named Plaintiff Sebastian DeFrancesco is added as a class representative for the Injunctive Relief Class. He is an appropriate representative for this Class because he has experienced barriers at the Stadium, plans to continue to visit the Stadium in the future, has no conflicts with Class members, actively participated in the litigation, and has represented the interests of this Class.

4. The Court preliminarily approves the Settlement Agreement. The Court finds on a preliminary basis that the Settlement Agreement is fair, adequate, and reasonable to all Class Members. It further appears that substantial evaluation of the merits, through extensive litigation, including motion practice, fact and expert discovery over the three years since filing, has been conducted such that Counsel for the Parties are able to reasonably evaluate their respective positions. It also appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further litigation. It further appears that the Agreement has been reached as the result of good faith, prolonged, serious, and non-collusive arm's-length negotiations, including in several mediation sessions supervised by Michael Loeb of JAMS and Mark Rudy of Rudy, Exelrod, Zieff & Lowe, LLP.

5. The Court approves, as to form and content, the proposed Notices, ECF No. 390-1 and ECF No. 390-3, which incorporate revisions in accordance with the Court's instructions at the January 30, 2020 Hearing on Plaintiffs' Motion for Preliminary Approval and in the Court's February 26, 2020

1  Order (ECF No. 388).  The Court finds that the manner and form of distribution of the proposed
2  Notices set forth in the Agreement meet the requirements of due process and Fed. R. Civ. P. 23(c)(2)
3  and 23(e).  The notice provisions of the Agreement are the best practicable under the circumstances
4  and shall constitute due and sufficient notice to all persons entitled thereto.  The Parties shall submit
5  declarations to the Court as part of their motion for Final Approval of the Class Action Settlement
6  confirming compliance with the notice provisions of the Agreement.

7       6.   The Court approves, as to form and content, the proposed Claim Form, ECF No. 390-5,
8  which incorporates revisions in accordance with the Court's instructions at the January 30, 2020
9  Hearing on Plaintiffs' Motion for Preliminary Approval.  Damages Class Members must either (a)
10 submit a Claim Form via the Settlement Website no later than ninety (90) days from the date that
11 Notice is initially issued to the Class; or (b) mail a Claim Form to the Settlement Administrator that is
12 postmarked no later than ninety (90) days from the "Class Notice Date," defined in paragraph 16.c,
13 below.  The Court finds that this is due, adequate, and sufficient time for Damages Class Members to
14 file Claim Forms.

15      7.   The Court also appoints KCC as the Settlement Administrator.  The Settlement
16 Administrator shall supervise and administer the notice procedure and processing of claims as set forth
17 in the Agreement.

18      8.   Members of the Damages Class may elect to opt out of the Damages Class.  Damages
19 Class Members wishing to opt out of the Settlement must send a signed letter (by U.S. Mail – address
20 to be provided in the Class Notice) to the Settlement Administrator including (a) their full name; (b) an
21 email address and/or telephone number; (c) a clear statement communicating that they elect to be
22 excluded from the Damages Class, and do not wish to be a member of the Damages Class; and (d) the
23 case name and case number (*Nevarez et al. v. Forty Niners Football Company, LLC, et al.*, Case No.
24 5:16-cv-07013 LHK (SVK)).  Any request for exclusion or opt-out must be postmarked or submitted
25 no more than ninety (90) days after the Class Notice Date, defined in paragraph 16.c, below.  Damages
26 Class Members must opt out of the Damages Class individually.  Group or Class opt outs are not valid.

27      9.   A hearing on the parties' (1) Motion for Final Approval of the Agreement, (2)
28 Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses, and (3) Plaintiff's Motion for Service

Awards for the Class Representatives shall be held before the Court on July 16, 2020 at 1:30 p.m. ("Final Approval Hearing"). The Court may move the Final Approval Hearing to a different date or time without additional notice to Class Members.

10. Any Class Member may object to any aspect of the Agreement, except that a Damages Class Member who opts out may not object to aspects of the Agreement that relate to damages. A written objection to the Settlement must:

(i) clearly identify the case name and number, the objector's full name and mailing address, and email address or telephone number, and his/ her attorney's information if he/she is represented; and explain why the objector believes he or she is a Class Member;

(ii) be mailed to the Settlement Administrator;

(iii) state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection; and

(iv) be postmarked no later than ninety (90) days after the Class Notice Date, defined in paragraph 13.c, below.

