Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark T. Johnson (SBN 76904)
mjohnson@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100; (415) 421-7105 (Fax)

Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
Katharine L. Fisher (SBN 305413)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Adam B. Wolf (SBN 215914)
awolf@pwcklegal.com
Catherine Cabalo (SBN 248198)
ccabalo@pwcklegal.com
PEIFFER WOLF CARR & KANE
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
(415) 766-3592; (415) 402-0058 (Fax)

*Attorneys for Plaintiffs and the Certified Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ, on behalf of themselves and all others similarly situated, and SEBASTIAN DEFRANCESCO,<br><br>Plaintiffs,<br><br>vs.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No.: 5:16-cv-07013-LHK (SVK)<br><br>**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT**<br><br>Date:  July 16, 2020<br>Time:  1:30 p.m.<br>Dept:  Courtroom 8<br>Before:  Hon. Lucy H. Koh |

1  Plaintiffs have moved the Court for an order granting final approval of the class action Settlement Agreement and Release of Claims ("Settlement Agreement"), which was filed with the Court at ECF Nos. 375-2; 391.  The Court preliminarily approved the Settlement Agreement in this action by order entered on March 9, 2020.  *See* ECF No. 392 ("Preliminary Approval Order").  On July 16, 2020 the Court held a Fairness hearing to consider final approval of the Settlement Agreement and to determine, among other things, whether the settlement is fair, reasonable, and adequate.  Having considered all the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action, the Court **GRANTS** the Plaintiffs' Motion for Final Approval of Class Action Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Settlement Agreement, including all exhibits thereto, and definitions included therein, which was signed and filed with this Court on October 7, 2019 (*see* ECF Nos. 375-2 through 375-21) and amended on March 2, 2020 (ECF No. 391); (b) the briefs, affidavits, declarations, and other materials filed in support of Plaintiffs' Motions for Final Approval of Class Action Settlement, Service Awards, and Reasonable Attorneys' Fees, Costs, and Expenses; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action.  All terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Settlement Agreement.

2.  The Court finds that the Parties complied with the Notice procedures set forth in the Court's Preliminary Approval Order and Settlement Agreement by disseminating the Court-approved long-form Notice (ECF No. 390-3) and Claim Form (ECF No. 390-3) to Class Members by mail and email; providing the long-form Notice to the agreed-upon membership and/or service organizations for individuals with mobility disabilities; posting the Court-approved short-form Notice (ECF No. 390-1) at conspicuous locations throughout Levi's Stadium and on websites controlled by Defendants; and

creating and maintaining a Settlement website, email address, and toll-free telephone number.  The Court further finds that these methods:

    a.    constituted the best practicable notice to members of the Plaintiff Classes under the circumstances of the Action;

    b.    constituted notice that was reasonably calculated, under the circumstances, to apprise the Plaintiff Classes of the pendency of the Action, of their right to object to the proposed Settlement or, for Damages Class Members, to opt out of the Damages provisions of the Settlement, of their right to appear at the Fairness Hearing, and of their right to obtain monetary relief from this Settlement;

    c.    constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and

    d.    constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law, as well as this District's Procedural Guidance for Class Action Settlements.

3.    The Court finds that the Claim Form distributed to the Damages Class met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law.  The Court further finds that the Claims Process set forth in the Settlement Agreement provides Damages Class Members with a full and fair opportunity to submit claims for damages, an effective method of distributing monetary relief to the Damages Class, and provides for an equitable plan of allocation of money damages between Damages Class Members.  *See* Rule 23(e)(2)(A)(ii), (D).

4.    On March 9, 2020, the Court preliminarily certified the following classes for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3):

> **Injunctive Relief Class:** All persons with mobility disabilities who use wheelchairs, scooters, or other mobility aids who will attempt to purchase accessible seating for a public event at Levi's Stadium and who will be denied equal access to the Stadium's facilities, services, accessible seating, parking, amenities, and privileges, including ticketing, from December 7, 2013 through the date of the Court's Order Granting Preliminary Approval of Class Action Settlement.

**Companion Injunctive Relief Class**: All persons who are companions of persons with mobility disabilities who use wheelchairs, scooters or other mobility aids and who have used or will use companion seating for public events located at Levi's Stadium from December 7, 2013 through the date of the Court's Order Granting Preliminary Approval of Class Action Settlement.

**Damages Class**: All persons with mobility disabilities who use wheelchairs, scooters or other mobility aids who have purchased, attempted to purchase, or for whom third parties purchased accessible seating and who have been denied equal access to Levi's Stadium's facilities, services, accessible seating, parking, amenities, and privileges at an event controlled by the Forty Niners Football Company, LLC; Forty Niners SC Stadium Company, LLC; or Forty Niners Stadium Management Company, LLC, from April 13, 2015 through the date of the Court's Order Granting Preliminary Approval of Class Action Settlement.

*See* ECF No. 392.

5. The Court finds that the Plaintiff Classes continue to meet the requirements for class certification under Federal Rule of Civil Procedure 23 and all other applicable laws and rules.

6. The Injunctive Relief Class and Companion Injunctive Relief Class are finally certified under Fed. R. Civ. P. 23(b)(2). The Court concludes that: (a) joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Plaintiff Classes; (c) Plaintiffs' claims are typical of the claims of the Plaintiff Classes that they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Classes and will continue to do so; (e) Plaintiffs and the Plaintiff Classes are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; and (f) Defendants acted or refused to act on grounds that apply to the Injunctive Relief Class and Companion Injunctive Relief Class as a whole.

