UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDUL NEVAREZ, et al., | Case No. 16-CV-07013-LHK |
| Plaintiffs, | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS; AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES** |
| v. | |
| FORTY NINERS FOOTBALL COMPANY, LLC, et al., | |
| Defendants. | |

Re: Dkt. No. 394, 395, 396, 408

Before the Court are Plaintiffs' (1) motion for final approval of a class action settlement, ECF No. 395; (2) motion for service awards, ECF No. 394; and (3) motion for reasonable attorney's fees, costs, and expenses, ECF No. 408.[1]  Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS Plaintiffs' motion for final approval, Plaintiffs' motion for service awards, and Plaintiffs' motion for attorney's fees, as set forth below. The Court considers each motion in turn.

---

[1] Plaintiffs originally filed the motion for attorney's fees on May 25, 2020, ECF No. 396, but Plaintiffs refiled their motion on June 25, 2020 to correct a number of errata, ECF No. 408.

1

I.      **MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs have moved the Court for an order granting final approval of the class action Settlement Agreement and Release of Claims ("Settlement Agreement"), ECF No. 395, which was filed with the Court at ECF Nos. 375-2; 391.  The Court preliminarily approved the Settlement Agreement in this action by order entered on March 9, 2020.  *See* ECF No. 392 ("Preliminary Approval Order").  On July 16, 2020 the Court held a Final Approval hearing to consider final approval of the Settlement Agreement and to determine, among other things, whether the settlement is fair, reasonable, and adequate.  Having considered the motions, the oral arguments, the relevant law, and the record in this case, the Court GRANTS the Plaintiffs' motion for final approval of the class action settlement as follows:

1.      All terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Settlement Agreement.

2.      The Court finds that the Parties complied with the Notice procedures set forth in the Court's Preliminary Approval Order and Settlement Agreement by disseminating the Court-approved long-form Notice (ECF No. 390-3) and Claim Form (ECF No. 390-3) to Class Members by mail and email; providing the long-form Notice to the agreed-upon membership and/or service organizations for individuals with mobility disabilities; posting the Court-approved short-form Notice (ECF No. 390-1) at conspicuous locations throughout Levi's Stadium and on websites controlled by Defendants; and creating and maintaining a Settlement website, email address, and toll-free telephone number.  The Court further finds that these methods:

a.      constituted the best practicable notice to members of the Plaintiff Classes under the circumstances of the Action;

b.      constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and

c.      constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution,

Case No. 16-CV-07013-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS; AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

and any other applicable law, as well as this District's Procedural Guidance for Class Action Settlements.

3.      The Court finds that the Claim Form distributed to the Damages Class met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law.  The Court further finds that the Claims Process set forth in the Settlement Agreement provides Damages Class Members with a full and fair opportunity to submit claims for damages, an effective method of distributing monetary relief to the Damages Class, and provides for an equitable plan of allocation of money damages between Damages Class Members.  *See* Rule 23(e)(2)(A)(ii), (D).

4.      On March 9, 2020, the Court preliminarily certified the following classes for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3):

**Injunctive Relief Class:** All persons with mobility disabilities who use wheelchairs, scooters, or other mobility aids who will attempt to purchase accessible seating for a public event at Levi's Stadium and who will be denied equal access to the Stadium's facilities, services, accessible seating, parking, amenities, and privileges, including ticketing, from December 7, 2013 through the date of the Court's Order Granting Preliminary Approval of Class Action Settlement.

**Companion Injunctive Relief Class**: All persons who are companions of persons with mobility disabilities who use wheelchairs, scooters or other mobility aids and who have used or will use companion seating for public events located at Levi's Stadium from December 7, 2013 through the date of the Court's Order Granting Preliminary Approval of Class Action Settlement.

