UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL NEVAREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORTY NINERS FOOTBALL COMPANY, LLC, et al., <br><br> Defendants. | Case No. 16-cv-07013-HSG <br><br> **ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION** <br><br> Re: Dkt. No. 454 |

Pending before the Court is the application for good faith settlement determination filed by Third-Party Defendant, Turner/Devcon, a Joint Venture ("TDJV"). Dkt. No. 454 ("Mot."). TDJV seeks approval of a settlement agreement under which it agrees to pay $6,000,000 and provide additional construction work on Levi's Stadium in exchange for a bar on any additional claims for equitable indemnity or contribution. *Id*. at 2. For the reasons below, the Court **GRANTS** the motion for good faith settlement determination.

## I. BACKGROUND

The current parties to this indemnification action are the Forty Niners Football Company, LLC and related entities, who own and operate Levi's Stadium, and TDJV, the contractor who built Levi's Stadium. The underlying case was a putative class action lawsuit filed by Plaintiffs Abdul Nevarez, Priscilla Nevarez, and Sebastian Defrancesco (collectively "Plaintiffs") against the Forty Niners Football Company, LLC, and six other defendants (collectively "Defendants").[1]

---

[1] Plaintiffs filed their complaint against Forty Niners Football Company, LLC, a Delaware Limited Liability Company; Forty Niners SC Stadium Company, LLC, a Delaware Limited Liability Company; National Football League; City of Santa Clara; Santa Clara Stadium Authority; Ticketmaster Entertainment, Inc.; and Forty Niners Stadium Management Company, LLC.  *See* Dkt. No. 78.

Dkt. No. 78 ¶ 1. Plaintiffs alleged that the configuration of Levi's Stadium and its related facilities, and their ticketing policies, deny full and equal access to individuals with mobility disabilities and to their companions, in violation of Titles II and III of the Americans with Disabilities Act of 1990, and California's Unruh Civil Rights Act. *Id.* ¶ 3.

Five Defendants ("Third-Party Plaintiffs") subsequently filed a third-party complaint against TDJV, the general contractor for Levi's Stadium. Dkt. Nos. 107 ¶ 12, 454 at 7. That complaint alleged equitable and express contract indemnity and requested: 1) a determination of TDJV's negligence or fault, 2) monetary relief for the cost of the suit, 3) attorneys' fees, and 4) any other relief deemed proper by the court. Mot. at 6. After settling the underlying case with Plaintiffs, the parties then negotiated a settlement of the Third Party Complaint. *Id.* Under that agreement, TDJV will pay Third-Party Plaintiffs $6,000,000 and conduct additional construction work in Levi's Stadium. *Id.* The Settlement Agreement is conditioned on this Court's finding that it was in made in "good faith" pursuant to California Code of Civil Procedure Section 877.6. *Id.* § 2.1.

## II.   DISCUSSION

TDJV requests an order determining that the Settlement Agreement was made in good faith pursuant to California Code of Civil Procedure Section 877.6. Mot. at 17.

Section 877.6 authorizes a court to determine whether a settlement between the plaintiff and one or more defendants was made in good faith in an action in which it is alleged that "two or more parties are joint tortfeasors or co-obligors on a contract debt[.]" Cal. Civ. Proc. Code § 877.6. "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the setting tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c).

The California Supreme Court has explained that a settlement is made in "good faith" if it is "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries," taking into account the facts and circumstances of the particular case. *See Tech-Bilt, Inc. v. Woodward-Clyde Associates*, 38 Cal. 3d 488, 499 (1985).

2

When determining whether a settlement has been entered into in good faith, a court considers the following factors: (1) a rough approximation of the plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) a recognition that a settlor should pay less in settlement than if found liable after a trial; (4) the allocation of the settlement proceeds among plaintiffs; (5) the settlor's financial condition and insurance policy limits, if any; and (6) evidence of any collusion, fraud, or tortious conduct between the settlor and the plaintiffs aimed at making the non-settling parties pay more than their fair share. *Id.*

  Having considered the relevant *Tech-Bilt* factors, the Court finds that the proposed Settlement was entered into in good faith pursuant to Section 877.6 for the following reasons. First, although the burden of proof lies with the party who asserts lack of good faith, *see* Cal. Civ. Proc. Code § 877.6(d), here no party disputes that the agreement between TDJV and Third-Party Plaintiffs was made in good faith.[2] Moreover, the amount TDJV has agreed to compensate Third-Party Plaintiffs is "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt*, 38 Cal. 3d at 499. TDJV agreed to pay Third-Party Plaintiffs six million dollars ($6,000,000), and also agreed to perform and/or manage one million dollars ($1,000,000) of work remediating the alleged construction-related barriers at Levi's Stadium. *See* SA §§ 1.1-1.2. At minimum, the Court finds that this amount is not so far "out of the ballpark" as to be inconsistent with the equitable objectives of Section 877.6. *Tech-Bilt*, 38 Cal. 3d at 499-500. And finally, the Court is aware of no evidence of collusion, fraud, or tortious conduct between the parties in this case.

//

---

[2] Non-party HNTB California Architects, Inc. f/k/a Howard, Needles, Tammen & Bergenhoff California Architects, P.C. ("HNTB") filed a "Limited Opposition" in response to TDJV's motion. Dkt. No. 455. There, HNTB says that it does not object to TDJV's motion "[s]o long as the Court's approval of the proposed settlement is conditioned on TDJV's compliance" with TDJV's prior representation that it will "forbear from bringing suit or seeking recovery from HNTB, the project architect." *Id.* (citing Mot. at 6). The Court finds HNTB's addendum unnecessary. As TDJV persuasively argues, the Limited Opposition (a) does not challenge the good faith nature of the Settlement Agreement; and (b) seeks unnecessary confirmation of an undisputed matter that is already squarely addressed by the Settlement Agreement itself. *See* Dkt. No. 457; *see also* SA § 1.3 ("TDJV and its SUBCONTRACTORS covenant not to sue HNTB or any subconsultant of HNTB on any claim that it has or could have asserted in the ACTION or otherwise in connection with the PROJECT.").

3

The Court accordingly **GRANTS** the motion for good faith settlement determination. This Order **TERMINATES** Docket Nos. 456 and 466.

**IT IS SO ORDERED.**

Dated: 2/10/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge