Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark T. Johnson (SBN 76904)
mjohnson@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100; (415) 421-7105 (Fax)

Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
Katharine L. Fisher (SBN 305413)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Adam B. Wolf (SBN 215914)
awolf@peifferwolf.com
Catherine Cabalo (SBN 248198)
ccabalo@peifferwolf.com
PEIFFER WOLF CARR KANE CONWAY & WISE
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
(415) 766-3592; (415) 402-0058 (Fax)

*Attorneys for Plaintiffs and the Certified Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ, on behalf of themselves and all others similarly situated, and SEBASTIAN DEFRANCESCO,<br><br>Plaintiffs,<br><br>vs.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.: 4:16-cv-07013-HSG<br><br>**STIPULATION OF DISMISSAL AND ORDER**<br><br>Dept:     Courtroom 8<br>Before:  Hon. Haywood S. Gilliam |

1  **THIS STIPULATION** is hereby entered into by and between Plaintiffs Abdul Nevarez, Priscilla Nevarez, and Plaintiff Sebastian DeFrancesco on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"); Defendants Forty Niners Football Company LLC, Forty Niners SC Stadium Company LLC, Forty Niners Stadium Management Company LLC (collectively, the "Forty Niners"), the City of Santa Clara, and the Santa Clara Stadium Authority (collectively, "Santa Clara"); and Third-Party Defendant Turner Devcon, Joint Venture (collectively, the "Parties"), by and through their respective counsel of record, as follows:

**WHEREAS**, on July 23, 2020, the Court, the Honorable Lucy H. Koh presiding, issued an order granting final approval of the Plaintiffs' and Defendants' settlement in this case (ECF No. 416, "Final Approval Order") in which the Court directed the Parties to implement the Settlement Agreement (submitted at ECF No. 375-2) according to its terms and provisions;

**WHEREAS**, the Court's Final Approval Order dismissed this Action "on the merits and with prejudice as to the Released Claims, without fees or costs to any Party except as otherwise provided in the Court's Order on Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs and Expenses, and the Settlement Agreement," *see* ECF No. 416 at 7:21-24 (paragraph 15);

**WHEREAS**, the Final Approval Order also provided that "[i]n accordance with the terms of the Settlement Agreement, the Court shall maintain continuing jurisdiction over Plaintiffs, the Class Members, Defendants, and the Settlement Agreement throughout the term of the Settlement Agreement, for the purpose of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and this Order, through the term of the Settlement Agreement. In that regard, any challenges to the Settlement Agreement's terms or implementation, whether under state or federal law, shall be subject to the exclusive and continuing jurisdiction of this Court." *See id.* at 7:14-20 (paragraph 14);

**WHEREAS**, the Court entered judgment and ordered the case closed on July 23, 2020 (ECF No. 417), but subsequently vacated the judgment in light of the pending third-party complaint filed by Defendants against Third-Party Defendant Turner/Devcon, *see* ECF No. 420;

**WHEREAS**, the Court held a Case Management Conference on February 8, 2022;

|   |   |
|---|---|
| 1 | **WHEREAS**, the Court directed the parties "to meet and confer to determine whether the case |
| 2 | can be closed while the parties implement the settlement agreement" and, if the Parties reach |
| 3 | agreement, to file by February 22, 2022 "a stipulated dismissal that clarifies that the Court retains |
| 4 | jurisdiction over any disputes arising out of the implementation of the settlement agreement" (ECF No. |
| 5 | 473); |
| 6 | **WHEREAS**, Defendants and Third-Party Defendants entered into a settlement conditioned |
| 7 | upon said settlement being found in good faith. |
| 8 | **WHEREAS**, on February 10, 2022, this Court granted Third-Party Defendant's motion for |
| 9 | good faith settlement determination; |
| 10 | **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the |
| 11 | undersigned that: |

1. Pursuant to Federal Rules of Civil Procedure 23(e), the Court shall dismiss this case with prejudice and close the case.

2. In accordance with the terms of the Settlement Agreement, the Court shall maintain continuing jurisdiction over Plaintiffs, the Class Members, Defendants, and the Settlement Agreement throughout the term of the Settlement Agreement, for the purpose of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and the Court's Orders, through the term of the Settlement Agreement including, but not limited to, entering orders pursuant to stipulation or considering any motions for modifications to the Settlement Agreement including, but not limited to, modifications regarding deadlines for completion of Defendants' remediation efforts. In that regard, any challenges to the Settlement Agreement's terms or implementation, whether under state or federal law, shall be subject to the exclusive and continuing jurisdiction of this Court.

3. The court further retains jurisdiction over the settlement between Defendants and Third-Party Defendant for the sole purpose of enforcing said settlement if necessary.

**It is so stipulated.**

Dated: February 22, 2022               Respectfully submitted,

                                       GOLDSTEIN, BORGEN, DARDARIAN & HO


                                       /s/ Andrew P. Lee
                                       Andrew P. Lee

                                       Attorneys for Plaintiffs and the Certified Classes

Dated: February 22, 2022               RANKIN, SHUEY, RANUCCI, MINTZ, LAMPASONA & REYNOLDS


                                       /s/ Maria Lampasona
                                       Maria Lampasona

                                       Attorneys for Defendants
                                       FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY, LLC, FORTY NINERS STADIUM MANAGEMENT COMPANY, LLC, CITY OF SANTA CLARA, SANTA CLARA STADIUM AUTHORITY

Dated: February 22, 2022               O'HARA CREECH LLP

                                       /s/ Randall C. Creech
                                       Randall C. Creech

                                       Attorneys for Third Party Defendant
                                       TURNER/DEVCON, a JOINT VENTURE


## SIGNATURE ATTESTATION

The e-filing attorney hereby attests that concurrence in the content of the document and authorization to file the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-file document.

Dated: February 22, 2022               /s/ Andrew P. Lee
                                       Andrew P. Lee

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2  Dated: 2/23/2022

_____
Hon. Haywood S. Gilliam, Jr.
United States District Judge