11. The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Agreement, in accordance with the due process rights of all Class Members. Any Party may file a reply to any objection, no later than ninety (90) days after the Class Notice Date.

12. Pending the Final Approval Hearing, all proceedings in this Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Agreement and this Order, are hereby stayed.

13. In accordance with the above, the Court adopts the following schedule:

a. Within ten (10) days after entry of this Order, Defendants shall mail or cause to be mailed the items specified in 28 U.S.C. § 1715(b) to each State and Federal official, as specified in 28 U.S.C. § 1715(a).

b. Within fourteen (14) days after entry of this Order, Defendants shall provide the Settlement Administrator with the most current and complete Class Member information in their records, including Class Members' names, mailing and email addresses, and telephone numbers.

c. Within twenty-one (21) days after entry of this Order, Notice in the form of ECF No. 390-3, a Claim Form in the form of ECF No. 390-5, and a self-addressed, postage prepaid return envelope, shall be mailed to all Plaintiff Class Members via U.S. mail, and Notice in the form of ECF No. 390-3 shall be emailed to Plaintiff Class Members using the mailing and email addresses from Defendants' records or as provided by the National Change of Address Database. This date shall be known as the "Class Notice Date."

d. Within twenty-one (21) days after entry of this Order, Defendants shall post Notice in the form of ECF No. 390-1 in a conspicuous manner at the following locations: (a) Levi's Stadium Visa Box Office; (b) Levi's Stadium Guest Entrances; (c) Levi's Stadium Concession Stands; and (d) Levi's Stadium Team Stores.

e. Within twenty-one (21) days after entry of this Order, Defendants shall post Notice in the form of ECF No. 390-1 on the following websites that they control: (a) www.levisstadium.com; (b) www.49ers.com; (c) https://twitter.com/49ers; (d) https://www.facebook.com/SANFRANCISCO49ers; (e) santaclaraca.gov; and (f) http://santaclaraca.gov/government/stadium-authority. A link on the home page of each of these websites shall be described as "INFORMATION ABOUT THE CLASS ACTION SETTLEMENT INVOLVING ACCESS TO LEVI'S STADIUM FOR PERSONS WITH MOBILITY DISABILITIES," and shall take visitors directly to the Long Form Settlement Notice.

f. Within twenty-one (21) days after entry of this Order, Plaintiffs shall distribute Notice in the form of ECF No. 390-3 to the membership and/or service

|   |   | organizations for individuals with mobility disabilities listed in Section V.C.9 of the Agreement. |
|---|---|---|
|   | g. | By fifty-five (55) days after the Class Notice Date, Plaintiffs shall file (1) a Motion for Final Approval, (2) a Motion for Attorneys' Fees, Costs, and Expenses, and (3) a Motion for Service Awards for the Class Representatives, so that Class Members have at least thirty-five days to opt out or object to these Motions in accordance with the Northern District of California Procedural Guidelines for Class Action Settlements.  The hearing on these Motions will be July 16, 2020 at 1:30 p.m. in Courtroom 8 of the above-referenced Court. |
|   | h. | The deadline to object to the Settlement or to opt out of the Damages Class shall be the day ninety (90) days after the Class Notice Date. |
|   | i. | The deadline for Damages Class Members to file claims shall be ninety (90) days after the Class Notice Date. |
|   | j. | The Parties shall file a Joint Supplement to the Motion for Final Approval and respond to objections, if any, no later than fourteen (14) days prior to the July 16, 2020 Final Approval Hearing.  All parties shall file statements of compliance with notice requirements. |
|   | k. | The Final Approval Hearing shall be held on July 16, 2020 at 1:30 p.m. in Courtroom 8 of the above-referenced Court. |
|   | l. | By one hundred eighty (180) days after the Class Notice Date, the Settlement Administrator shall complete review of and determine the validity of all claims. |

14. In the event the Court does not grant final approval of the Agreement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Agreement, the Agreement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the Agreement and all orders and findings entered in connection with the Agreement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

1
2    **IT IS SO ORDERED.**
3    Dated: March 9, 2020

_Lucy H. Koh_
HON. LUCY H. KOH
United States District Judge