7. The Damages Class is finally certified under Fed. R. Civ. P. 23(b)(3). The Court concludes that: (a) joinder of all Damages Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Damages Class; (c) Plaintiff Abdul Nevarez's claims are typical of the claims of the Damages Class that he seeks to represent for purposes of settlement; (d) Plaintiff Abdul

Nevarez has fairly and adequately represented the interests of the Damages Class and will continue to do so; (e) Plaintiff Abdul Nevarez and the Damages Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; (f) questions of law or fact common to the Damages Class predominate over any questions affecting only individual members; and (g) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

8. Class certification is therefore an appropriate method for protecting the interests of the Plaintiff Classes and resolving the common issues of fact and law arising out of the Plaintiffs' claims while also eliminating the risk of duplicative litigation. Accordingly, the Court hereby makes final its earlier certification of the Plaintiff Classes and confirms its appointment of Plaintiffs Abdul Nevarez and Sebastian DeFrancesco as Injunctive Relief Class Representatives; Plaintiff Priscilla Nevarez as the Companion Injunctive Relief Class Representative; Plaintiff Abdul Nevarez as the Damages Class Representative; and Guy Wallace of Schneider Wallace Cottrell Konecky LLP, Linda M. Dardarian of Goldstein Borgen Dardarian & Ho, and Adam Wolf of Peiffer Wolf Carr & Kane as Class Counsel.

9. The Court grants final approval of the Settlement and finds that it is fair, reasonable, adequate, and in the best interests of the Plaintiff Classes as a whole. First, the Settlement offers Class Members significant injunctive relief regarding all of the claims in the Fourth Amended Complaint, including Defendants' failure to provide physical access and Defendants' failure to make reasonable modifications in policy and practice to ensure equal access to the Stadium's facilities and services. Second, the non-reversionary damages fund offers substantial monetary relief to Damages Class Members. Third, as set forth in the Court's accompanying Orders, the Court finds that Plaintiffs' requested attorneys' fees, costs, and expenses, and Class Representative service awards are reasonable and supported by applicable law. Finally, the absence of any objections or exclusions further supports final approval of the Settlement. In sum, when considered against the potential risks, expense, complexity and duration of further litigation, and the importance of the accessibility of the Stadium and its related facilities to the Class Members, the Court finds the relief secured by the Settlement to be more than adequate. *See* Fed. R. Civ. P. 23(e)(2)(C).

10. The Parties and Settlement Administrator are hereby directed to implement and consummate the Settlement according to its terms and provisions and the Court's Preliminary Approval Order. Class Counsel and Defendants shall take all steps necessary and appropriate to provide the Plaintiff Class Members with the benefits to which they are entitled under the terms of the Settlement.

11. The Plaintiffs and all Plaintiff Class Members (and their respective heirs, assigns, successors, executors, administrators, agents and representatives) are conclusively deemed to have released and forever discharged the Released Parties from all released claims as set forth in Section XIII the Settlement Agreement. All members of the Injunctive Relief Class and Companion Injunctive Relief Class are bound by this Order. All members of the Damages Class, except for those individuals who filed valid and timely Opt-Outs, are bound by this Order. Damages Class Members who submitted timely and valid Opt-Out requests are neither permitted to share in the benefits of the damages fund nor bound by this Final Order and Judgment as to claims for Unruh Act statutory minimum damages against the Forty Niners Defendants. Damages Class Members who did not opt out of the case at the class certification stage were afforded a new opportunity to do so. *See* Fed. R. Civ. P. 23(e)(4). Throughout the Term of the Settlement Agreement, Plaintiff Class Members are enjoined from asserting or prosecuting any claims that are released by the Settlement Agreement.

12. The Settlement Agreement and this Order are not admissions of liability or fault by Defendants or other Released Parties, or a finding of the validity of any claims in this action or of any wrongdoing or violation of law by Defendants or other Released Parties. The Settlement Agreement is not a concession by the Parties and, to the fullest extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Defendants or other Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order to consummate or enforce the Settlement Agreement or Order, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

13. Within 21 days after the distribution of the settlement funds and payment of attorneys' fees, expenses and costs, the Parties are ordered to file a Post-Distribution Accounting, which provides the following information in accordance with the Northern District's Procedural Guidance for Class Action Settlements: The total settlement fund, the total number of class members; the total number of class members to whom notice was sent and not returned as undeliverable; the number and percentage of claim forms submitted; the number and percentage of opt-outs; the number and percentage of objections; the average and median recovery per claimant; the largest and smallest amounts paid to class members; the method(s) of notice and the method(s) of payment to class members; the number and value of checks not cashed; the amounts distributed to each *cy pres* recipient; the administrative costs; the attorneys' fees and costs; and the benefit conferred on the classes by the injunctive relief obtained. Within 21 days after the distribution of the settlement funds and award of attorneys' fees, the Parties should post the Post-Distribution Accounting, including an easy-to-read chart that allows for quick comparisons with other cases, on the settlement website. The Court may hold a hearing following submission of the parties' Post-Distribution Accounting.

14. In accordance with the terms of the Settlement Agreement, the Court shall maintain continuing jurisdiction over Plaintiffs, the Class Members, Defendants, and the Settlement Agreement throughout the term of the Settlement Agreement, for the purpose of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and this Order, through the term of the Settlement Agreement. In that regard, any challenges to the Settlement Agreement's terms or implementation, whether under state or federal law, shall be subject to the exclusive and continuing jurisdiction of this Court.

15. This Action is hereby dismissed on the merits and with prejudice as to the Released Claims, without fees or costs to any Party except as otherwise provided in the Court's Order on Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs and Expenses, and the Settlement Agreement..

1  **IT IS SO ORDERED.**

4  Dated: _____   _____

5  HON. LUCY H. KOH

6  United States District Judge