**Damages Class**: All persons with mobility disabilities who use wheelchairs, scooters or other mobility aids who have purchased, attempted to purchase, or for whom third parties purchased accessible seating and who have been denied equal access to Levi's Stadium's facilities, services, accessible seating, parking, amenities, and privileges at an event controlled by the Forty Niners Football Company, LLC; Forty Niners SC Stadium Company, LLC; or Forty Niners Stadium Management Company, LLC, from April 13, 2015 through the date of the Court's Order Granting Preliminary Approval of Class Action Settlement.

*See* ECF No. 392.

5.      The Court finds that the Plaintiff Classes continue to meet the requirements for

3

United States District Court
Northern District of California

United States District Court
Northern District of California

1  class certification under Federal Rule of Civil Procedure 23 and all other applicable laws and

2  rules.

3        6.     The Injunctive Relief Class and Companion Injunctive Relief Class are finally

4  certified under Fed. R. Civ. P. 23(b)(2).  The Court concludes that: (a) joinder of all Class

5  Members in a single proceeding would be impracticable, if not impossible, because of their

6  numbers and dispersion; (b) there are questions of law and fact common to the Plaintiff Classes;

7  (c) Plaintiffs' claims are typical of the claims of the Plaintiff Classes that they seek to represent for

8  purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the

9  Classes and will continue to do so; (e) Plaintiffs and the Plaintiff Classes are represented by

10  qualified, reputable counsel who are experienced in preparing and prosecuting class actions,

11  including those involving the sort of practices alleged in the Complaint; and (f) Defendants acted

12  or refused to act on grounds that apply to the Injunctive Relief Class and Companion Injunctive

13  Relief Class as a whole.

14        7.     The Damages Class is finally certified under Fed. R. Civ. P. 23(b)(3).  The Court

15  concludes that: (a) joinder of all Damages Class Members in a single proceeding would be

16  impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions

17  of law and fact common to the Damages Class; (c) Plaintiff Abdul Nevarez's claims are typical of

18  the claims of the Damages Class that he seeks to represent for purposes of settlement; (d) Plaintiff

19  Abdul Nevarez has fairly and adequately represented the interests of the Damages Class and will

20  continue to do so; (e) Plaintiff Abdul Nevarez and the Damages Class are represented by qualified,

21  reputable counsel who are experienced in preparing and prosecuting class actions, including those

22  involving the sort of practices alleged in the Complaint; (f) questions of law or fact common to the

23  Damages Class predominate over any questions affecting only individual members; and (g) a class

24  action is superior to other available methods for fairly and efficiently adjudicating the controversy.

25        8.     Class certification is therefore an appropriate method for protecting the interests of

26  the Plaintiff Classes and resolving the common issues of fact and law arising out of the Plaintiffs'

27  4

Case No. 16-CV-07013-LHK

28  ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING
MOTION FOR SERVICE AWARDS; AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND
EXPENSES

claims while also eliminating the risk of duplicative litigation.  Accordingly, the Court hereby makes final its earlier certification of the Plaintiff Classes and confirms its appointment of Plaintiffs Abdul Nevarez and Sebastian DeFrancesco as Injunctive Relief Class Representatives; Plaintiff Priscilla Nevarez as the Companion Injunctive Relief Class Representative; Plaintiff Abdul Nevarez as the Damages Class Representative; and Guy Wallace of Schneider Wallace Cottrell Konecky LLP, Linda M. Dardarian of Goldstein Borgen Dardarian & Ho, and Adam Wolf of Peiffer Wolf Carr & Kane as Class Counsel.

9.     The Court grants final approval of the Settlement and finds that it is fair, reasonable, adequate, and in the best interests of the Plaintiff Classes as a whole.  First, the Settlement offers Class Members significant injunctive relief regarding all of the claims in the Fourth Amended Complaint, including Defendants' failure to provide physical access and Defendants' failure to make reasonable modifications in policy and practice to ensure equal access to the Stadium's facilities and services.  Second, the non-reversionary damages fund offers substantial monetary relief to Damages Class Members.  Third, as set forth below, the Court finds that Plaintiffs' requested attorneys' fees, costs, and expenses, and Class Representative service awards are reasonable and supported by applicable law, as modified by the Court.  Finally, the absence of any objections or exclusions further supports final approval of the Settlement.  In sum, when considered against the potential risks, expense, complexity and duration of further litigation, and the importance of the accessibility of the Stadium and its related facilities to the Class Members, the Court finds the relief secured by the Settlement to be more than adequate.  *See* Fed. R. Civ. P. 23(e)(2)(C).

10.    The Parties and Settlement Administrator are hereby directed to implement and consummate the Settlement according to its terms and provisions and the Court's Preliminary Approval Order.  Class Counsel and Defendants shall take all steps necessary and appropriate to provide the Plaintiff Class Members with the benefits to which they are entitled under the terms of the Settlement.

Case No. 16-CV-07013-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS; AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

United States District Court
Northern District of California

11.     The Plaintiffs and all Plaintiff Class Members (and their respective heirs, assigns, successors, executors, administrators, agents and representatives) are conclusively deemed to have released and forever discharged the Released Parties from all released claims as set forth in Section XIII of the Settlement Agreement.  All members of the Injunctive Relief Class and Companion Injunctive Relief Class are bound by this Order.  All members of the Damages Class, except for those individuals who filed valid and timely Opt-Outs, are bound by this Order. Damages Class Members who submitted timely and valid Opt-Out requests are neither permitted to share in the benefits of the damages fund nor bound by this Final Order and Judgment as to claims for Unruh Act statutory minimum damages against the Forty Niners Defendants.  Damages Class Members who did not opt out of the case at the class certification stage were afforded a new opportunity to do so.  *See* Fed. R. Civ. P. 23(e)(4).  Throughout the Term of the Settlement Agreement, Plaintiff Class Members are enjoined from asserting or prosecuting any claims that are released by the Settlement Agreement.

12.     The Settlement Agreement and this Order are not admissions of liability or fault by Defendants or other Released Parties, or a finding of the validity of any claims in this action or of any wrongdoing or violation of law by Defendants or other Released Parties.  The Settlement Agreement is not a concession by the Parties and, to the fullest extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Defendants or other Released Parties.  Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order to consummate or enforce the Settlement Agreement or Order, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

13.     Within 21 days after the distribution of the settlement funds and payment of attorneys' fees, expenses and costs, the Parties are ordered to file a Post-Distribution Accounting,

Case No. 16-CV-07013-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS; AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

United States District Court
Northern District of California

which provides the following information in accordance with the Northern District's Procedural Guidance for Class Action Settlements: The total settlement fund, the total number of class members; the total number of class members to whom notice was sent and not returned as undeliverable; the number and percentage of claim forms submitted; the number and percentage of opt-outs; the number and percentage of objections; the average and median recovery per claimant; the largest and smallest amounts paid to class members; the methods of notice and the methods of payment to class members; the number and value of checks not cashed; the amounts distributed to each *cy pres* recipient; the administrative costs; the attorneys' fees and costs; and the benefit conferred on the classes by the injunctive relief obtained.  Within 21 days after the distribution of the settlement funds and award of attorneys' fees, the Parties should post the Post-Distribution Accounting, including an easy-to-read chart that allows for quick comparisons with other cases, on the settlement website.  The Court may hold a hearing following submission of the parties' Post-Distribution Accounting.

14.     In accordance with the terms of the Settlement Agreement, the Court shall maintain continuing jurisdiction over Plaintiffs, the Class Members, Defendants, and the Settlement Agreement throughout the term of the Settlement Agreement, for the purpose of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and this Order, through the term of the Settlement Agreement.  In that regard, any challenges to the Settlement Agreement's terms or implementation, whether under state or federal law, shall be subject to the exclusive and continuing jurisdiction of this Court.

15.     This Action is hereby dismissed on the merits and with prejudice as to the Released Claims, without fees or costs to any Party except as otherwise provided in the Court's Order on Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs and Expenses, and the Settlement Agreement.

## II.     MOTION FOR SERVICE AWARDS

In addition, Plaintiffs filed a motion for service awards, ECF No. 394.  The motion

Case No. 16-CV-07013-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS; AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

United States District Court
Northern District of California

1   requests $5,000 in service awards for each of three class representatives: Abdul Nevarez, Priscilla

2   Nevarez, and Sebastian DeFrancesco.  *Id.* at 1.  The motion is unopposed, and no Class members

3   have filed objections to the Settlement Agreement.

4         In order to evaluate the reasonableness of the size of a service award, the Ninth Circuit

5   looks to "the number of named plaintiffs receiving incentive payments, the proportion of the

6   payments relative to the settlement amount, and the size of each payment."  *In re Online DVD-*

7   *Rental Antitrust Litig.*, 779 F.3d 934, 947 (9th Cir. 2015) (internal quotation marks omitted).

8   Here, the three class representatives, Abdul Nevarez, Priscilla Nevarez, and Sebastian

9   DeFrancesco, seek Service Awards of $5,000 each.  ECF No. 394.  The contemplated Service

10   Awards total to $15,000 out of the $24,000,000 Plaintiffs' settlement, which is less than .1% of the

11   $24 million Damages Fund.  The number of service awards requested and the respective amounts

12   fall well below the levels that the Ninth Circuit has scrutinized in the past.  *Id.* at 948 (finding

13   service awards to be reasonable in part because there were "nine class representatives" and

14   because "the $45,000 in incentive awards ma[de] up a mere .17% of the total settlement").

15   Moreover, the requested amount of $5,000 is considered "presumptively reasonable" in this

16   district.  *See Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA EMC, 2012 WL

17   5878390, at *7 (N.D. Cal. Nov. 21, 2012).

18         Thus, having considered the motion, Plaintiffs' declarations and exhibits thereto, the

19   arguments of counsel, and all files, records, and proceedings in this action, the Court finds that

20   good cause exists to approve the motion.  All three Plaintiffs have diligently fulfilled their duties

21   as Class Representatives.  All have expended significant effort and made personal sacrifices in

22   order to obtain an excellent result for the Classes they represent.  The class representatives

23   participated in numerous aspects of the litigation, including responding to written discovery,

24   drafting declarations, preparing and sitting for depositions, advising counsel on factual

25   investigation and settlement, and class outreach.  ECF No. 394 at 7–8.  Over the course of over

26   three years, "Mr. Nevarez estimates that he has spent at least 72 hours working on this case; Ms.

*United States District Court*
*Northern District of California*

8

1    Nevarez estimates at least 90 hours; and Mr. DeFrancesco estimates at least 52 hours." ECF No.

2    394 at 7.

3        Accordingly, Plaintiffs' motion is GRANTED.  The Court hereby approves: a service

4    award to Plaintiff Abdul Nevarez in the amount of $5,000; a service award to Plaintiff Priscilla

5    Nevarez in the amount of $5,000; and a service award to Plaintiff Sebastian DeFrancesco in the

6    amount of $5,000.

7    **III.    MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES**

8        Finally, Plaintiffs also filed a motion for reasonable attorney's fees, costs, and expenses.

9    ECF No. 408.  Specifically, Plaintiffs move for $1,199,148.87 in out-of-pocket litigation costs and

10   expenses, and $12,258,003.53 in attorney's fees, which together amounts to the $13,457,152.40

11   cap on attorney's fees, costs, and expenses set forth in Section XIV.A of the Settlement

12   Agreement.  The motion is unopposed, and no Class members have filed objections to the

13   Settlement Agreement.  Below, the Court first considers the costs and expenses, before

14   considering the reasonableness of Plaintiffs' request for attorney's fees.

15       As the prevailing parties, Plaintiffs are entitled to recover their reasonable attorneys' fees,

16   costs and expenses.  *See* 42 U.S.C. § 12205 (ADA) and Cal. Civ. Code § 52(a) (Unruh Civil

17   Rights Act).  A party that obtains a judicially enforceable settlement agreement that provides

18   some of the relief sought is a "prevailing party" for purposes of fee-shifting statutes.  *See, e.g., La*

19   *Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir.

20   2010); *Folsom v. Butte County Assn. of Govts.*, 32 Cal.3d 668, 671 (1982).  Here, Plaintiffs have

21   prevailed under both federal and state law by achieving a global settlement that resolves all

22   federal and state law claims. The Settlement provides comprehensive injunctive relief to both

23   injunctive relief classes under both federal and state law and establishes a damages fund for the

24   damages class under California law. The factual and legal issues that were litigated would

25   reasonably be attributed to both federal and state law claims. Accordingly, both federal and state

26   law apply to Plaintiffs' application for fees, costs and litigation expenses.

27                                              9

28   Case No. 16-CV-07013-LHK
     ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING
     MOTION FOR SERVICE AWARDS; AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND
     EXPENSES

United States District Court
Northern District of California

### A. Costs and Expenses

Plaintiffs' costs and out-of-pocket expenses, including expert witness fees, are recoverable. *See* 42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). Through May 15, 2020, Class Counsel incurred $1,199,148.87 in litigation costs and expenses. Plaintiffs' costs and out-of-pocket expenses are well-documented. The Court finds that the declarations of Class Counsel and accompanying exhibits and the record in this case demonstrate that these costs and expenses were reasonable and necessary for the prosecution of this litigation. Accordingly, the Court GRANTS Class Counsel $1,199,148.87 in costs and out-of-pocket expenses.

### B. Attorney's Fees

As discussed above, Section XIV.A of the Settlement Agreement caps Plaintiffs' request for attorney's fees, costs, and expenses at $13,457,152.40. Because Plaintiffs seek $1,199,148.87 in costs and expenses, which the Court awarded in full, Plaintiffs request the remaining $12,258,003.53 of the cap in attorney's fees. Although the Court grants Plaintiffs the full $12,258,003.53 amount in attorney's fees below, the Court's calculation of attorney's fees differs from that of Plaintiffs. The Court first discusses Plaintiffs' lodestar calculation before turning to the requested lodestar multiplier.

#### 1. Lodestar Calculation

Plaintiffs state that their lodestar in the instant case is $11,605,473. ECF No. 408 at 13. The Court finds that the lodestar is reasonable and fair, with the exception of the hourly rate billed for contract attorneys, which the Court discusses below.

Specifically, Plaintiffs argue that their lodestar in the instant case was initially $12,994,251, which was then reduced by approximately 10.69% through the exercise of billing judgment[2] to arrive at the lodestar of $11,605,473. *See* ECF No. 408 at 20. The Court has reviewed the hours spent by Plaintiffs in litigating this case over the course of three-and-a-half years and finds that the hours

---

[2] Specifically, Plaintiffs explain that they "removed from their lodestar all time spent by attorneys and staff who billed less than 30 hours on the case . . . [and] exercised additional billing judgment as set forth in the declarations of counsel." ECF No. 408 at 20.

10

United States District Court
Northern District of California

expended are reasonable.  This case involved over three years of contentious and extensive litigation, including the following:

- Three motions to dismiss filed by Defendants, which this Court largely denied;

- Eighteen joint discovery letters—for many of which the Court granted Plaintiffs full relief;

- Thirteen sets of document requests and interrogatories, fifteen sets of requests for admission, and propounding six sets of subpoenas for documents;

- Production of 3,400,000 pages of documents by Defendants and third parties;

- Fourteen days of inspections of the Stadium, parking lots, and connecting pedestrian rights of way, from which Plaintiffs identified over 2,600 physical barriers to access at the Stadium;

- 48 depositions, including depositions of 16 experts;

- Two sets of cross-motions for partial summary judgment;

- Eight formal mediations; and

- Many informal settlement discussions, several in-person with all counsel.

Thus, Plaintiffs' hours are amply justified in light of the extensive litigation that has occurred to date over the course of three and a half years.

Moreover, the Court has reviewed the billing rates for the attorneys, paralegals, and litigation support staff at each of the firms representing Plaintiffs and the Certified Classes in this case.  The Court finds that these rates are reasonable in light of prevailing market rates in this district and that counsel for Plaintiffs have submitted adequate documentation justifying those rates, with the exception of the hourly rates billed by Schneider Wallace Cottrell Konecky LLP ("Schneider Wallace") for the use of staff attorneys.

However, as to the staff attorneys, the Court notes that Schneider Wallace requests a rate of $625 per hour for each of three staff attorneys.  *See* ECF No. 408-1 ("Wallace Decl.") ¶ 117. However, at the July 16, 2020 Final Approval hearing, Mr. Wallace acknowledged that these attorneys are paid at an hourly rate substantially less than $625 per hour, which constitutes a markup

11

United States District Court
Northern District of California

of $595 per staff attorney per hour.  Schneider Wallace requests $625 per hour for each of these three

staff attorneys for a total of 1,811.9 hours of work, which the Court estimates to constitute a markup

of $1,078,080.50 or about 15% of Schneider Wallace's lodestar.  *See id.*  Although the Court has

historically declined to apply a "categorical rule that contract and staff attorneys must be billed at

cost," the Court has previously rejected such a high markup on a contract attorney's hourly rate and

instead awarded an hourly rate of $240.00.  *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-

02617-LHK, 2018 WL 3960068, at *18–20 (N.D. Cal. Aug. 17, 2018).  As in the Court's decision in

*In re Anthem, Inc. Data Breach Litigation*, the Court will adopt the $240.00 hourly rate for Schneider

Wallace's staff attorneys based on precedent and in the absence of any argument to justify a different

markup on the staff attorney rate.  *See id.* at *20 ("In future cases, the Court is willing to receive

documentation justifying a lower or higher rate, but for purposes of the rough lodestar calculation

here, the Court finds that $240.00 per hour for contract and staff attorney time is a reasonable rate.").

At the July 16, 2020 Final Approval hearing, Mr. Wallace stated that he did not oppose the Court's

adoption of the $240 hourly rate for these three staff attorneys.  After adjusting Schneider Wallace's

staff attorney rate to $240.00 per hour, the Court finds that the total lodestar of $11,605,473 is

reduced to $10,907,891.50.

### 2.  Lodestar Multiplier

Next, Plaintiffs argue that they are entitled to a positive lodestar multiplier of up to 1.5.

However, the actual requested lodestar multiplier is significantly lower due to the $13,457,152.40

cap on attorney's fees, costs, and expenses.  Specifically, to arrive at the requested attorney's fees

amount of $12,258,003.53 from the lodestar of $10,907,891.50, Plaintiffs need only be entitled to a

lodestar multiplier of approximately 1.124, which is a factor of four times less than the 1.5 lodestar

multiplier they request.

The Court agrees that Plaintiffs are entitled to a lodestar multiplier of at least 1.124 in

consideration of the following factors (1) contingent risk to counsel, (2) novelty and difficulty of

the questions involved, (3) skill required to perform the legal service properly, (4) preclusion of

12

United States District Court
Northern District of California

other employment by the attorneys, and (5) the result obtained and the importance of the lawsuit to the public.  *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001); *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977).

In particular, the Court notes the outstanding result obtained for the class and the importance of the lawsuit to the public.  Specifically, the Settlement Agreement "will remediate more than 2,600 barriers in [Levi's Stadium], the parking lots and the pedestrian rights of way that serve the Stadium," which is "over 99% of the barriers identified by Plaintiffs."  ECF No. 408 at 23.  Such relief will bring Levi's Stadium "into compliance with the 2010 [Americans with Disability Act Standards] or the 2019 [California Building Code], whichever provides greater access, thus dramatically improving accessibility and usability for person with mobility disabilities and their nondisabled companions."  *Id.*  The costs to remediate the over 2,600 barriers is estimated to cost Defendants at least $12.2 million.  ECF No. 408-6 ¶ 67.

Moreover, the Settlement Agreement provides for a $24 million non-reversionary damages fund, which Plaintiffs believe to be "the largest such fund ever achieved in a case alleging claims under the public facilities and accommodations provisions of the ADA."  *Id.*  The Settlement Agreement prompted a participation rate of almost 94%.  There were an estimated 5,779 potential Damages Class Members, and 5,418 claim forms were submitted.  *See* ECF No. 395 at 5.  Furthermore, there were no opt-outs and no objections.  *See* ECF No. 411 at 2.  At the July 16, 2020 Final Approval hearing, Plaintiffs estimated that the average recovery for each Damages Class Member would be at least $4,000, and on average over $4,400.  The Court finds that the Settlement achieved by Plaintiffs' counsel provides considerable and substantial relief to the class members, which therefore justifies a lodestar multiplier of at least 1.124.

### 3.  Percentage of Recovery Cross-Check

To guard against an unreasonable result, the Ninth Circuit generally encourages district courts to "cross-check[] their calculations against a second method."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011).  However, the Ninth Circuit has explained

13

United States District Court
Northern District of California

that in cases vindicating civil rights, "the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized." *See id.* at 941.

In this case, the Court likewise finds that it would be difficult to monetize the extensive injunctive relief, which remediates over 2,600 access barriers at Levi's Stadium. Nonetheless, if the Court assumes that the approximately $12.2 million expected Stadium remediation cost is a good substitute to monetize the increased accessibility for the Stadium's patrons, ECF No. 408-6 ¶ 67, the amount of attorney's fees, including the 1.124 multiplier, would constitute about 24.7% of a "constructive common fund" in this case, which would be comprised of the $24 million Damages Fund, the approximately $12.2 million cost of injunctive relief, the $15,000 service awards, $12,258,003.53 attorney's fees, and $1,199,148.87 costs. *See In re Bluetooth*, 654 F.3d at 945 (calculating an analogous percentage-of-recovery using a "constructive common fund"). This result of 24.7% of the total recovery is below the 25% benchmark percentage and confirms that the requested $12,258,003.53 in attorney's fees is a reasonable amount. *See id.* at 945 ("If the lodestar amount overcompensates the attorneys according to the 25% benchmark standard, then a second look to evaluate the reasonableness of the hours worked and rates claimed is appropriate.") (quoting *In re Coordinated Pretrial Proceedings*, 109 F.3d 602, 607 (9th Cir.1997)).

Accordingly, based on the factors considered above and the applicable law, the Court finds that a lodestar multiplier of 1.124 is reasonable and justified.

### 4. Total Attorney's Fees

The Court finds that Plaintiffs are entitled to a lodestar of $10,907,891.50 and a multiplier of 1.124. Accordingly, the Court GRANTS Plaintiffs' full requested amount of $12,258,003.53 in attorney's fees.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for final approval of the proposed class action settlement, GRANTS Plaintiffs' motion for service awards, and GRANTS

14

Case No. 16-CV-07013-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS; AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

Plaintiffs' motion for attorneys' fees, costs, and expenses as follows:

- $15,000 in service awards, comprised of $5,000 for each of three class representatives: Abdul Nevarez, Priscilla Nevarez, and Sebastian DeFrancesco;

- $12,258,003.53 in attorneys' fees to Class Counsel; and

- $1,199,148.87 in costs and expenses to Class Counsel.

**IT IS SO ORDERED.**

Dated: July 23, 2020

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No. 16-CV-07013-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING
MOTION FOR SERVICE AWARDS; AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND
EXPENSES